## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON L. PERKINS | : | |
| PLAINTIFF, | : | CIVIL ACTION NO. |
| | : | 3:07-cv-967 (JCH) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE CO. | : | FEBRUARY 11, 2009 |
| DEFENDANT. | : | |

## RULING RE: DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S RULE 23 STATE LAW CLASS ALLEGATIONS (DOC. NO. 61 & 64)

## I.    INTRODUCTION

Plaintiff, Sharon Perkins, brings this action against defendant, Southern New England Telephone Company ("SNET"), on behalf of herself and a class of similarly situated employees alleging that she was not paid for overtime work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and Connecticut General Statutes §§ 31-60(a) and 31-76(c).  See Amended Complaint (Doc. No. 51).  SNET moves the court to dismiss and/or strike Perkins's Rule 23 state law class allegations pled as part of her state law claim for unpaid overtime wages.  For the following reasons, the court DENIES SNET's motion.

## II.    FACTS[1]

Perkins has worked for SNET since 1980.  Am. Comp. at ¶ 20.  Her job title is "Manager Construction and Engineering." Id. at ¶ 21.  This position is classified by

---

[1] The allegations of the Amended Complaint, which the court must accept as true at this stage, reveal the following facts

SNET as a "Level One" position.  Id.  Perkins claims that she and other similarly situated Level One employees "have routinely and consistently worked in excess of a forty hour work week . . . ."  Id. at ¶ 44.  She further claims she and other similarly situated employees have not been paid for hours worked in excess of forty hours per week in violation of the FLSA and Connecticut General Statutes §§ 31-60(a) and 31-76(c).

Perkins brings this action on behalf of herself and a class of similarly situated SNET employees pursuant to FLSA § 216(b) and Federal Rule of Civil Procedure 23. Perkins alleges that the class consists of approximately two hundred individuals.  Id. at ¶ 50.  The class is made up of other "Level One" employees bearing job titles of "no less than 'Manager, Network Services,' 'Manager Construction and Engineering,' and 'Administrative Manager Construction Engineering.'"  Id. at ¶ 61.

SNET contends that Perkins' class action claims should be dismissed and/or stricken on the basis that the class action procedures in Rule 23 irreconcilably conflict with section 216(b) of the FLSA.

## III.    STANDARD OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the complaint as true and construes them in a manner favorable to the plaintiff.  Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).  The court must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States,  319 F.3d 550,

554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

In deciding a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations omitted). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-5 (2007).

## IV.   DISCUSSION

Section 216(b) of the FLSA expressly provides that an action to recover unpaid overtime may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b). However, this section expressly limits the scope of such actions by providing that, "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.  In other words, the FLSA only allows individuals who affirmatively opt-in to be a part of the lawsuit.

Perkins also intends to pursue a parallel claim for overtime wages under Connecticut General Statutes §§ 31-60(a) and 31-76(c) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Under Rule 23, each individual within

the class description is considered to be a member of the class and is "bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit." Neary v. Metro. Prop. and Casualty Ins. Co., 472 F.Supp.2d 247, 250 (D. Conn. 2007).

SNET makes various arguments in support of its contention that the state law class action claims should be dismissed.  First, SNET contends that this tension, between the FLSA's opt-in feature and Rule 23's opt-out requirement, warrants a dismissal of the state law claims in a situation, as here, where the "state wage and hours laws are identical or nearly identical to the FLSA" because Perkins should not be permitted to "thwart Congress' intent by using Rule 23 to get around the FLSA's opt-in requirement."  Def.'s Rep. at 2.  Second, SNET objects to the court's adjudication of the overtime claims of absent class members who do not consent to join this action but who would become part of the class as a result of Rule 23.  Def's Rep. at 2.

While the Second Circuit has never resolved this conflict, many district courts in this Circuit and across the country have addressed motions to dismiss by employers on the same grounds raised here.  See e.g., Gardner v. Western Beef Properties, Inc., 2008 U.S. Dist. LEXIS 47027 *3 (E.D.N.Y 2008).  In fact, both SNET and Perkins cite substantial case law supporting each of their positions.

As noted by the court in Ramsey v. Ryan Beck & Co., "there are two lines of analysis in resolving cases where a plaintiff simultaneously pursues a FLSA collective action and a Rule 23 state-law class action in federal court."  2007 U.S. Dist LEXIS 56129 *5 (E.D.Pa. 2007).  While the Ramsey court was speaking directly in terms of caselaw within the Third Circuit, this court's research revealed the same patterns nationwide.  Some courts have addressed the conflict as simply an issue of

incompatibility and a thwarting of Congress' intent.  Other courts have analyzed the

conflict as related to a question of supplemental jurisdiction.

