UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON L. PERKINS, et al., | : | |
|     Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:07-cv-967 (JCH) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE CO., | : | NOVEMBER 4, 2009 |
|     Defendant. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR RELATION BACK OF NEW NAMED PLAINTIFFS' FLSA CLAIMS IN REPRESENTATIVE CAPACITY (Doc. No. 142)**

**I.     INTRODUCTION**

Plaintiff, Sharon Perkins, brought this action against defendant, Southern New England Telephone Company ("SNET"),[1] on behalf of herself and a class of similarly situated employees alleging that she was not paid for overtime work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and Connecticut General Statutes §§ 31-60(a) and 31-76(c). See Amended Complaint (Doc. No. 51). On March 2, 2009, Perkins again amended her complaint, adding Michael Blasko, Joseph Kiely, Michael McDermott, and Kelly Werbinski as named plaintiffs. See Second Amended Complaint (Doc. No. 118). At the direction of the court, plaintiffs filed a motion under Federal Rule of Civil Procedure 15(c) for relation back of the newly-named-plaintiffs' FLSA claims in a representative capacity. See Pl.'s Mot. for Relation Back ("Pl.'s Mot.") (Doc. No. 142). For the reasons that follow, the court grants plaintiffs' motion with respect to relation

---

[1] Perkins originally filed her action against AT&T, but substituted SNET as the proper defendant in an Amended Complaint. See Compl. (Doc. No. 1); Am. Compl. (Doc. No. 51).

1

back and denies it with respect to equitable tolling.

## II.   BACKGROUND

Sharon Perkins filed her initial complaint in this action, on behalf of herself and "a class of employees," against AT&T in June 2007, alleging overtime pay violations of both federal and state law by the defendant.  See Compl. at 1. (Doc. No. 1).  Perkins sought a collective action under section 216 of FLSA and a Rule 23 class action for the state law violations. In September 2007, SNET moved to intervene in the litigation.  See Mot. To Intervene (Doc. No. 16).  Perkins moved this court to substitute SNET as the defendant, which Motion was granted in April 2008.  See Pl.'s Mot. to Substitute Party Def. (Doc. No. 48); Order (Doc. No. 50).  On May 7, 2008, Perkins filed an Amended Complaint on behalf of herself and a class of "similarly situated persons who are employed or were formerly employed by SNET," alleging overtime pay violations by SNET.  See Am. Compl. at ¶¶ 2-5.

On May 28, 2008, forty SNET employees, including named plaintiffs Kiely, McDermott and Werbinski, filed their consent forms opting into the FLSA collective action, as is required by 29 U.S.C. § 256.  See Not. of Filing of Consent to Join Forms (Docs. No. 57-60).  On July 18, 2008, fifteen additional SNET employees, including named plaintiff Blasko, filed their consent forms with the court.  See Not. of Consent to Join Forms (Doc. No. 77).  Between July and December 2008, both parties conducted discovery, and SNET deposed twenty employees who were taking part in the suit, including Perkins and the other named plaintiffs.  See Pl.'s Mot. at 8-10.  Perkins filed her consent form with the court on May 1, 2009.  See Not. of Consent to Join Forms (Doc. No. 140).

SNET filed a Motion to Dismiss Perkins' state law claims on the grounds that the opt-out procedure for Rule 23 class actions was incompatible with the opt-in procedure of FLSA collective actions. See Mot. to Dismiss (Doc. No. 61); Mot. to Strike Pl.'s State Law Class Allegations (Doc. No. 64). On February 11, 2009, this court denied SNET's Motion to Dismiss. See Ruling (Doc. No. 111). On March 2, Perkins filed the Second Amended Complaint, which added Blasko, Kiely, McDermott, and Werbinski as named plaintiffs and clarified the definition of the class. See Second Am. Compl. (Doc. No. 118).

SNET opposed the filing of the Second Amended Complaint, arguing that they were prejudiced by the addition of the four newly named plaintiffs. See Def.'s Opp. to Permitting Pl. to File Proposed Second Am. Compl. at 7-8 (Doc. No. 123). On March 25, 2009, this court allowed plaintiffs' Second Amended Complaint to remain pending. However, in order to address the impact of the addition of the four newly named plaintiffs, the court directed plaintiffs to file a motion to permit relation back with respect to the FLSA claims. See Minute Entry (Doc. No. 134). Additionally, the court allowed SNET to re-depose Blasko, Kiely, McDermott, and Werbinski in light of their addition to the action as class representatives. See id.

Plaintiffs filed this Motion for Relation Back on May 6, 2009. See Pl.'s Mot. for Relation Back (Doc. No. 142). In it, plaintiffs also seeks to apply equitable tolling to the consent forms filed after July 14, 2008. See id. at 23-24.

