UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br><br>Individually and on Behalf of Others Similarly Situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>SOUTHERN NEW ENGLAND TELEPHONE COMPANY,<br><br>DEFENDANT. | No: 3:07CV967 (JCH)<br><br>PLAINTIFFS' AND DEFENDANT'S SECOND SUPPLEMENTAL RULE 26(f) REPORT |

**PLAINTIFFS' AND DEFENDANT'S SECOND SUPPLEMENTAL RULE 26(f) REPORT REGARDING MERITS DISCOVERY AND CASE MANAGEMENT DEADLINES**

Since the parties' separate submissions of proposed supplemental Rule 26(f) reports on January 27, 2010, the parties have met and conferred multiple times in an effort to propose a joint discovery plan which streamlines merits discovery and case management deadlines. Although the parties have been unable to reach agreement on all aspects of a joint plan, they have reached agreement on two important aspects of case management which contemplates, that subject to the Court's approval, the class definition will be clarified and the case will be bifurcated on liability and damages. In this revised Plan, the parties describe their agreement, as well as their main differences, which center on the scope of discovery which should occur during the liability phase, so that the Court

1

can determine how it wishes to proceed.

**Summary of Case Status**

In compliance with the Court's Order granting class and collective action certification, Plaintiffs sent out Notice to potential class members based upon a list provided by SNET of names and addresses of persons employed by SNET as first-level managers in Connecticut in six specific job titles at any time from June 2004 to the present. The Notice required that potential Level One class members decide whether they wished to be part of the collective action by sending Election forms postmarked by February 10, 2010. Since that date, Plaintiffs have filed 56 post-notice opt-ins in the Collective Action (a small number of which will be withdrawn as they do not fit the class definition). Plaintiffs represent that in total there are approximately 145-50 opt-ins in the FLSA class, and an additional 45 in the Rule 23 class.

After analyzing the titles of the FLSA and Rule 23 class members, and SNET's employment data provided by SNET after notice was sent out, Plaintiffs have determined that the pertinent class of Level One opt-ins shares two common titles: Manager Network Services, and Manager Construction and Engineering. Accordingly, in order to streamline the case for trial, Plaintiffs will stipulate with Defendant's consent that, subject to the Court's approval, the current class definition both under the FLSA and under Rule 23 should be clarified to include only Level One Mangers in these two titles who have Technicians assigned to them.[1]

---

[1] The Class encompasses only those Level One employees in two titles (Manager Network Services and Manager Construction and Engineering) who were assigned technicians with specific bargaining unit titles as follows: Network Delivery Technician, Network Deployment Technician, Installation and Repair Technician, Outside Plant Technician, Premises Technician, Service Delivery Technician, Service Delivery

2

This stipulation will moot the parties' prior-filed joint Stipulation and Joint Motion for Order Regarding Class Notice on January 15, 2010.  The Court previously stated that it would consider this motion at a later time, however, because the parties do not contemplate a need for further notice (except for remailing to a limited number of undeliverable addresses, if updated addresses can be found), this motion should now be considered withdrawn.

### Proposed Bifurcation of Liability and Damages

In order to achieve judicial economy and in accord with applicable Second Circuit precedent, the Parties have agreed to a trial plan which bifurcates the liability and damages phases of this case.  Under the parties' plan, discovery and trial of the Liability issues would be held prior to discovery and trial of the Damages issue.   Each party proposes its own schedules for the Liability Phase as set forth below – which is dependent on the additional discovery that is authorized by the Court).  Also set forth below is a summary of the parties' disputes as to how the Liability Phase should proceed.

### Liability Phase 1 Pre-Trial Plan Deadlines

A. **Completion of non-expert liability discovery**:

**Plaintiffs' Proposal:**  June 30, 2010 (if only limited additional written discovery is permitted, as requested by Plaintiffs)

**Defendant's Proposal:**   August 31, 2010 (if additional depositions are authorized, as requested by Defendant)

B. **Scope of non-expert liability discovery:**

The parties disagree as to the scope of non-expert liability discovery, as follows:

---

Technician-Business.  Any opt-in plaintiffs who do not meet this definition will be excluded from the action.  Plaintiffs estimate that a very small number (approximately ten current opt-ins) do not met the applicable class definition.

3

i. **Plaintiffs' proposal:**

Plaintiffs do not believe that, under the Court's class certification decision and pertinent case law, SNET should be permitted to depose any additional plaintiffs beyond the 22 named and opt-in plaintiffs already deposed. If depositions are so limited, Plaintiffs do not propose to take additional depositions of Defendant. Instead, the parties will complete targeted written discovery .

ii. **Defendant's proposal**:

Defendant does not agree with plaintiffs' limitation on further depositions. Defendant seeks to take up to 35 additional depositions of opt-ins and absent class members. Depositions will be limited to approximately four hours, so that two can be taken in the same day. The parties will also pursue targeted written discovery.

B. **Liability Expert Discovery**

Neither side currently contemplates calling an expert witness with respect to the liability phase of the trial. The parties agree to meet and confer no later than the end of fact discovery to confirm whether expert testimony will be provided. If not, the parties will proceed with the dispositive motion and trial schedule set forth below. If one or both parties decide to use expert testimony, initial reports and designations will be due no later than 30 days from the close of fact discovery, with rebuttal reports and designations due 30 days thereafter and all expert discovery to be completed within 60 days of the initial expert designation.

C. **Dispositive motions:**

If the parties decide not to use experts in the liability phase, then dispositive motions can be filed 45 days from the close of fact discovery. If experts are used, then dispositive motions would be filed within 15 days of the close of expert discovery.

D. **Liability Trial:**

To begin within 60 days after a ruling on dispositive motions, or if none are filed, 90 days from the completion of all discovery – subject to Court schedule.

E. **Phase 2 Damages:**

If necessary, to be scheduled after summary judgment or liability trial verdict in favor of plaintiff-class.

DATED: April 5, 2010

Respectfully submitted,

/s/ Steven Wittels
Steven L. Wittels (SLW-8110)
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of Americas, 26th Floor
New York, NY 10019
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
*Lead Counsel for Plaintiffs and the Class*

Edmond Clark (CT 22396)
83 Scotland Ave.
Madison, CT 06443
*Co-Counsel for Plaintiffs and the Class*

/s/Patrick W. Shea
By: Patrick W. Shea (CT07071)
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
*Counsel for Defendant Southern New England Telephone Company*