UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., <br><br> Individually and on Behalf of Others Similarly Situated, <br><br> PLAINTIFFS, <br><br> v. <br><br> SOUTHERN NEW ENGLAND TELEPHONE COMPANY, <br><br> DEFENDANT. | No: 3:07CV967 (JCH) <br><br> PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS |

Pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure, Class Representatives Sharon L. Perkins, Michael J. Blasko, Joseph E. Kiely, Michael C. McDermott, and Kelly Werbinski, individually and on behalf of others similarly situated ("Plaintiffs"), by and through undersigned counsel, respectfully move this Court to compel Southern New England Telephone Company ("SNET" or "Defendant") to produce (i) all documents it has withheld on impermissible grounds and (ii) a log of all documents withheld under claim of privilege.

Specifically, as described herein, Plaintiffs request that Defendant produce documents responsive to Request numbers 6, 8, 12, 14, 15, 16, 19, 20, 22, 24, 26, 27, 33, 34, 35, and 36 of Plaintiffs' Sixth Set of Requests for Production of Documents (hereinafter the "Requests," attached hereto as Exhibit A).

**FACTUAL BACKGROUND**

Plaintiffs' motion arises from a dispute over Plaintiffs' Requests, served on Defendant on January 29, 2010. SNET submitted its Objections and Responses to

Plaintiffs' Requests on April 2, 2010 (hereinafter the "Objections," attached hereto as Exhibit B). Plaintiffs counsel and SNET have conferred at length regarding these Objections, narrowed the areas in dispute, and SNET has begun its production. While there may be some room for further discussions on a few points, the parties concur that Plaintiffs should file their motion to compel by the Court-ordered April 19 deadline to preserve their rights. The parties will immediately inform the Court if this motion is affected by any subsequent agreement of the parties.

On April 6, 2010, this Court ordered Plaintiffs to file a motion to compel based on Plaintiffs' Requests, if necessary, by April 19, 2010. On April 13 and 14, 2010, the parties held conference calls to meet and confer regarding Plaintiffs' Requests and Defendant's Objections. At the conclusion of these calls, counsel for Defendant agreed to send Plaintiffs' counsel a letter revising Defendant's Objections. While Defendant's April 15, 2010 letter (attached hereto as Exhibit C) resolved some of the parties' discovery disputes, Defendant maintains several improper objections.

## ARGUMENT
## SNET SHOULD BE COMPELLED TO PRODUCE WITHHELD DOCUMENTS

**I.      Legal Standard**

The scope of discovery in federal civil actions is broad. Fed. R. Civ. P. 26(b)(1). A party may seek discovery of "any non-privileged matter that is relevant to any party's claim or defense." *Id.* A party is not limited to seeking only admissible evidence but rather may seek all information "reasonably calculated to lead to discovery of admissible evidence." *Id.* The United States Supreme Court has stated that relevant material, under Federal Rule of Civil Procedure 26, includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

*Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). Furthermore, Rule 34 allows parties to request documents or electronically stored information.

## II. Plaintiffs' Specific Requests

Defendants have improperly objected to the following Requests, all of which seek non-privileged documents and information that are relevant and discoverable.

### A. Request No. 6

Plaintiffs requested: "All records and documents, including but not limited to policies, manuals, memos, emails, and other correspondence, demonstrating when the position known as 'Construction Supervisor,' 'Construction Foreman,' 'Assistant Supervisor,' 'Assistant Foreman,' and/or 'straw boss' was discontinued, eliminated, and/or reclassified." (Ex. A)

Defendant must respond to this Request because the positions listed in Request No. 6 were classified as non-exempt and were later eliminated. A number of class members previously held these positions and are now classified as exempt First Level Managers. Plaintiff Kelly Werbinski submitted a declaration to this Court in connection with the class motion noting that he held the non-exempt position of "straw boss" before becoming an exempt First Level Manager. Mr. Werbinski indicated that he performed similar work in both positions. Plaintiffs' Request is narrowly tailored and does not request privileged information.

