UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SHARON L. PERKINS, et al.** | : | **CIVIL ACTION NO.** |
| | : | **3:07CV967 (JCH)** |
| *Plaintiffs*, | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SOUTHERN NEW ENGLAND** | : | |
| **TELEPHONE COMPANY** | : | |
| | : | **April 19, 2010** |
| *Defendant*, | : | |

**DECLARATION OF STEVEN WITTELS IN SUPPORT OF PLAINTIFFS' MOTION
FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

Steven Wittels states as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      As lead counsel for Plaintiffs and the class, I have personal knowledge of all matters set forth in this declaration.

2.      I make this declaration in support of Plaintiffs' Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c), in response to Defendant SNET's (i) Interrogatories and (ii) Document Requests which were served on all 150 members of the opt-in class on April 2, 2010.

3.      On or about April 2, 2010, SNET served Interrogatories and Requests for the Production of Documents on all then 157 members of the opt-in class.  A copy of the Interrogatories, containing ten interrogatories to be answered by each individual plaintiff in the class, is attached hereto as **Exhibit A**.  A copy of the Requests for the Production of Documents, containing thirteen requests for documents to be answered by each individual plaintiff in the

1

class, is attached hereto as **Exhibit B**.

4. The Interrogatories and Requests for the Production of Documents seek detailed discovery from each opt-in plaintiff on numerous matters. For example, SNET seeks (a) information concerning the number of hours worked each day during the plaintiff's employment with SNET from June 1, 2004 through the time of trial, and (b) any work schedules or time sheets that reflect the number of hours worked or the activities performed during that time.

5. On April 5, 2010, I sent a letter to the Court in which I asked the Court to limit SNET's discovery of individual class members.

6. Following the Court's approval of the parties' stipulation clarifying the class definition, there are currently 149 opt-in plaintiffs in this action.

7. Based on the current number of 149 opt-in plaintiffs, each having to answer ten interrogatories and thirteen requests for the production of documents, Plaintiffs' counsel will have to prepare more than 3,400 responses.

8. Preparing these responses will be extremely time-consuming, costly, and unduly burdensome. Moreover, the probative value of individual discovery of every opt-in class member will be minimal – especially given the fact class and collective actions proceed on representative evidence and other common proof, as well as the Court's previous determination that the class members are "similarly situated" with substantially uniform duties and authority.

9. Instead of allowing SNET to conduct individual discovery of every class member, Plaintiffs propose that SNET be permitted to seek written discovery from a random sample of class members as described in the Declaration of Richard Drogin. Damage calculations for each class member may be derived from the sample evidence – common practice in similar cases.

10. I have extensively conferred with counsel for SNET, Patrick Shea, regarding

these issues both prior and subsequent to the April 5 status conference and Your Honor's Order regarding discovery and case scheduling. Despite our efforts, we have as yet been unable to reach agreement. Mr. Shea has stated that SNET is opposed to the idea of statistical sampling on principle, stating that it would be unfair to calculate the class members' damages based upon an average work week, and that individualized assessments of the plaintiffs' hours are required. Furthermore, Mr. Shea represents that SNET's expert believes that a sample size of 108-132 would be required for statistical significance, virtually obviating the efficiency benefit of sampling.

      11.    As explained more fully in Plaintiffs' Memorandum of Law and the Declaration of Richard Drogin, individualized discovery is improper and usually prohibited in FLSA collective actions. SNET's interrogatories are unduly burdensome, and the information sought by SNET is more appropriately obtained from Plaintiffs on a representative basis through written discovery of a sample of class members. Plaintiffs have conferred with Defendant's counsel multiple times by phone and could not reach an agreement about SNET's discovery requests, and therefore Plaintiffs request that the Court issue a protective order.

I declare penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding.

Dated: April 19, 2010

                                        By: _____/s/ Steven Wittels_____

                                                Steven L. Wittels
                                                Federal Bar No.: SW-8110
                                                **SANFORD, WITTELS, AND HEISLER, LLP**
                                                1350 Avenue of the Americas, 31st Floor
                                                New York, NY 10019
                                                Telephone:  (646) 723-2947

>Facsimile: (646) 723-2948
>Email: <u>swittels@nydclaw.com</u>
>*Lead Counsel for Plaintiffs and the Class*