**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHARON L. PERKINS, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:07-cv-967 (JCH) |
| v. | : | |
| | : | |
| SOUTHERN NEW ENGLAND | : | |
| TELEPHONE CO., | : | MAY 21, 2010 |
| Defendant. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (Doc. No. 255)**

On May 19, 2010, this court held a motion hearing on plaintiffs' Motion to Compel (Doc. No. 254) and Motion for a Protective Order (Doc. No. 255). At that hearing, the court granted in part and denied in part the Motion to Compel. See Minute Entry for May 19, 2010 Proceeding (Doc. No. 263). The court also granted in part and denied in part the Motion for a Protective Order, but took under advisement the issue of whether defendant, Southern New England Telephone Co. ("SNET"), could take depositions from persons who are members of the Rule 23 class but not the FLSA class. The court's other rulings on the Motion for a Protective Order at the hearing stand.

In the Motion for a Protective Order, plaintiffs asked the court to issue an order preventing SNET from selecting persons who are only in the Rule 23 class and not the FLSA opt-in class ("the absent class members") for depositions. See Pl.'s Mot. for Protective Order at 11. Defendants, who have not yet selected their 28 deponents, argued for the right to include some absent class members in that group. See Def.'s Opp. to Pl.'s Mot. for Protective Order ("Def.'s Opp.") at 12-14 (Doc. No. 259).

To begin, SNET argued that defense counsel "made clear that Defendant intended to depose some of the Rule 23 class members" at the status conference held on April 5, 2010.  See Def.'s Opp. at 12.  However, defense counsel was not so clear:

| | |
|---|---|
| SNET: | . . . The fact of the matter is that nobody in this courtroom knows whether the 22 [class members already deposed] are representative of the 175 new people of which we have no discovery.  That's why to be able to effectively mount a defense on the merits, I need additional depositions. |
| Court: | You say the 175 additional.  Are you talking about the Rule 23 class members? |
| SNET: | I would include them in the list. I need [to] have some discovery with respect to the Rule 23 class. They are also going to have claims here. It's a very unusual class because they neither opted-in nor opted-out, meaning they are proceeding with their state law claim only which is a weaker claim than the federal claim since under the federal law there's a lower threshold in establishing the executive exemption so that's going to be a challenging issue for us. |

See Transcript of Proceedings held April 5, 2010 ("Tr.") at 26:18-27:9 (Doc. No. 253). Defense counsel merely stated he needed "some discovery" with respect to the Rule 23 class members.  It was not clear that he intended to take depositions of those members.

Discovery from absent class members is "neither prohibited nor sanctioned explicitly" by the Federal Rules.  See Krueger v. N.Y. Tel. Co., 163 F.R.D. 446, 450 (S.D.N.Y. 1995).  Courts that have allowed discovery have required the defendant to "(1) make a strong showing of the need for the particular discovery and (2) narrowly tailor its requests to its particular need, so as not to burden the absent members."  See In re Publ'n Paper Antitrust Litig., 2005 U.S. Dist. LEXIS 13681 (D. Conn. July 5, 2005). In particular, "the burden on the defendant to justify discovery of absent class members

by means of deposition is particularly heavy." See Redmond v. Moody's Inv. Serv., 1995 U.S. Dist. LEXIS 6277, at *3.

SNET has not made a strong showing of its need for this discovery. SNET stated that it wants to "explore whether these class members' decision to take no action in response to the notice of the lawsuit . . . was purposeful." See Def.'s Opp. at 13. SNET also argues that "these witnesses may give more neutral, factual testimony concerning their duties, since they have elected neither to opt into nor opt out of the action." See id. at 14. Neither of these arguments demonstrate how discovery, much less depositions, from Rule 23 class members would be necessary to SNET's case. Although SNET believes these witnesses "may" give more "neutral" testimony, that appears to be pure speculation. While SNET have an interest in hearing from the Rule 23 class members, it has not made a strong showing of its need for their testimony, and thus it has not satisfied its heavy burden. The portion of the plaintiff's Motion for a Protective Order asking the court to limit deposition discovery to opt-in plaintiffs is **GRANTED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of May, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge