UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | ) ) ) |
| Individually and on Behalf of Others Similarly Situated, | ) No: 3:07CV967 (JCH) ) ) |
| PLAINTIFFS, | ) PLAINTIFFS' ) MOTION TO COMPEL ) PRODUCTION OF DOCUMENTS |
| v. | ) #33-36 IN PLAINTIFFS' SIXTH ) REQUEST FOR DOCUMENTS |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | ) ) ) |
| DEFENDANT. | ) |

## Introduction

During the hearing of May 19, 2010, the Court asked Plaintiffs to present a short motion explaining why Defendant SNET should be compelled to produce documents responsive to demands 33-36, inclusive, in Plaintiffs' Sixth Set of Requests for Production of Documents. At the suggestion of the Court, Plaintiffs have more narrowly defined their request to cover documents on five specific job titles only. (See page 2 below). Plaintiffs have further narrowed their request and now seek documents for the period of 2004-present as opposed to 1990-present. Because Plaintiffs' narrowed requests cure the difficulties the Court mentioned at the May 19th hearing, Plaintiffs' motion to compel should be granted.

### Plaintiffs' Narrowed Document Requests Seek Information Relevant to SNET's Misclassification of First-Level Mangers

In Document Demands Nos. 33 through 36, Plaintiffs seek information regarding SNET's reclassification of First Level Managers, with and without direct reports, from nonexempt to exempt, and from exempt to non-exempt, during 2004 to the present. Plaintiffs are entitled to discovery regarding the reclassification of First Level Managers

1

who have responsibilities which overlap with the First Level positions that are at issue in this litigation. The five specific Level One positions that underwent reclassifications from exempt to non-exempt include "Straw Bosses", "Construction Supervisors", "Planning Engineers", "Safety Managers", and "MSOC coaches." Plaintiffs seek information regarding the reclassification of these positions because such information is relevant to the factors SNET considered when classifying certain positions as exempt or non-exempt from overtime compensation.

The positions of Straw Bosses, Planning Engineers, Safety Managers, and MSOC coaches all involve job duties similar to the Manager Network Services and Manager Construction & Engineering positions that are covered in this litigation. SNET eliminated the position of "Straw Boss" and replaced it with the "Construction Supervisor" position which encompasses job responsibilities resembling that of the Manager Construction & Engineering position. "Planning Engineers" also performs job duties that routinely match the work carried out by class members holding the Manager Construction & Engineering position. "Planning Engineers" are responsible for overseeing, planning, and scheduling the work orders for pending construction jobs that are completed by the technicians who directly report to the Construction & Engineering Managers.

"Safety Managers," like Planning Engineers and Straw Bosses, also perform many job duties that correspond with the duties of Manager Network Services and Manager, Construction & Engineering. Safety Managers oversee the competency requirements that have to be fulfilled by other Level One Managers and their technicians. It is then the Safety Manager's job to ensure that the competency requirements are

fulfilled.  First Level Managers similarly review competency assessments of their technicians

SNET recently reclassified the position of "MSOC Coach" from an exempt, Manager Network Services position to a non-exempt position that is no longer part of Network Services. Because First Level Managers currently use MSOC as one of their primary internal software systems, the reclassification of any position that is responsible for overseeing that system is relevant to this litigation.

All of the above positions, moreover, were at one point in time held by current class members in this litigation. Documents regarding the reclassification of these positions are relevant to this litigation because they would shed light on the factors the Defendant considered when differentiating between exempt and non-exempt positions.

## Conclusion

Plaintiffs respectfully ask this Court to grant their Motion to Compel on narrowed Document Requests Nos. 33-36.  The Court should issue an Order compelling Defendants to produce all documents and information responsive to those narrower requests.

Dated:  New York, New York  
       May 26, 2010

Respectfully submitted,  
           /s                    
Steven L. Wittels (SLW-8110)  
**SANFORD WITTELS & HEISLER, LLP**  
1350 Avenue of Americas, 31st Floor  
New York, NY 10019  
Telephone: (646) 723-2947  
Facsimile: (646) 723-2948  
*Lead Counsel for Plaintiffs and the Class*

Edmond Clark (CT 22396)  
83 Scotland Ave.  
Madison, CT 06443  
*Co-Counsel for Plaintiffs and the Class*