UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| **Individually and on Behalf of Others Similarly Situated,** | **CIVIL ACTION NO. 3:07CV967 (JCH)** |
| **PLAINTIFFS,** | |
| v. | |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

**DEFENDANT SNET'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST NUMBERS 33-36 IN PLAINTIFFS' SIXTH REQUEST FOR DOCUMENTS**

I.  **INTRODUCTION**

Plaintiffs have filed a motion to compel the production of documents regarding decisions to reclassify positions that are not at issue in this lawsuit. More specifically, Plaintiffs seek documents related to any reclassification of the positions of Straw Boss, Construction Supervisor, Planning Engineer, Safety Manager, or MSOC Coach from 2004 to the present.[1] Plaintiffs' motion as to the Straw Boss/Construction Supervisor position and the MSOC Coach position is moot, as these positions have not been reclassified. The remaining positions in no way share "similar characteristics" to the Manager, Network Services and Manager, Construction & Engineering jobs at issue in this lawsuit, and thus Plaintiffs' motion should be denied.

---

[1] Plaintiffs disregarded the Court's instruction at the May 19, 2010 hearing to disclose these five job positions to Defendant in advance and meet and confer regarding whether these job positions have "similar characteristics" to the Manager, Network Services and Manager, Construction & Engineering positions at issue in this lawsuit. See Transcript of May 19, 2010 Motion Hearing [Doc. 269], pp. 38-39.

The Manager, Network Services and Manager, Construction & Engineering positions at issue in this lawsuit are exempt from the overtime requirements of the Fair Labor Standards Act because they are "employee[s] employed in a bona fide executive capacity": (1) who are compensated on a salary basis at a rate of not less than $455 per week; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly direct[] the work of two or more other employees; and (4) who ha[ve] the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  29 CFR § 541.100.  By contrast, neither Safety Managers nor the vast majority of Planning Engineers direct the work of any other employees, nor make personnel decisions or recommendations that are given particular weight.  See Sections IV, V, *infra*.  Neither Safety Managers nor Planning Managers play *any* role in the supervision of field technicians, the employees who are supervised by the two positions at issue in this lawsuit.

II.     **STRAW BOSS/CONSTRUCTION SUPERVISOR POSITION**

There has never been an SNET title of "straw boss."  Rather, "straw boss" was an informal term used to describe the position titled "Assistant Manager, Construction & Engineering," which was renamed "Construction Supervisor."  See Declaration of John Buxton ("Buxton Decl."), attached hereto as Exhibit A, ¶ 3.  The "Assistant Manager, Construction & Engineering" and "Construction Supervisor" positions were classified as non-exempt, and neither was reclassified at any time since 2004.  Buxton Decl., ¶ 4.  The "Construction Supervisor" position was eliminated in 2008.  Buxton Decl., ¶ 4.  Therefore, there are no

responsive documents to Plaintiffs' request, and the motion to compel production of these documents is moot.[2]

### III. MSOC COACH

"MSOC" is the Management Systems and Operating Controls proprietary program developed by AT&T. The MSOC Coach position has been exempt since its creation in 2008; it has not been reclassified at any time. See Declaration of Steve Gemmell ("Gemmell Decl."), attached hereto as Exhibit B, ¶¶ 3, 4. Therefore, there are no responsive documents to Plaintiffs' request, and the motion to compel production of these documents is moot.[3]

### IV. PLANNING ENGINEERS

Although Plaintiffs did not meet and confer with Defendant prior to filing this Motion, Defendant presumes that Plaintiffs' reference to "Planning Engineers" relates to "wire center Planners" or "transport Planners" who hold the job title "Manager, Outside Plant Planning and Engineering Design." Declaration of John Andrasik, attached hereto as Exhibit C, ¶ 2. Although OSP Planners have been reclassified since 2004, employees in this position do not perform "job duties that routinely match the work carried out by class members holding the Manager Construction & Engineering position." (Plaintiffs' Motion at 2).

---

[2] In any event, the straw boss/Construction Supervisor position was never similar to the Manager, Construction & Engineering position when SNET had such a position. Straw boss/Construction Supervisors regularly performed actual installation, maintenance and construction work alongside the technicians with whom they worked. Such work is not performed by Managers, Construction & Engineering either at the time that the straw boss/Construction Supervisor position existed or now. Buxton Decl., ¶ 5.

[3] The MSOC Coach position is also completely dissimilar to the Manager, Construction & Engineering or Manager, Network Services position. Most importantly, MSOC Coaches do not have technicians or other employees who report to them. Deposition of opt-in Plaintiff Barry Mustaka, relevant excerpt attached hereto as Exhibit D, at p. 17.

