UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., <br><br>Individually and on Behalf of Others Similarly Situated, <br><br>PLAINTIFFS, <br><br>v. <br><br>SOUTHERN NEW ENGLAND TELEPHONE COMPANY, <br><br>DEFENDANT. | No: 3:07CV967 (JCH) <br><br>REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS #33-36 IN PLAINTIFFS' SIXTH REQUEST FOR DOCUMENTS |

In their May 26, 2010 revised motion to compel, Plaintiffs narrowed their requests regarding the classification status of non-class positions to four specific positions: (a) Assistant Construction Supervisors ("straw bosses"); (b) MSOC Coaches; (c) Planning Engineers; and (d) Safety Managers.[1]

Defendant SNET claims that none of these positions share similar characteristics or duties with the class members' Field Manager jobs. In particular, SNET asserts that Field Managers have substantial supervisory responsibilities while the other positions do not. However – as recognized in the Court's November 2009 class certification decision – the deponents in this case have consistently testified that they are "managers" and "supervisors" only nominally; do not consider themselves management; and do not have the authority to direct the technicians' work, make managerial decisions, exercise the discretion ordinarily associated with a managerial employee, or take any personnel actions. (*See*, *e.g*., Doc. 204 at 3, 12 & n.4, 19, 21) In reality, SNET/AT&T Field

---

[1] Defendants have agreed to produce documents relating to the classification status of positions held by class members and this is not presently in dispute.

Managers are considered "one step out of the bargaining unit," act as a conduit of information between SNET management and its technicians, conduct routine safety and quality inspections using simple checklists, and perform extensive clerical tasks. At minimum, there is a disputed issue of fact and Plaintiffs should not be deprived of relevant discovery because of the company's characterization of class members' duties. If the defining factor in SNET's classification calculus is the simple fact of having direct reports, this fact would certainly be material in this case.

In actuality, Field Managers share overlapping duties or characteristics to each of the requested positions. Kelly Werbinski indicated that many of the responsibilities are similar between a "straw boss" and a Level One Manager of Construction and Engineering. "Straw bosses" assisted Level Ones with their crews of techs and helped them carry out their tasks.

As seen in the deposition of Barry Mustaka (SNET Ex. D), MSOC Coaches share the same titles as Field Managers; they are Field Managers who have been temporarily assigned to help introduce MSOC to other Level Ones. Like Field Managers, MSOC Coaches pass along information and directives from the Company; they do not formulate policies, procedures, or training materials or presentations. This position is particularly relevant to whether SNET simply classifies its employees based on title.

Planning Engineers, if anything, have far more of a bona fide administrative role than Field Managers. According to the company's Declaration (Ex. C), they perform functions such as analyzing and planning SNET's network and equipment. They also oversee work orders and scheduling. SNET indicates that two of the Planning Engineers had direct reports; it does not say whether they were treated differently in the

2

classification analysis. SNET's rationale for reclassifying Planning Engineers, but not Field Managers, as non-exempt certainly has probative value in this litigation.

Finally, Safety Managers perform some of the identical functions to Field Managers – such as safety inspections. On his safety inspections, Curtis Langner checks for many of the same things as a Field Manager – including whether a technician is wearing the appropriate safety gear on a job. (*See* SNET Ex. E) The Safety Managers' audits of Level Ones – based on company-generated numerical data – are somewhat analogous to the "evaluations" Field Managers occasionally perform on techs. (*See id.*)

In addition, SNET asserts that two of the positions were never reclassified – although the "straw boss" position was eliminated and its members made into exempt Managers of Construction and Engineering. In the most recent hearing, the Court indicated that documents pertaining to the classification status of other positions with similar characteristics to the class member titles would be probative in the case. Plaintiffs now ask the Court to compel SNET to produce any such documents that may exist within the class period.

| | |
|---|---|
| Dated: New York, New York<br>June 18, 2010 | Respectfully submitted,<br>　　　　　　/s　　　　　　<br>Steven L. Wittels (SLW-8110)<br>**SANFORD WITTELS & HEISLER, LLP**<br>1350 Avenue of Americas, 31st Floor<br>New York, NY 10019<br>Telephone: (646) 723-2947<br>Facsimile: (646) 723-2948<br>*Lead Counsel for Plaintiffs and the Class*<br><br>Edmond Clark (CT 22396)<br>83 Scotland Ave.<br>Madison, CT 06443<br>*Co-Counsel for Plaintiffs and the Class* |