UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | )<br>)<br>)<br>) No: 3:07CV967 (JCH)<br>)<br>) DECLARATION OF STEVEN L.<br>) WITTELS IN SUPPORT OF<br>) PLAINTIFFS' MOTION TO STRIKE<br>) DEFENDANT'S LIABILITY EXPERT<br>) REPORT OF KATHLEEN<br>) LUNDQUIST<br>)<br>)<br>)<br>)<br>)<br>) |

Steven L. Wittels states as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. As lead counsel for Plaintiffs and the Class, I have personal knowledge of all matters set forth in this declaration.

2. I make this declaration in support of Plaintiffs' Emergency Motion to Strike the Liability Expert Report of Dr. Kathleen Lundquist, which was served by Defendant SNET on December 3, 2010.

3. The purpose of this declaration is to set forth the facts underlying the parties' agreement not to serve liability experts on the ultimate issues in this action, and to explain how Defendant SNET violated that agreement by serving the Lundquist report.

**PARTIES AGREE TO PRESENT ONLY DAMAGES, NOT LIABILITY, EXPERTS**

4. At the conference before Your Honor on April 5, 2010, Defendant SNET agreed not to call a liability expert. Defense attorney Patrick Shea expressly stated that he did not intend

1

to call any liability expert:

> ***Honestly at this point, I cannot imagine that***.  I would see mostly a rebuttal from the plaintiff's perspective.  What the jury is going to do is hear about the individual duties from the individual themselves from the manager.  They are going to be instructed on the law by your Honor.  ***Expert testimony typically comes in at the damages phase***. (See transcript attached hereto as Ex. A)

5. Thereafter, Mr. Shea and I had multiple discussions leading to our agreement that neither side would call liability experts. In fact, Mr. Shea confirmed this agreement in an attached e-mail from this week (December 7, 2010), in which he stated:

> We agreed that neither side would call an expert to offer an opinion on whether the positions at issue in this litigation are exempt or not under the FLSA or Connecticut law. As we discussed, and as I stated to Judge Hall, that is a legal determination, and expert testimony is not taken on issues of law. (See 12/07/10 e-mail from Shea to Wittels attached hereto as Ex. B)

### PLAINTIFFS ADHERE TO AGREEMENT BY PRESENTING ONLY DAMAGES EXPERT REPORTS

6. In reliance on the parties' agreement, Plaintiffs did not disclose any liability experts at the time we served our two damages expert reports (Richard Drogin, Ph.D. and DOAR Consulting) on September 30, 2010.

7. Since September 30, 2010, when Plaintiffs served their expert damages reports, SNET has deposed both of Plaintiffs' experts, and thereafter, served their own damages report on December 3, 2010.  Simultaneous with serving the defense damages expert report, Defendants served the Lundquist liability expert report, which led to this motion.

### SNET BREACHES ITS REPRESENTATIONS BY SERVING LIABILITY REPORT

8. In direct violation of the parties' agreement, Defendant SNET served the Lundquist expert report on the ultimate issue of the Level Ones' classification status under the relevant elements of the administrative and executive exemptions.  (See Lundquist report, attached hereto as Ex. C).  At page 32, expert Lundquist states:

- Opinion 1: A SNET Level One Manager's primary duty is management.
- Opinion 2: SNET Level One Managers regularly direct the work of Technicians or other employees.
- Opinion 3: Level One Managers exercise a key role in making or influencing personnel decisions related to Technicians or other employees.
- Opinion 4: Level One Managers exercise discretion in the performance of their job.

**SNET REBUFFS PLAINTIFFS' GOOD FAITH EFFORTS TO RESOLVE THIS ISSUE**

9.  After receipt of the Lundquist report, I immediately wrote defense counsel on Monday, December 6, 2010, and demanded that SNET withdraw the report – since it violated the parties' agreement and was contrary to defense counsel's representations to the Court. (See Wittels' letter to Shea dated December 6, 2010, attached hereto as Exhibit D)

10. Mr. Shea responded to my letter by claiming the report does not "run afoul" of our prior agreement or his statements to the Court, but conceded as follows:

> We agreed that neither side would call an expert to offer an opinion on whether the positions at issue in this litigation are exempt or not under the FLSA or Connecticut law. As we discussed, and as I stated to Judge Hall, that is a legal determination, and expert testimony is not taken on issues of law. (12/07/10 Shea e-mail to Wittels attached hereto as Ex. B)

11. In compliance with the Local Rules, I further conferred with defense counsel Shea to discuss the present motions to strike Dr. Lundquist's report and to expedite the hearing of the motion. I asked whether Defendant would consent to the modifications of the Case Management Order included in the attached Proposed Order. (Ex. E)  Mr. Shea said that he would confer with his client but suggested SNET would be unlikely to agree.

**DECEMBER 31, 2010 DISCOVERY CUT-OFF AND THE NEED FOR THE REQUESTED RELIEF**

12. Because SNET would not withdraw the Lundquist report, and in light of the imminent fact and expert discovery cutoff on December 31, 2010, Plaintiffs have no alternative but to move to strike the report on an expedited basis.

13. Further, because all summary judgment motions must be filed by January 15, 2010, Plaintiffs also have no alternative but to ask the Court to amend the scheduling order so that this Motion to Strike is heard before Defendant files its anticipated summary judgment motion. Mr. Shea has informed Plaintiffs that SNET intends to move for summary judgment.

14. Plaintiffs respectfully submit that it makes no practical sense for the Court to consider a summary judgment motion that relies on the inadmissible Lundquist report. Plaintiffs respectfully request that the Court endorse the proposed Amended Scheduling Order that sets forth (i) an expedited briefing schedule for Plaintiffs' Motion to Strike the Lundquist report, and (ii) adjusted deadlines for the anticipated filing of Defendant's Motion for Summary Judgment, and discovery related to expert witnesses.

15. Should this Court deem the Lundquist report improper, then the need for Plaintiffs to submit their own liability expert report or a rebuttal report would be moot. Only if the Court decides that the Lundquist report may be served will Plaintiffs then serve a liability report under the proposed amended schedule.

16. For all of the foregoing reasons, we respectfully request that the Court hear and decide this motion on an expedited basis and sign the Proposed First Amended Scheduling Order.

## ADDITIONAL EXHIBIT

17. Attached hereto as Exhibit F is a true copy of the following article, highlighted by Plaintiffs' counsel in relevant portions: Christina G. Banks and Lloyd W. Aubry, Jr., *How to Conduct a Wage and Hour Audit for Exemptions to Overtime Laws*, 5 Benders Labor & Employment Bulletin 292 (June 2005).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 8, 2010

                                               By:     /s/ Steven Wittels

                                               Steven L. Wittels
                                               Federal Bar No.: SW-8110
                                               **SANFORD WITTELS AND HEISLER, LLP**
                                               1350 Avenue of the Americas, 31st Floor
                                               New York, NY 10019
                                               Telephone:  (646) 723-2947
                                               Facsimile: (646) 723-2948
                                               Email: swittels@swhlegal.com
                                               *Lead Counsel for Plaintiffs and the Class*