1

```
                 UNITED STATES DISTRICT COURT

                     DISTRICT OF CONNECTICUT


  SHARON L. PERKINS       )
                Plaintiff.)   NO: 3:07cv967(JCH)
                          )
  vs.                     )   April 5, 2010
                          )   2:00 p.m.
  SOUTHERN NEW ENGLAND    )
  TELEPHONE COMPANY       )
                Defendant.)

                              915 Lafayette Boulevard
                              Bridgeport, Connecticut
              HEARING

  B E F O R E:
              THE HONORABLE JANET C. HALL, U.S.D.J.

  A P P E A R A N C E S:

  For the Plaintiff   :    EDMOND CLARK
                           83 Scotland Avenue
                           P. O. Box 133
                           Madison, CT 06443

                           STEVEN WITTELS
                           ANDREW MELZER
                           Sanford, Wittels & Heisler,
                           LLP-NY
                           950 Third Avenue, 10th
                           Floor
                           New York, NY 10022

  For the Defendant        LORI ALEXANDER
                           Littler Mendelson
                           110 Washington Avenue
                           North Haven, CT  06473

                           PATRICK W. SHEA
                           Paul, Hastings, Janofsky &
                           Walker
                           75 East 55th Street
                           New York, NY 10022

  Court Reporter      :    Terri Fidanza, RPR
  Proceedings recorded by mechanical stenography.
```

Case 3:07-cv-00967-JCH   Document 289-1   Filed 12/08/10   Page 2 of 4
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 49 of 76

49

1    expert testimony to brief and proceed on summary
2    judgment.
3          THE COURT: What is it that you would think
4    about wanting expert discovery on the liability phase?
5          MR. SHEA: Honestly at this point, I cannot
6    imagine that. I would see mostly a rebuttal from the
7    plaintiff's perspective. What the jury is going to do is
8    hear about the individual duties from the individual
9    themselves from the manager. They are going to be
10   instructed on the law by your Honor. I don't see that
11   subject to the expert testimony. Expert testimony
12   typically comes in at the damages phase.
13         THE COURT: If you were to call people other
14   than those people, the plaintiff you might call, you
15   might call the supervisors or call somebody who works
16   under them to try to show they are not like everybody
17   else or show they are like everybody else, that's still
18   not expert testimony. That's fact testimony.
19         MR. SHEA: Right.
20         THE COURT: From the plaintiff's side, this idea
21   of experts may be being needed, what's your view on that?
22         MR. WITTELS: It was something we're still
23   thinking about, your Honor. Mr. Shea we do agree that it
24   depends. There are cases where experts are used and
25   cases where they are not used on liability. I can think

Case 3:07-cv-00967-JCH   Document 289-1   Filed 12/08/10   Page 3 of 4
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 58 of 76

58

```
 1   of representative employees to meet the initial burden of
 2   proof.  Once the pattern is established, the burden
 3   shifts to the employer about the existence of the
 4   violation or to prove that individual employees are
 5   exempted from pattern or practice.  That's a case Celica
 6   Brothers (ph.).  Cited by Judge Becker.  Reich versus
 7   Gateway Press from the Third Circuit.  I usually find the
 8   Third Circuit to be of sound mind unless they have to
 9   have a separate body of jurisprudence.
10            MR. SHEA:  I can tell by the name of the
11   plaintiff, that's not a FSLA opt-in.  That's secretary of
12   labor proceeding.  I think it works differently in the
13   opt-in context.
14            THE COURT:  We are way ahead of ourselves.  You
15   wanted to say something further.  Is there anything
16   further that you want to say?
17            MR. SHEA:  No.
18            THE COURT:  Is it the defendant's intention
19   after taking a number of further depositions to move to
20   de-certify?
21            MR. SHEA:  No.
22            THE COURT:  That's red herring on the
23   plaintiff's point.
24            MR. SHEA:  It is.  If a jury were to determine
25   that some individuals in the class were exempt and some
```


```
 1   were non-exempt, that would be an appropriate time to
 2   move for de-certification.
 3           THE COURT:  Post-liability motion or post-trial
 4   motion?
 5           MR. SHEA:  Correct.
 6           THE COURT:  Anything further?
 7           MR. WITTELS:  Just briefly, I don't know that I
 8   agree with Mr. Shea starting off disagreeing but that
 9   there would be individual findings this plaintiff is
10   exempt, this plaintiff is not exempt.  That's Mr. Shea's
11   argument how it is exempt.  We would ask that the jury
12   find on a collective basis or class basis.
13           THE COURT:  He said 20 minutes ago if the jury
14   finds that there isn't a class in effect, it isn't
15   representative sample, they win hands down.  If you
16   agree, then we won't have to argue about this later on
17   when this thing finally gets ready for trial.  I don't
18   know that we have to talk about that right now.  The big
19   question right now are we going to have the case trial
20   ready for trial and tried 100 percent or do it in pieces.
21   If you have anything to further to say on that subject, I
22   will be happy to hear from you.
23           MR. WITTELS:  Again although it is not
24   necessarily new in summary, I would suggest we can get to
25   a quick trial on liability without opening up discovery.
```