UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br><br>Individually and on Behalf of Others Similarly Situated,<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | CIVIL ACTION NO. 3:07CV967 (JCH) |

## DEFENDANT SNET'S OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING AND TO AMEND SCHEDULING ORDER

I.   **INTRODUCTION**

When the parties were last before the Court on the issue of scheduling, the Court could not have been clearer that the Scheduling Order would not be changed. The Court stated:

> … when I set the schedule here today, two things should be known as certainty. One, it is not changing; and two, if you want to talk about settlement at some stage, you can do it on your own time, not on my schedule, just so it is clear.

April 5, 2010 Hearing Transcript [Doc. 253] at 46.

The Court confirmed this when it entered its Scheduling Order stating, "The Court does not expect to grant any extensions to these deadlines." See, April 6, 2010 Scheduling Order [Doc. 250] at 3-4.

In defiance of this clear directive, Plaintiffs have now moved to amend the Scheduling Order in response to the expert witness disclosure of Dr. Kathleen Lundquist that was made by SNET last week. Plaintiffs seek to strike Dr. Lundquist's expert opinion on spurious grounds, while simultaneously attempting to extend indefinitely the dates for filing summary judgment

motions and completing expert discovery until after the Court rules on their motion to strike. While seeking to extend their own deadlines, Plaintiffs also attempt to greatly accelerate SNET's response to their *Daubert* motion, demanding that any opposition be filed in three business days.

Plaintiffs' Motion should be denied for the following reasons:

1)   There is no reason to extend the dispositive motion deadline.  It is entirely speculative whether Dr. Lundquist's expert report will be relied on, or even referenced, in connection with the partial summary judgment motion SNET intends to file with respect to Plaintiffs' state law claims.  If the report is referenced, Plaintiffs can always object to that evidence in the same manner that any party can object to evidence tendered in connection with a dispositive motion.  Indeed, by the time summary judgment motions are due, Plaintiffs' motion to strike Defendants' expert report should already be fully briefed pursuant to the regular schedule provided by the Local Rules.

2)   There is no reason to extend the deadline for completing discovery. Plaintiffs ask the Court to extend this deadline, so that they can have the luxury of waiting for a decision by the Court before deciding whether to attempt to call a rebuttal expert.  SNET does not believe that Plaintiffs are entitled to call a rebuttal expert under the Court's Scheduling Order, but in any event, there is no reason to extend a schedule the Court said would not be extended merely to make it more convenient for Plaintiffs to make a decision on this point.

3)   The substantive response to Plaintiffs' motion to strike should be briefed pursuant to the regular schedule provided by the Local Rules.  Under that schedule, SNET's response would be due on December 29, and Plaintiffs' reply on January 12.  The Court can then consider the motion in the regular course, including, if necessary, when addressing summary judgment or any other issue.

    4) Plaintiffs' claim that defense counsel violated either his representations to this Court or an agreement between counsel is false. Plaintiffs misleadingly cite only half of the colloquy that occurred before Your Honor on the subject of experts on April 5, 2010. The full colloquy demonstrates that neither party made any definitive representation about the use of experts at the liability stage of this case. Likewise, there was never any agreement of counsel that experts would not be called with respect to liability issues, only that no expert would offer an opinion on exempt status, since that is a conclusion of law on which expert testimony is not received. SNET's expert report fully complies with that agreement, as will be demonstrated when SNET files its opposition to Plaintiffs' motion to strike.

## II. THERE IS NO REASON TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE

  Plaintiffs' proposal that summary judgment briefing be extended to permit resolution of the motion to strike is unnecessary. First, the Court has already made it clear that the dispositive motions deadline will not be extended. See, p. 1, *supra*. Second, under the District of Connecticut's Local Rules, briefing on Plaintiffs' underlying motion to strike will already be complete before summary judgment briefs are due on January 15, 2011 under the Court's Scheduling Order and thus will not interfere with dispositive motions. See Local Rules 7(a)(1) and 7(d).

  Third, Plaintiffs have articulated no reason that summary judgment briefing cannot proceed prior to ruling on Plaintiffs' motion to strike. SNET intends to file a motion for summary judgment on Plaintiffs' state law claims on the grounds that the at-issue jobs are properly exempt under the executive exemption, because: 1) the employees are compensated on a salary basis not less than $475 dollars per week; and 2) their "primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized

3

department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein." Connecticut Department of Labor Wage and Workplace Standards Division Administrative Regulations § 31-60-14.  This so-called Connecticut "short test" does not require proof of any additional factors, such as evidence that supervisors exercise discretion or make personnel recommendations.  Given the bare bones requirements for satisfying the Connecticut exemption, it is highly speculative for Plaintiffs to suggest that Dr. Lundquist's report will play any role in summary judgment briefing.  But if it does, Plaintiffs would certainly be free to object on any appropriate grounds at that time – just as they would to any other evidence offered in support of summary judgment.  Indeed, that was precisely the procedure followed in one of the cases cited by Plaintiffs in their brief.  See *Murray v. Ohio Cas. Corp.*, No. 2:04 04-CR-539, 2005 U.S. Dist. LEXIS 41374 (S.D. Ohio Sept. 27, 2005) (rejecting expert opinion of former Department of Labor lawyer that expressed a legal opinion that position was non-exempt in the course of considering summary judgment motion).

