UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | ) )  ) |
| Individually and on Behalf of Others Similarly Situated, | ) No: 3:07CV967 (JCH) ) |
| PLAINTIFFS, | ) REPLY ) DECLARATION OF STEVEN L. ) WITTELS IN SUPPORT OF |
| v. | ) PLAINTIFFS' MOTION TO STRIKE ) DEFENDANT'S LIABILITY EXPERT |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | ) REPORT OF KATHLEEN ) LUNDQUIST ) |
| DEFENDANT. | ) ) ) ) ) |

Steven L. Wittels states as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.   I make this Reply Declaration in Support of Plaintiffs' Emergency Motion to Strike the Lundquist Liability Expert Report.

2.    As a long-practicing attorney, there is nothing I relish less than questioning the candor of a fellow member of the bar. And the relish is even more unappetizing in this case because the lawyer in question is SNET Defense Attorney Patrick Shea – someone I have known and litigated against for nearly four years in a variety of suits. But, Mr. Shea leaves me no choice. And so, more in sorrow than in anger, I submit this reply declaration to state in the plainest language possible **that counsel Shea broke his agreement with me not to call any liability experts.**

3.   Rather than admit this fact, Defense Counsel offers all the sound and fury of a 22-

1

page brief which signifies nothing because there is no **opposing declaration from Mr. Shea** contesting my statement that he repeatedly agreed SNET would not submit an expert report on liability. The brief is an exercise in linguistic three-card monte as Defendant tries to escape Mr. Shea's concession in his email to me last week that neither side would call liability experts (see Ex B to my initial Declaration). Mr. Shea can run but he can't hide behind the pages of a brief, whose hallmark is evasion in the first degree.

    4.    To add insult to an already open wound, SNET serves up another whopper by arguing in its brief – *again without the factual support of a declaration from the one opposing lawyer with personal knowledge of the agreement* – that the "only [ ] agreement" the parties reached was that "experts could not be used to opine on the ultimate issue in the case." (Deft's brief, p. 22). This statement is so stupefying that it refutes itself. Why would I ever agree with Mr. Shea not to do something that the law already forbids in the first place: i.e. call experts on the ultimate issue in the case as to the "exempt"/"non-exempt" status of the Level Ones? *There was never any such agreement between Mr. Shea and me, and to say there was is a canard*.

    5.    Unfortunately for SNET, the primary question on our motion to strike is not whether the Lundquist report offers opinions on the ultimate issues in this case (which Plaintiffs submit it does, no matter how many ways you try to dance away from it), but whether SNET should be allowed to prejudice Plaintiffs with this last-minute double-cross. Relying on my agreement with Mr. Shea, Plaintiff decided NOT to call a liability expert.

    6.    Absent the parties' agreement, our liability expert(s) might have conducted a survey of the Level Ones (the only parties who have first-hand knowledge of their work duties on a daily basis, as opposed to their company-aligned Level Twos and Threes). I discussed with Mr. Shea the possibility of Plaintiffs calling a liability expert, but Mr. Shea told me that if

Plaintiffs tried to do so, SNET would simply move to strike. Accordingly, based on our agreement that neither side would call liability experts, Plaintiffs decided the prudent and motion-free course was to let the jury decide whether, based on the testimony of each side's fact witnesses, the Level Ones were non-exempt. This was precisely what Mr. Shea told the Court at the April hearing as to how the trial should proceed.

7. That I may have suggested last April to this Court that sometimes experts are called to offer opinions about employees' job activities is irrelevant. Plaintiffs decided NOT to follow this course – and so did Defendant. At least, that's what Plaintiffs believed. That is, until SNET served its surprise and prejudicial (not to mention wholly flawed) liability expert report on December 3.

8. I further write to clarify defense counsel's representations about the class list. My firm made clear that we compiled the list of Rule 23 class members for defense counsel's reference based on the employment data that SNET produced in or about late January 2010. Defense counsel was aware that my staff examined this data to determine which SNET employees satisfied the clarified class definition -- (i) being in either of two titles and (ii) having technicians assigned to them in particular bargaining unit titles (iii) during the applicable class period. Counsel was also aware that the class definition approved by the Court was not being further narrowed or altered in any manner, and should have clearly known that anyone else who met the certified definition but had not opted out was included.

9. The data produced by SNET in or about late January 2010 does not indicate that Joseph Piccolo had technicians assigned to him.

Accordingly, for all the reasons in Plaintiffs' moving and reply papers, we respectfully request that the Court enter an Order striking Dr. Lundquist as a defense liability expert, and

striking her report. Alternatively, Plaintiffs should be given sufficient time to defend this sneak attack by (i) deposing Dr. Lundquist, (ii) considering whether to depose any of the 14 survey participants, (iii) disclosing one or more rebuttal experts, and (iv) producing their own liability expert report(s), which they decided to forego in reliance on the parties' agreement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 16, 2010

By: ____/s/ Steven Wittels_____

Steven L. Wittels
Federal Bar No.: SW-8110
**SANFORD WITTELS AND HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
Email: swittels@swhlegal.com
*Lead Counsel for Plaintiffs and the Class*