Those courts that have analyzed the issue solely on incompatibility have come

out both ways.  Some court have found that the two class claims cannot coexists

because to allow a Rule 23 opt-out class would undermine Congress' intent in create

the FLSA opt-in provision.  See, e.g., Otto v. Pocono Health Sys., 457 F.Supp.2d 522

(E.D. Pa 2006); Moeck v. Gray Supply Corp., 2006 U.S. Dist LEXIS 511 (D.N.J.

2006)(stating "to circumvent the opt-in requirements and bring unnamed parties into

federal court by calling upon sate statutes similar to the FLSA would undermine

Congress' intent to limit these types of claims to collective actions.")(same); Herring v.

Hewitt Assocs., 2006 U.S. Dist. LEXIS 56189 (D.N.J. 2006).  Other courts have allowed

the two actions to coexist and have explicitly rejected the argument that the

incompatibility of the two provisions bars the state action.  See, e.g., Guzman v. VLM

Inc., 2008 U.S. Dist LEXIS 15821 (E.D.N.Y 2008)(stating "there is no reason that

FLSA's collective action procedure is incompatible with maintaining a state law class

action over the same conduct."); Westerfield v. Washington Mutual Bank, 2007 U.S.

Dist. LEXIS 54830*7 (E.D.N.Y. 2007)("cases which cite only to the theory of inherent

incompatibility are simply wrongly decided under an imaginary legal doctrine"); Torres v.

Gristede's Operating Group, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. 2006)(certifying

both the FLSA action and the class action for violation of New York labor law without

discussing supplemental jurisdiction issues); Scott v. Aetna Servs., 2002 U.S. Dist.

LEXIS 18750 (D. Conn. 2002)(allowing state law claims of potential class members who

were not included in the FLSA action).

Other courts have analyzed the conflict under "the rubric of supplemental jurisdiction." Ramsey, 2007 U.S. Dist LEXIS at *7. Under this line of analysis, courts determine whether it is appropriate to exercise supplemental jurisdiction over the Rule 23 class action. As with the first line of analysis, courts are split on this issue. See, e.g., DeAsencio v. Tyson Foods, Inc., 342 F.3d 301, 312 (3d Cir. 2003)(finding district court abused its discretion in exercising supplemental jurisdiction over state law class claims because the size of the class was too big and the state law claims involved different legal issues than FLSA claims); Neary, 472 F.Supp. 2d at 251-3 (recognizing the incompatibility between section 216(b) and Rule 23, but ultimately declined to exercise supplemental jurisdiction because the state law class claims, involving all fifty states, predominated over the FLSA claim.); but see Goldman v. RadioShack Corp., 2003 U.S. Dist. LEXIS 7611 (E.D. Pa 2003)(citing efficiency concerns in deciding to exercise supplemental jurisdiction over class claim for violation of Pennsylvania wage and hour statute.) SNET does not challenge this court's exercise of supplemental jurisdiction of the state law claims; thus, this court will not engage in this analysis.[2]

The court will now turn to SNET's arguments regarding incompatibility and Congressional intent. Indeed, there is an undisputed conflict between Rule 23 and

---

[2] It bears noting that the issue of supplemental jurisdiction may arise when Perkins files her motion for class certification. See Jones v. Ford Motor Credit Co, 358 F.3d 205, 215 n 9 (2d Cir. 2004)("the question of whether supplemental jurisdiction has been properly assumed is one which remains throughout the litigation, and the analysis should be undertaken when the district court is best positioned to determine how the exercise of jurisdiction will affect the case has a whole.")(internal citation and quotations omitted). The court could, after considering the Rule 23 factors, find that the exercise of supplemental jurisdiction is not appropriate in this case. For example, the class, represented in the Amended Complaint as 200 potential individuals could, for one reason or another, grow in size. In that instance, the court has the discretion to find that too big a state class claim could "substantially predominate" over the FLSA claim. 28 U.S.C. 1367(c); see, e.g., Neary, 472 F.Supp. 2d at 251-3.

section 216(b). However, despite the fact that this court has recognized that a FLSA collection action and a Rule 23 opt-out class are irreconcilable, Vogel v American Kiosk Mgmt., 371 F.Supp.2d 122, 127 (D. Conn. 2005), it is persuaded by the opinions of several courts in this circuit and across the country that have determined that the two actions can coexists.[3] See supra at 5. Though SNET argues that to allow the two class actions to coexists would thwart Congress' intent, this court does not know of any authority that allows it to dismiss or strike the class claim on these grounds. Nor does SNET cite to any such rule of law.