## III.  DISCUSSION

### A.  Relation Back

Rule 15(c) states that an amendment of a pleading relates back to the date of

the original pleading when:

> (2) the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied, and, within the period provided for by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
>
>> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
>>
>> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Fed. R. Civ. P. 15 (c). The Federal Rules of Civil Procedure do not expressly provide for relation back of an amendment that adds new plaintiffs, but the Advisory Committee Notes state that "the attitude taken in . . . Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." Fed. R. Civ. P. 15 advisory committee's notes.

In general, courts find relation back to be proper where the adverse party "viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question." 6A Wright & Miller, Federal Practice & Procedure, § 1497. Relation back to add plaintiffs is appropriate where "the status of the original plaintiff and a liberal reading of the complaint apprise defendant of the existence of the additional plaintiff's existence and claims, or . . . if the defendant has had actual notice that additional parties might assert claims arising out of the

4

transaction or occurrence at issue." See Andujar v. Rogowski, 113 F.R.D. 151, 154 (S.D.N.Y. 1986); see also Sokolski v. Trans Union Corp., 178 F.R.D. 393, 398 (E.D.N.Y. 1998).

      1.     "Original Pleading"and Consent Forms

Section 256 of title 29 of the United States Code states:

> In determining when an action is commenced for the purposes of [determining the statute of limitations under FLSA], an action . . . shall be considered to be commenced on the date when the complaint is filed; except in the case of a collective or class action instituted [under FLSA], it shall be considered to be commenced in the case of any individual claimant –
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. In this case, the original Complaint was filed in June 2007. Plaintiffs Kiely, McDermott, and Werbinski filed their consent forms on May 28, 2008. Blasko filed his consent form on July 18, 2008, and Perkins filed her consent form on May 1, 2009.[2]

---

[2] Plaintiffs argue that Perkins' May 1, 2009 consent form was "a redundancy," because "[a] named plaintiff's written consent to join her own action need not take any particular form," and Perkins submitted a Declaration in support of the Motion for Class Certification on March 2, 2009. See Pl.'s Mot. for Relation Back at 8 n.4.

However, while a consent form need not take any specific form, courts have generally accepted irregular consent forms where the signed document verifies the complaint, indicates a desire to have legal action taken to protect the party's rights, or states a desire to become a party plaintiff. See Ketchum v. City of Vallejo, 2007 U.S. Dist. LEXIS 94325, at *7-*9 (E.D. Cal. Dec. 10, 2007) (describing cases where courts accepted irregular "consent form"). Perkins' Declaration does none of those things – it merely describes her duties and her experiences as a First Level Manager for SNET. See Declaration of Sharon L. Perkins in Support of Plaintiff's Motion for Class Certification and Conditional Collective Action Certification ("Perkins Decl."), Ex. G to Declaration of Steven G. Wittels (Doc. No. 122). The closest Perkins comes to indicating her interest in acting as a party plaintiff or stating that she wishes to protect her rights is to state that, as part of her severance package, she inserted a provision stating that she "did not release any claims relating to unpaid overtime wages which are the subject of this litigation." Id. at ¶

In their Motion, plaintiffs originally argue that the representative claims of the newly-named-plaintiffs relate back to the dates they filed their individual consent forms. See Pl.'s Mot. at 21-23. Defendants argue that plaintiffs cannot seek relation back to the consent forms because a consent form is not an "original pleading," nor has it been amended by the Second Amended Complaint under the meaning of Rule 15(c). See Def.'s Opp. at 4-5.

The Second Amended Complaint does not amend plaintiffs' consent forms, and thus, based on the plain language of the Rule, it cannot relate back to those documents, regardless of whether they are "original pleadings." However, the Second Amended Complaint obviously amends both the original Complaint and the Amended Complaint, so either of these pleadings could be the "original pleading." In their Reply, plaintiffs argue that the addition of newly named plaintiffs as representatives for the FLSA action should relate back to the original Complaint, although their individual statute of limitations would not toll until their own consent forms were filed.[3] See Pl.'s Reply at 5 (Doc. No. 163).

The language of section 256(b) clearly contemplates a situation in which a named plaintiff does not file the consent form until after the complaint is filed. Therefore, although each plaintiff's individual FLSA claims did not commence until the date that their consent form was filed with the court, the newly added parties can act as named plaintiffs prior to the filing of their consent forms. Because section 256(b)

---

40. Perkins' Declaration is insufficient to demonstrate her desire to take part in this action as a plaintiff, and thus it cannot stand in as her consent form.

[3] Plaintiffs acknowledge that this is contrary to the arguments they made in their original Motion. See Pl.'s Reply at 5 n.10.