### B. Request No. 8

Plaintiffs requested: "All records indicating the times First Level Managers with direct reports logged into and/or out of their work computers from June 2004 to the present, including remote login on the VPN system." (Ex. A)

3

Defendant must respond to this Request because computer log-in information is central to Plaintiffs' claims regarding overtime. Plaintiffs have adequately restricted the Request to documents reflecting the times when First Level Managers logged into and/or out of their work computers during the relevant time period. This information is necessary to corroborate Plaintiffs' testimony regarding their work hours. Request No. 8 seeks information of significant probative value, which a jury should be allowed to evaluate. Furthermore, Plaintiffs' statistician expert, Dr. Richard Drogin, needs to evaluate information regarding work log-in times, considered contemporaneous time-stamped data, to properly assess hours worked by Plaintiffs. (*See* Decl. of Dr. Richard Drogin, submitted with Plaintiffs' simultaneously followed protective order motion) While SNET argues that remote log-in data lacks relevance because it does not necessarily establish that someone worked the entire time he or she was logged in, this does not affect the admissibility of the evidence; it is important corroboration that class members worked at off-hours, on weekends, and at all hours of the night.

### C. Request No. 12

Plaintiffs requested: "All extended hours reports, logs, form, and other documents from June 2004 to the present indicating that First Level Managers with direct reports performed extended hours." (Ex. A) Defendant SNET has represented that it does not know what "extended hours" are and will produce certain categories of documents it believes are responsive. SNET should produce all documents related to the performance of extended hours beyond normal working hours, including in extended effort, emergency, or crisis situations.

### D. Request No. 14

4

Plaintiffs requested: "All night logs from the CSRAB, DFCC, and similar systems or databases from June 2004 to the present indicating calls made to Level One Managers and their direct reports." (Ex. A)

Defendant cannot rely on its semantic argument that CSRAB and DFCC are not systems or databases (Exs. B, C) to withhold the requested information. Defendant must produce all information regarding night logs because this information may contain probative corroborating evidence to Plaintiffs' testimony regarding hours worked. Furthermore, Dr. Drogin need this information regarding night logs to properly assess hours worked by Plaintiffs. (Decl. of Dr. Richard Drogin)

### E. Request No. 15

Plaintiffs requested: "All 'work plans for management' dated or in effect from June 2004 to the present." (Ex. A)   SNET should produce these policy-type documents which convey expectations and other important information related to class members' jobs. Plaintiffs will further confer with SNET regarding this request.

### F. Request No. 16

Plaintiffs requested: "All work cell phone records for Level One Managers with direct reports from June 2004 to present." (Ex. A)

Defendant must respond to this Request because the records of activity on Level Ones' work cell phones provide probative evidence regarding their work hours. These records demonstrate that First Levels customarily make work calls at all hours of the night and on weekends. This information is necessary to corroborate Plaintiffs' testimony regarding their work hours. Request No. 16 seeks information of significant probative value, which a jury should be allowed to evaluate. Furthermore, Dr. Drogin

5

also needs to asses this information regarding Level One Managers' phone activity, considered contemporaneous time-stamped data, to properly assess hours worked by Plaintiffs.  (Decl. of Dr. Richard Drogin)  Finally, Defendant SNET has easy access to this data since, as the phone company, it is the primary custodian of these records.

### G. Request No. 19

Plaintiffs requested: "All emails to or from Level One Managers with direct reports from June 2004 to the present, including but not limited to all opt-in plaintiffs in this action." (Ex. A)

Defendant must produce the requested emails because they are likely to contain information regarding Plaintiffs' job duties and responsibilities, authority as managers, and hours worked.  Furthermore, Dr. Drogin has identified the importance of these emails – which are considered contemporaneous time-stamped data, and are needed to properly assess hours worked by Plaintiffs.  (Decl. of Dr. Richard Drogin)  In the alternative, Plaintiffs are willing to work with Defendant to reach accord on reasonable search terms to apply to emails to and from Level One Managers.

Defendant's objection that production of the requested emails would be unduly burdensome and expensive is unconvincing, as countless lawsuits have involved considerable email productions, and Rule 34 specifically contemplates the production of electronic data.  *Ryan v. Paychex, Inc.*, 2010 U.S. Dist. LEXIS 25529, at *2-3 (D.Conn. Mar. 18, 2010) (ordering Defendant to produce all emails regarding Plaintiff's employment); *Doe v. Norwalk Cmty. Coll*, 248 F.R.D. 372, 377 (D.Conn. 2007) (noting that "any documents, including e-mails and hard drives, related to [Defendant] could potentially be relevant to future litigation).  Certainly a large corporate Defendant such as

SNET has the necessary technical support to produce the requested emails.

### H. Request No. 20

Plaintiffs requested: "All folders and documents which SNET has copied or taken from First Level Managers' computers from June 2007 to the present."