To the contrary, planners are responsible for monitoring and managing the outside "feeder" network of cables and other facilities running from an SNET "central office" to a neighborhood "crossbox" or, sometimes, directly to a customer's premises.  Andrasik Decl., ¶ 2. Wire center Planners are assigned one or more "wire centers" (geographically-defined areas each containing an SNET central office) and monitor their wire centers' existing network capacity and forecast future service needs within their geographic assignments.  Andrasik Decl., ¶ 3. Transport Planners are responsible for issuing planning packages and monitoring fiber based "sold services," which is similar to the function performed by wire center Planners except it is fiber based.   In doing so, Planners review and analyze historical data, existing usage trends and area growth.  They conduct economic analyses to estimate the anticipated cost of new projects and to make decisions regarding technology use, network integration and expansion.  Andrasik Decl., ¶ 4.  As part of their analyses, Planners identify alternative courses of action and assess the economic impact and feasibility of each.  Andrasik Decl., ¶ 4.  Planners' job responsibilities also require them to study electronic maps and the inventory of SNET's current network; anticipate and analyze potential residential and/or business growth in the area; prepare various cost estimates, sketches and schematics for each project; make decisions with respect to the type and location of new facilities; and analyze the most cost efficient course of action for SNET, including how to deliver service at the best price for the Company.  Andrasik Decl., ¶ 5. Planners have not supervised field technicians at any time between June 2004 and present, and they play no role in hiring or firing or in recommending personnel decisions for field technicians. The vast majority of planners (15 of 17) do not supervise any SNET employees, or play any role in personnel decisions for SNET employees.  There are two Planners who currently have 2 and 4

4

Technical Assistants-ONE, who perform clerical functions for the group, reporting to them, respectively. Andrasik Decl., ¶ 6.

V.     **SAFETY MANAGERS**

Safety Managers have been reclassified from exempt to non-exempt since 2004. However, the Safety Manager position is not similar to the Manager, Network Services or Manager, Construction & Engineering position.  The duties and responsibilities of a Safety Manager are to "promote safety and safety inspections and auditing managers for proper documentation and follow through on their safety."  Deposition of opt-in Plaintiff Curtis Langner ("Langner Dep."), relevant excerpts attached hereto as Exhibit E, at p. 26).  Safety Managers are not assigned technicians (or any other employees) to supervise or manage.  Langner Dep. at p. 30.  Safety Managers conduct safety inspections of technicians in the field to make sure the technicians are "working safe," including checking equipment on the technician's truck to make sure it is working and making sure technicians are using wheel chocks, cones, signs, hard hats, vests, safety boots, safety glasses and seat belts as appropriate.  Langner Dep. at pp. 26-27, 30-31.  Safety Managers do not discipline technicians or play any other role with respect to making or recommending personnel decisions.  Langner Dep. at p. 30.

Safety Managers spend most of their time (three-and-a-half days per week) auditing Level One Managers such as the Plaintiffs and opt-ins in this case through reviewing the Manager's safety documentation, scoring the Manager's safety performance, and going over the results with the Manager.  Langner Dep. at pp. 28-29, 38-40, 68-69.  The audits are designed to ensure compliance with the Level One Managers' safety responsibilities, including work safety training for technicians and the Level One Managers' safety observations of technicians in the field. Langner Dep. at p. 124.  Safety Managers routinely review reports regarding the rates of motor vehicle and occupational accidents in the field under each Area Manager and Level One

5

Manager, such as the Plaintiffs and opt-ins in this case, as discusses those results with the Level One Manager.  Langner Dep. at pp. 38-39.

## VI. CONCLUSION

The Court ordered Plaintiffs to meet and confer with Defendant with regard to their requests for documents regarding the reclassification of any positions that Plaintiffs claim are similar to the Manager, Network Services and Manager, Construction & Engineering positions at issue in this lawsuit.  Plaintiffs have identified four distinct positions.  Two of these positions have not been reclassified since 2004, and therefore there are no documents responsive to Plaintiffs' requests.  Plaintiffs' motion should be denied with regard to the remaining two positions, which bear no resemblance to the at-issue positions.

Dated:  New York, New York  
       June 16, 2010

Respectfully submitted,

By: /s/ Patrick W. Shea  
Patrick W. Shea (CT07071)  
Paul, Hastings, Janofsky & Walker LLP  
75 East 55th Street  
New York, NY 10022  
Telephone: (212) 318-6000  
Facsimile: (212) 319-4090  
patrickshea@paulhastings.com

Leslie A. Dent (PHV 03877)  
John F. Wymer, III (PHV 03876)  
Erika L. Leonard (PHV 03875)  
Paul, Hastings, Janofsky & Walker LLP  
600 Peachtree Street, N.E., Suite 2400  
Atlanta, Georgia 30308  
Telephone: (404) 815-2400  
Facsimile: (404) 815-2424  
lesliedent@paulhastings.com  
johnwymer@paulhastings.com  
erikaleonard@paulhastings.com

Counsel for Defendant  
SOUTHERN NEW ENGLAND  
TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**  **Individually and on Behalf of Others Similarly Situated,**  **PLAINTIFFS,**  v.  **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**  **DEFENDANT.** | **CIVIL ACTION NO. 3:07CV967 (JCH)** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2010, a copy of foregoing DEFENDANT SNET'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST NUMBERS 33-36 IN PLAINTIFFS' SIXTH REQUEST FOR DOCUMENTS was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*

LEGAL_US_W # 64930711.4