III. **THERE IS NO BASIS FOR AN OPEN-ENDED EXTENSION OF EXPERT DISCOVERY DEADLINES**

Plaintiffs' request to extend expert discovery until after a ruling on their motion to strike to allow them to put off deciding whether to call a rebuttal expert should be rejected for two reasons.  First, Plaintiffs have no right under the Court's Scheduling Order to serve rebuttal reports.  While there is a split of authority on this point, the better reasoning is that where – as here – a court's scheduling order addresses expert reports, but remains silent on the subject of rebuttal reports, then no right to serve rebuttal reports exists.  See, e.g., *Eckelkamp v. Beste*, 315 F.3d 863 (8th Cir. 2002) (rebuttal expert reports not permitted where scheduling order did not provide for rebuttal experts, because *Rule 26(a)(2) applies only when there is no court scheduling order in place); Masler v. Marshall Fields*, Civil No. 06-4917 (PAM/JSM), 2007 WL

4

6815352, at *5 (D. Minn. Dec. 21, 2007) (where the scheduling order allowed defendant to serve a rebuttal expert report, but did not permit plaintiff to do so, the court did not permit plaintiff to use FRCP 26(a)(2)'s mechanisms "to circumvent its scheduling order by issuing an expert report that was neither agreed to by the parties nor set by the Court."; if the plaintiff wanted to interpose a rebuttal expert, the proper course would have been to move to modify the scheduling order); *Akeva, L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (holding that when there is a discovery plan covering expert disclosures, that plan controls rather than the provisions of Rule 26(a)(2)(C), and barring plaintiff from offering a rebuttal report).[1]

No provision for rebuttal reports was included in the Scheduling Order even though requested by the parties in their Second Supplemental Rule 26(f) Report [Doc. 248].  Indeed, the timing of the deadlines in the Scheduling Order [Doc. 250] strongly indicates that the Court did not intend for the parties to further extend the discovery schedule with rebuttal export reports in this case.  Under the Court's Scheduling Order, if expert rebuttal reports were served 30 days following the principal expert reports (as per Fed. R. Civ. P. 26(a)(2)(C)), Defendant would have been left with nine days remaining in discovery in which to analyze Plaintiffs' rebuttal report and prepare for and conduct a deposition of Plaintiffs' rebuttal expert, and another 15 days for the parties to incorporate the rebuttal report into their respective dispositive motions.  [Doc. 250]. "It is not reasonable for Plaintiff[s], in the absence of permission from the Court or advance notice to [Defendant] to assume that Rule 26(a)(2)(C) allows the disclosure of rebuttal experts

---

[1] See, also, *IBM v. Fasco Indus., Inc.*, C-93-20326, 1995 WL 115421, at *2 (N.D. Cal. 1995) (where the court-issued scheduling order did not include a provision for rebuttal experts, the court's silence trumps FRCP 26(a)(2)(C); the critical question is "whether the court has spoken on the subject of expert disclosures generally, not whether it has specifically substituted its own deadlines for those proposed in Rule 26(a)(2)(C). The scheduling order does not have to account for every deadline set forth in Rule 26(a)(2)(C). When the court crafted its own schedule for expert disclosures, the mechanism set forth in Rule 26 was nullified."). But see *Dunn v. Zimmer, Inc.*, 3:00CV1306 (DSJ), 2005 U.S. Dist. LEXIS 3505, at *3 (D. Conn. Mar. 9, 2005) ("The court's scheduling order did not establish a time for the disclosure of rebuttal experts and therefore the Rule 26(a)(2)(C) applies as a default."), rev'd on other grounds, 165 F. App'x 883 (2d Cir. Jan. 6, 2006).

even where those disclosures will inevitably entail a breach of the existing scheduling order." *Schablonentechnik v. MacDermid Graphic Arts, Inc.*, Civil Action No. 1:02-CV-2585-ODE, 2005 U.S. Dist. LEXIS 45982, at *8-9 (N.D. Ga. Jun. 21, 2005) (scheduling order providing that dispositive motions would be due 45 days following the deposition of the defendants' expert "simply does not provide enough time for the disclosure of rebuttal reports and the deposition of those experts while maintaining the dispositive motions deadline set by the very same schedule."). In light of the Court's repeated admonitions that the Scheduling Order deadlines would not change, Plaintiffs cannot import into the Scheduling Order a non-existent rebuttal report provision simply because they now believe it is to their advantage to do so.[2]

Second, even if a rebuttal expert is deemed permissible, the Scheduling Order, which this Court indicated would not be amended, should not be changed merely to allow Plaintiffs to hedge their bets by waiting to decide whether they want to use a rebuttal expert until after the Court has decided Plaintiffs' *Daubert* motion. The Court's Scheduling Order did not make any such provision for either party. For example, there was no provision allowing SNET to mount a *Daubert* challenge before deciding whether to call its own expert. No such provision to extend discovery should be added now.