In reaching this conclusion, this court is particularly persuaded by the Gardner decision. 2008 U.S. Dist Lexis 47027. The Gardner court was presented with similar facts: plaintiff's state and federal claims rested on identical factual allegations and analogous state and federal overtime claims. Id. at *2. Though the court was "sensitive to the tension between" Rule 23 and section 216(b), id. at *2, it declined to rule that the "FLSA collection action may never coexist with a Rule 23" certified class. Id. at *3. Though SNET is not arguing for such a sweeping proposition, see infra at 8, it does ask the court to find that the irreconcilable differences between the FLSA and Rule 23 warrant dismissal of Perkins' state law class allegations. See Def.'s Mem. in Supp. at 7-17. After noting that federal courts in New York allowed the two to coexist, despite the alleged incompatibility, the Gardner court noted that "inherent compatibility

---

[3] It bears noting that in Vogel, this court did not address the same issue presented here. The issue presented in Vogel was whether a plaintiff, after withdrawing her state claims, could represent class members who had not opted into the FLSA collective action. 317 F.Supp. 2d 127-8. The court determined that the plaintiff could not represent those who did not opt-in. Id. The court did not address whether a state class claim could coexist with an FLSA collective action.

is not a doctrine or rule of law." Id. at *4-5. (internal citations and quotations omitted). This court agrees. While it is sensitive to Congress' intent in enacting section 216(b), it knows of no rule of law that provides it must dismiss state class allegations based on "incompatibility" with parallel federal claims.

Similarly, the court finds unpersuasive SNET's contention that it should not adjudicate those overtime claims of class members who do not consent to the FLSA action, but who would automatically become a part of the state law class action. In Lindsay v. Gov't Emplys Ins. Co., the District of Columbia Circuit reversed the district court for doing precisely that. In Lindsay, the district court had dismissed those class members who did not opt-in to the FLSA but wanted to proceed under the state law class claims. 448 F.3d 416 (D.C. Cir. 2006). In declining to certify those that had not opted-in under the FLSA, the district court in Lindsay concluded that "it would be inappropriate to exercise jurisdiction over plaintiffs who have not affirmatively opted into a federal action." Id. at 420. It consequently decided to exercise supplemental jurisdiction over only the state law claims of those that had opted-in under the FLSA. Id. The Circuit court in Lindsay found that the district court mistakenly relied on section 1367(a) in declining to exercise supplemental jurisdiction because the FLSA did not "expressly provide" that supplemental jurisdiction was prohibited.[4] Id. at 421-2. Accordingly, the Lindsay circuit court overturned the district court's decision to dismiss those members that had not opted-in. Id. at 424. Though Lindsay was decided on

---

[4] In remanding the case, the Lindsay Court also rejected the possibility that "the difference between the opt-in procedure provided by section 216(b) for FLSA claims and the opt-out procedure for state law claims provided by Rule 23" would fit into the "exceptional circumstances/other compelling reasons language of section 1367(a)." 448 F.3d at 425.

jurisdictional grounds and SNET is not pursuing dismissal on these grounds, the circuit

nevertheless recognized the difference between the federal and state class procedural

requirements and did not find that the contrasting requirements justified a dismissal of

the state claims of those individuals that did not affirmatively opt-in to the FLSA action.

Id. ("While there is unquestionably a difference--indeed, an opposite requirement--

between opt-in and opt-out procedures, we doubt that a mere procedural difference can

curtail section 1367's jurisdictional sweep.")(emphasis in original).

  SNET is asking this court to take essentially the same action that the Lindsay

circuit court rejected, though it claims the basis for its request is slightly different.

Rather than dismiss the action on jurisdictional grounds, SNET requests that the state

class claims of those who do not opt-in to the FLSA collective action should be

dismissed because the opt-in and opt-out requirements are incompatible.  This court

finds that there is no basis in law to do so and therefore declines to dismiss the state

class claims on those grounds.

  Accordingly, this court is not persuaded by SNET's arguments that the conflict

between Rule 23 and 216(b) requires the dismissal of the state class allegations.  As

such, it denies SNET's Motion to Dismiss.

  SNET makes various other arguments regarding the merits of Perkins' Rule 23

class claims.[5]  However, because this is a motion to dismiss or strike and there is no

motion for certification pending, the court need not reach SNET's arguments addressed

---

[5] These arguments for dismissal include a claim that the Rule 23 class, as applied, is
unascertainable, a claim that Perkins cannot show that the class action is superior to other methods of
adjudication, and a claim that it should be dismissed because Perkins' action seeks primarily money
damages and the statutes under which she proceeds do not authorize the award of injunctive or
declaratory relief.  See Def.'s Mem. in Supp. at 1.

to the particular requirements of Rule 23.

**V.    CONCLUSION**

For the foregoing reasons, SNET's Motion to Dismiss and/or Strike Plaintiff's

Rule 23 State Law Class Allegations (Doc. Nos. 61 & 64) is DENIED.


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 11th day of February, 2009.


_____    /s/ Janet C. Hall_____
                                         Janet C. Hall
                                         United States District Judge

10