6

makes it clear that the filing of consent forms can be independent of the filing of a complaint, whether the newly-named-plaintiffs' representative status can relate back is a separate issue from when their individual claims begin to run. Therefore, the newly added parties may act as representatives of the collective action prior to the filing of their individual consent forms.

Additionally, SNET questions the validity of all consent forms filed prior to the addition of the newly named plaintiffs on March 25, 2009. See Def.'s Opp. at 12. However, this court reads section 256(b) to say that the action for an individual not named in the complaint commences on the day their own individual consent is filed with the court, regardless of whether the named plaintiff's consent form has been filed or not. See Kuhn v. Philadelphia Elec. Co., 487 F. Supp. 974, 976 (E.D.Pa. 1980)("Although § 256 may not be a model of grammatical clarity, we believe that the language 'such written consent' in subparagraph b refers in the second instance to the consent of the individual claimant whose action is under consideration, regardless of whether that individual is or is not a named plaintiff. Therefore, in the case of claimants not named in the complaint who filed their individual consents after the complaint was filed, the . . . action would commence as of the date on which they filed their consents."); see also Soler v. G & U, Inc., 103 F.R.D. 69, 75-76 (S.D.N.Y. 1984)("[A]s to each individual claimant, the . . . claims will relate back to the date on which his or her consent to sue form was filed with the court and not to the date on which the original complaint was filed."). Therefore, even though Perkins' individual consent form was not filed until May 1, 2009, other opt-in plaintiffs' claims commence on the dates he or she filed his or her own consent form.

### 2. Notice and Prejudice

When the amendment changes the name of the party, Rule 15(c)(1)(C) requires that the defendant have received "such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits. . . ." Fed. R. Civ. P. 15(c)(1)(C)(i). Additionally, the Rule states that relation back shall not be permitted in the case of a change in party unless the party to be brought in by amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

SNET argues that Perkins' proposed amendment is improper because "late addition of the new named plaintiffs did not result from a 'mistake' concerning their identities, which would also be required by Rule 15(c)(1)(C)." See Def.'s Opp. at 8. However, several district courts in the Second Circuit have rejected the mistake requirement when amendments seek to add new plaintiffs. See, e.g., S. African Apartheid Litig. v. Daimler AG, 617 F. Supp. 2d 228, 290 (S.D.N.Y. 2009); In re Gilat Satellite Networks, Ltd., 2005 U.S. Dist. LEXIS 41996, at *78-79 (E.D.N.Y. Sept. 19, 2005); In re Simon II Litig., 211 F.R.D. 86, 145 (E.D.N.Y. 2002) ("[The mistake] provision, by its express language, appears not to be relevant when adding a plaintiff."). This court agrees that the language of Rule 15(c)(1)(C)(ii) is not applicable when plaintiffs, not defendants, are added and proceeds to address the notice requirement.

The notice requirement of Rule 15(c)(1)(C) is not overly burdensome. The Second Circuit has held that, "The pertinent inquiry, in this respect, is whether the original complaint gave the defendant fair notice of the newly alleged claims." Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir. 1998); see also 6A Wright & Miller,

Federal Practice & Procedure § 1501 ("As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a statute of limitations defense.").

Both the original Complaint and the Amended Complaint allege that Perkins is asserting a collective action under FLSA on behalf of herself and a class of "similarly situated" SNET employees. Surely SNET was on notice that other parties might be added to the action. Additionally, SNET has certainly "prepared to defend" against a FLSA collective action. Further, this court allowed SNET to re-depose the newly named plaintiffs once they were added to the Complaint. Thus, its ability to defend the case was not prejudicially affected. Therefore, the court finds that SNET had fair notice that parties may be added and will not be prejudiced in maintaining a defense.

The court acknowledges that SNET was not named as a defendant until Perkins filed the Amended Complaint in May 2008. However, SNET was aware of the action from the start. It first made an appearance in September 2007, less than three months after the original Complaint was filed, when it made a Motion for Intervention. See Mot. for Intervention (Doc. No. 16). This Motion was filed before any proceedings had taken place. Thus, SNET clearly had "fair notice" of the original Complaint, when it was first filed. Therefore, the court concludes that the "original pleading" to which the Second Amended Complaint relates back is the Complaint filed on June 21, 2007.

### 3. Same Conduct, Transaction or Occurrence

In order for an amendment to relate back, the claims asserted in it must arise "out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed.

R. Civ. P. 15(c)(1)(B).  The Second Circuit has held that where "no new cause of action is alleged . . . this Court liberally grants relation back under Rule 15(c)." Stevelman v. Alias Research Inc., 174 F.3d 79, 87 (2d Cir. 1999); see also 131 Main St. Assocs. v. Manko, 897 F. Supp. 1507, 1521 (S.D.N.Y. 1995)(allowing relation back where "the added plaintiffs' claims in this case are identical to those of the original plaintiffs").  The Second Amended Complaint alleges no new causes of action: it merely adds in newly named plaintiffs alleging the same violations of FLSA.