Defendant's counsel has already informed Plaintiffs' counsel that SNET has imaged some of the computers' hard drives used by First Level Managers, but the company refuses to produce these files. Plaintiffs have reason to believe that numerous opt-in plaintiffs were targeted for intimidation, in which they were told that their computer files were being copied because of their involvement in the lawsuit. Plaintiffs should be able to view the information obtained from their computers in order to determine what the company has done with the class members' computers. Files copied from First Level Managers' hard drives also contain important information regarding Plaintiffs' job duties and responsibilities, authority as managers, and hours worked.

### I. Request No. 22

Plaintiffs requested: "All records and data from the Dashboard system or other similar programs and databases with information concerning all First Level Managers with direct reports from 2004 to the present, including but not limited to information regarding their training and productivity." (Ex. A)

These systems are populated with important information such as web forms, demonstrating class members' duties on a day-to-day basis as well as the training, instruction, and other materials they receive. Defendant SNET seeks produce documents and information regarding only how these systems operate but not the valuable font of internal content.

**J.  Request No. 24**

Plaintiffs requested: "All documents from MSOC reports or other similar programs which detailed a day in the life of a First Level Manager from 2004 to the present." (Ex. A)

Although Defendant has agreed to produce day in the life survey responses from "SNET employees in the relevant job titles," (Ex. C) Defendant must also produce all documents *given to* all First Level Managers regarding "day in the life" activities. Defendant must also produce all MSOC reports detailing the daily or hourly responsibilities of First Level Managers.  These documents are necessary to assess Plaintiff's job responsibilities and the expectations of their employer regarding their duties, responsibilities, and hours.

**K.  Request No. 26**

Plaintiffs requested: "All Quarterly Inventory reports for CPE Equipment or other similar documents written by Level One Managers with direct reports from 2004 to the present." (Ex. A)  These documents are relevant to the class members' duties and responsibilities.  Plaintiffs will further confer with SNET regarding their production.

**L.  Request No. 27**

Plaintiffs requested: "All records and data from the Q-Instant Messenger of all Level One Managers with direct reports from 2004 to the present, including but not limited to all opt-in plaintiffs to this action." (Ex. A)

Defendant must respond to this request because Level One Managers used Q-Instant Messenger for work purposes, and records showing Q-Instant Messenger activity provide probative evidence regarding work hours.  This information is necessary to

8

corroborate Plaintiffs' testimony regarding their work hours. Request No. 27 seeks information of significant probative value, which a jury should be allowed to evaluate. Furthermore, Dr. Drogin must obtain information regarding Level One Managers' Q-Instant Messenger activity, considered contemporaneous time-stamped data, to properly assess hours worked by Plaintiffs. (Decl. of Dr. Richard Drogin)

### M. Request Nos. 33-36

Plaintiffs request in Requests Nos. 33 through 36 information regarding the change in status of First Level Managers, with and without direct reports, from non-exempt to exempt and from exempt to non-exempt from 1990 to the present. Defendant has stated that there are no responsive documents for First Level Managers in the positions "covered by the revised class definition," and has objected to producing any responsive information regarding other First Level Managers. (Ex. C)

Plaintiffs are entitled to discovery regarding the reclassification of all First Level Managers, including but not limited to straw bosses and planning engineers, because such information is relevant to the factors Defendant considered when classifying certain positions as exempt or non-exempt from overtime compensation. These documents are plainly relevant for comparison purposes.

### CONCLUSION

Plaintiffs respectfully request that this Court grant their Motion to Compel and issue an Order compelling Defendants to produce all documents and information responsive to Plaintiffs' discovery requests enumerated above.

Dated: April 19, 2010                             /s/ Steven L. Wittels

Steven Wittels, (SLW-8110)
Jeremy Heisler, (JH-0145)
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

David W. Sanford
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

Edmond Clark
**Law Office of Edmond Clark**
83 Scotland Avenue
Madison, CT 06443-2501
Telephone: (203) 245-4602
Fax: (203) 245-9734
eclarkmadisonlaw@aol.com

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via ECF this 19th day of April, 2010 upon the following counsel of record:

**David J. Vegliante**
Southern New England Telephone Co
310 Orange St., 8th Fl.
New Haven, CT 06510
203-771-8818
Fax: 203-771-6577
Email: dv1793@att.com

**Patrick Shea**
Paul Hastings
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
212-318-6405
Fax: 212-752-2542
Email: patrickshea@paulhastings.com

*Attorneys for Defendant*


___/s/ Steven L Wittels_____
        Steven L. Wittels