IV.   **PLAINTIFFS' ALLEGATIONS OF "GAMESMANSHIP" ARE UNFOUNDED**

As Defendant will fully brief in its response to the underlying motion to strike, the other reasons Plaintiffs provide to justify their requests to amend the Scheduling Order are specious. Plaintiffs' claim that Defendant represented to the Court that it would not use a liability expert is untrue. In the parties' Second Supplemental Rule 26(f) Report filed on April 5, 2010 [Doc. 248,

---

[2] To the extent that Plaintiffs seek to extend discovery deadlines for the purpose of "serving their own affirmative liability expert report" rather than a rebuttal report, the time for serving such reports has long-since passed under either the Court's Scheduling Order or the Federal Rules of Civil Procedure.

p.4 (emphasis supplied)], the parties requested a bifurcated trial to decide liability and damages (if applicable) separately, and jointly stated that "[n]either side *currently contemplates* calling an expert witness with respect to the liability phase of the trial," but added that "[t]he parties agree to *meet and confer* no later than the end of fact discovery *to confirm whether expert testimony will be provided*." This joint statement made clear that neither party had made final decisions at that stage regarding expert discovery. At the 26(f) conference later that day, the Court asked counsel what their tentative positions on liability experts were. Defense counsel acknowledged that "at [that] point" in time, defense counsel did not anticipate using liability experts. (April 5, 2010 Transcript [Doc. 253], p. 49). Although Plaintiffs quoted defense counsel's response to the Court's question in their pending motion, they misleadingly omitted the full colloquy, including Plaintiffs' counsel's own telling response:

> It was something we're still thinking about, your Honor. Mr. Shea[,] we do agree that it depends. *There are cases where experts are used and cases where they are not used on liability. I can think of an example of perhaps an industrial psychologist talking about the types of things that managers do* [-] throwing it out here. *Whether that is necessarily needed I can't say today.*

(April 5, 2010 Transcript [Doc. 253], p. 49-50 (emphasis supplied)). The full colloquy makes two points absolutely clear: 1) there was no definitive representation about the use of experts with respect to liability; and 2) Mr. Wittels himself recognized the potential usefulness of an industrial psychologist, like Dr. Lundquist, to opine "about the types of things that managers do."

Plaintiffs further claim that Defendant later agreed not to use any liability expert, but Plaintiffs acknowledge in their briefing that the agreement was, in fact, only an agreement that experts could not be used to opine on the ultimate issue in this case: whether class members are exempt from the overtime provisions of the Fair Labor Standards Act and Connecticut State

Law.  As Defendants will fully and separately brief in response to Plaintiffs' motion to strike, Dr. Lundquists's report is fully consistent with this agreement.

V.    **THERE IS NO LEGITIMATE BASIS FOR PLAINTIFFS' REQUEST TO TRUNCATE DEFENDANT'S TIME TO RESPOND TO THEIR MOTION**

Plaintiffs offer no justification for demanding that Defendant prepare a response to their *Daubert* motion in three business days, while simultaneously seeking an extension of long-set Court deadlines for discovery and dispositive motions.  Briefing should be permitted in the normal course, pursuant to Local Rule 7.  As described above, under the normal briefing schedule, the motion to strike will be fully briefed prior to the deadline for dispositive motions.  Plaintiffs have failed to state any good cause for deviating from a normal briefing schedule and prejudicing Defendant's ability to fully respond to Plaintiffs' *Daubert* challenges to Defendant's expert report, which, like any *Daubert* motion, necessitates a substantial response.

VI.     **CONCLUSION**

Plaintiff's Motion to Expedite Briefing and Amend the Scheduling Order should be denied.

Dated:  New York, New York                    Respectfully submitted,
        December 10, 2010

                                       By:    /s/ Patrick W. Shea
                                              Patrick W. Shea (CT07071)
                                              Paul, Hastings, Janofsky & Walker LLP
                                              75 East 55th Street
                                              New York, NY 10022
                                              Telephone: (212) 318-6000
                                              Facsimile: (212) 319-4090
                                              patrickshea@paulhastings.com

                                              Leslie A. Dent (PHV 03877)
                                              John F. Wymer, III (PHV 03876)
                                              Erika L. Leonard (PHV 03875)
                                              Paul, Hastings, Janofsky & Walker LLP
                                              600 Peachtree Street, N.E., Suite 2400
                                              Atlanta, Georgia 30308
                                              Telephone: (404) 815-2400
                                              Facsimile: (404) 815-2424
                                              lesliedent@paulhastings.com
                                              johnwymer@paulhastings.com
                                              erikaleonard@paulhastings.com

                                              Counsel for Defendant
                                              SOUTHERN NEW ENGLAND
                                              TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | **CIVIL ACTION NO. 3:07CV967 (JCH)** |

### CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2010, a copy of foregoing DEFENDANT SNET'S OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING AND TO AMEND SCHEDULING ORDER was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*