All that the case law in the Second Circuit requires under Rule 15(c)(1)(B) is that "the basic claim must have arisen out of the conduct set forth in the original pleading." See Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d Cir. 2006) (internal quotations and citations omitted). The Complaint alleges a collective action on behalf of a class of SNET employees who have been denied overtime pay in violation of FLSA.  The Second Amended Complaint does the same, only adding newly named plaintiffs.  Therefore, the court finds that the claims in the Second Amended Complaint arise out of the same conduct, transaction, or occurrence as those set forth in the original pleading.

Because this court finds that SNET had fair notice of the claims raised by the newly named plaintiffs, that the addition of the new plaintiffs is not prejudicial to SNET's defense, and that the claims raised in the Second Amended Complaint arise out of the same conduct set forth in the original pleading, the court holds that the representative FLSA claims of Blasko, Kiely, McDermott, and Werbinski relate back to the filing of the Complaint.  Their individual claims date to the filing of their consent form.

B.  Equitable Tolling

Plaintiffs ask the court to apply equitable tolling of the statute of limitations of the individual claims of plaintiffs who filed consent forms after the July 14, 2008 Scheduling Order issued by the court.  See Pl.'s Mot. at 23-24.  In that Order, the court directed Perkins to file the Second Amended Complaint and class certification motions within 14 days after its decision on SNET's Motion to Dismiss.  See Minute Entry (Doc. No. 76). Plaintiffs argue that because the court directed Perkins to "put [her] class motion on hold pending the court's determination of another motion," the intervening time period should be tolled.  See Pl.'s Reply at 9.

The court sees no reason to toll the statute of limitations for individual claims. The representative claims in the Second Amended Complaint will relate back to the filing of the original Complaint.  See supra at 10.  For the purposes of FLSA collective actions, individual claims begin to run on the date that the consent form is filed with the court.  See supra at 6-7.  The court did not direct the plaintiffs to refrain from filing individual consent forms during the period prior to this court's Ruling on the Motion to Dismiss, and in fact, numerous consent forms were filed between July 14, 2008, and March 2, 2009, when the Second Amended Complaint and this Motion were filed.  See, e.g., Notices of Consent to Join Forms (Docs. No. 77, 92, 96, 97, 101, 106, 110). Because plaintiffs were clearly not prevented from filing consent forms, which commence each individual's claims, and because the statute of limitations for such claims are separate from the representative claims in the Second Amended Complaint (which will relate back), the court does not equitably toll the statute of limitations for individual claims filed between July 14, 2008 and March 2, 2009.

11

Additionally, "[e]quitable tolling is only appropriate in rare and exceptional circumstances . . . ." Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008). These rare circumstances include if "the employee was actively misled by [her] employer," or if she "was prevented in some extraordinary way from exercising [her] rights." Id. (quoting Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985)).

Though the concept of equitable tolling is grounded in the notion that a statute of limitations should not run against a plaintiff who lacks actual knowledge of the facts that comprise her cause of action, the statute of limitations period is generally not tolled "pending the employee's realization that the conduct was discriminatory." Cerbone v. Int'l Ladies' Garment Workers' Union, 768 F.2d 45, 48-49 (2d Cir. 1985) (quoting Miller, 755 F.2d at 24). For equitable tolling to apply, ordinarily the "employer's misleading conduct [must be] responsible for the employee's unawareness of [her] cause of action." Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 60 (2d Cir. 1986).

Plaintiffs have alleged no instances in which parties, whose consent forms were filed after July 14, 2008, were prevented from exercising their rights "in some extraordinary way," nor have they shown that SNET's "misleading conduct" prevented potential class members from becoming aware of their cause of action. In fact, SNET notes that the plaintiffs held a meeting attended by twenty to thirty potential class members to discuss the lawsuit in September 2008 – indicating that SNET was not preventing potential class members from learning about the lawsuit. See Def.'s Opp. at 20. Because the plaintiffs have not demonstrated that the "rare and extraordinary circumstances" in which equitable tolling is appropriate apply, this court denies their request to equitably toll the statute of limitations for all consent forms filed after July 14,

2008.

### IV.     CONCLUSION

For the reasons stated herein, plaintiff's Motion For Relation Back of New Named Plaintiffs' FLSA Claims in Representative Capacity is **GRANTED** with respect to the relation back of the newly-named-plaintiffs' representative claims to the filing of the original Complaint and **DENIED** with respect to the request for equitable tolling.

**SO ORDERED**.

Dated this 4th day of November, 2009, at Bridgeport, Connecticut.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge