UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br>Individually and on Behalf of Others<br>Similarly Situated,<br><br>         PLAINTIFFS,<br><br>v.<br><br>SOUTHERN NEW ENGLAND<br>TELEPHONE COMPANY,<br><br>         DEFENDANT. | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br><br><br><br><br>February 17, 2011 |

**DEFENDANT SNET'S REPLY IN SUPPORT OF ITS MOTION TO PERMIT *EX PARTE*
CONTACT OR, IN THE ALTERNATIVE, COMPEL DEPOSITION OF JOHN TAIT
AND OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SEALED RESPONSE
THERETO**

I.     **INTRODUCTION**

"It is axiomatic in our law that the public has a right to every man's evidence." See 4 Wigmore on Evidence, § 2286.  Here, John Tait's evidence is particularly important.  In their opposition, Plaintiffs did not contradict Defendant's chronology establishing that Tait has information relevant to this case and that Plaintiffs cancelled his deposition at the eleventh hour – and then purported to forbid Defendant from contacting Tait once he withdrew from the lawsuit – to withhold such information from Defendant.  See, generally, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to File a Sealed Response to Defendant SNET's Motion Regarding John Tait; and In Opposition to Defendant's Motion, Filed Under Seal [Doc. 314] ("Pl. Resp.").  Plaintiffs instead improperly filed an *ex parte* response to Defendant's motion – citing the Court's Local Rules regarding filing documents under seal, but failing to serve a copy of their filing on Defendant – in an attempt to deprive Defendant of the opportunity to respond to the enigmatic argument contained therein.  Only when pressed by defense counsel did Plaintiffs'

1

counsel share their responsive filing with Defendant. See Exhibit A to Declaration of Patrick W. Shea ("Shea Decl."), filed contemporaneously herewith.

Far from undermining Defendant's arguments, Plaintiffs' responsive submission confirms the importance of Tait's testimony. Plaintiffs admit that Tait had "little interest" in meeting with Plaintiffs' counsel to be prepared for his deposition and was "extremely difficult to work with." (Pl. Resp. at 2, 5). In light of the formulaic and rote deposition testimony obtained from many opt-in witnesses, Tait's alleged lack of pliability strongly supports obtaining his testimony, rather than detracting from its importance. Plaintiffs further admit that Tait "demonstrate[d to Plaintiffs' counsel] that his circumstances were different from other class members" and "atypical." (Pl. Resp. at 2-3). Coming from the party who has repeatedly asserted that all class members are similarly-situated and all of their experiences typical, such an admission serves to underscore the value of Tait's testimony.

## II.    DEFENDANT IS ENTITLED TO OBTAIN EVIDENCE FROM JOHN TAIT

### A.    Plaintiffs' attempt to prevent Tait's deposition based on *ex parte* submissions is improper.

Plaintiffs attempted to file a secret pleading, asking the Court to find – on an *ex parte* basis, without any opportunity for Defendant to respond – that Tait need not appear for his deposition. In filing their response under seal, Plaintiffs purported to rely on Local Rule 5(e) related to the sealing of court filings against access from the public. See Pl. Resp. at 1 and Exhibit A to Shea Decl. This Rule does not, however, authorize a party to shield a responsive brief from the opposing party.

First, Plaintiffs were not authorized to file their motion to seal and their response to Defendant's motion under seal without prior approval from the Court. Local Rule 5(e)(3) ("No judicial document shall be filed under seal, except upon entry of an order of the Court…").

2

Second, in filing their motion under seal, Plaintiffs failed to follow any of the methods permitted by Local Rule 5(e)(4) for the filing of documents under seal, none of which obviate the need for the moving party to serve copies on the opposing party.  Only because defense counsel insisted that Plaintiffs serve Defendant a copy of their secret pleading, is Defendant even aware of the scant grounds on which Plaintiffs oppose Tait's deposition.  See Exhibit A to Shea Decl.

In their opposition, Plaintiffs also make a request to provide a further submission to the Court on an *ex parte* basis.  See Declaration of Edmond Clark in Support of Plaintiffs' Motion to File a Sealed Response to Defendant SNET's Motion Regarding John Tait; And In Opposition to Defendant's Motion, Filed Under Seal [Doc. 314], ¶ 16.  There is no valid basis for this request.  The fact that Plaintiffs' counsel had purportedly privileged conversations with Tait about his deposition – or any other topic – does not cloak Plaintiffs' opposition to the Tait deposition in the attorney-client privilege or authorize an *ex parte* submission.  Virtually all discovery motions involve some privileged communication from the affected party to its counsel explaining the basis for resisting discovery.  From this communication, counsel fashions arguments about the propriety or impropriety of certain discovery.  The fact that the process started with a privileged communication does not render discovery motions privileged or allow them to be litigated on an *ex parte* basis, in which the opposing party has no notice of or opportunity to respond to the secret reasons advanced for quashing the deposition.  That is particularly true in this case where on the one hand, Plaintiffs assert they have facts that Tait "would not want disclosed to anyone except this Court under seal," but at the same time concede that counsel has not been in contact with Tait "for months" and allegedly is not even able to ascertain Tait's status in the class.  (Pl. Resp. at 3).

      B.    <u>Plaintiffs do not contest that Tait possesses information relevant to this case, and indeed their response demonstrates that Tait's testimony is of pivotal importance.</u>

Turning to the merits of the discovery motion, Plaintiffs have made no argument that Tait's testimony is irrelevant or not subject to discovery under the Rules. See Fed. R. Civ. P. 26(b)(1) (permitting discovery, including by deposition, "regarding *any* matter, not privileged, that is relevant to the claim or defense of *any* party") (emphasis supplied); Fed. R. Civ. P. 30(a)(1) ("A party may take the testimony of *any person* . . . by deposition upon oral examination without leave of court." (emphasis supplied)). Instead, Plaintiffs advance essentially two arguments: 1) that it would be difficult for them to schedule Tait's deposition since he apparently has no interest in cooperating with Plaintiffs' counsel; and 2) "deposing him would not be a good use of the parties' resources," presumably because of the deposition testimony of other opt-ins obtained by Defendant. (Pl. Resp. at 5). Both arguments are completely meritless.

The first objection can be readily addressed. Tait is employed by Defendant and his deposition can be scheduled and a subpoena can issue if necessary. Non-existent scheduling problems are not an obstacle to taking Tait's deposition.

The second reason – that Tait's deposition would not "be a good use of the parties' resources" – may be true from Plaintiffs' tactical perspective, but is certainly not true for Defendant. Plaintiffs seem particularly concerned that Tait will not cooperate in preparation for his deposition. (See Pl. Resp. at 2 (Tait "had little interest in preparation" with Plaintiffs' counsel for his deposition), 5 ("…Mr Tait was extremely difficult to work with and contact."). That, of course, is a decision for Tait, as the client, to make. More importantly, it certainly appears from the chronology submitted in connection with Defendant's opening Memorandum of Law that Tait was willing to meet with Plaintiffs' counsel and discuss the case. His deposition

appears to have been cancelled because counsel did not like what they heard about Tait's prospective testimony. This seems to be confirmed by vague references to the fact that Tait's "circumstances were different" and his experiences "atypical" in Plaintiffs' opposition papers. (Pl. Resp. at 2-3).

The crux of the matter is that opt-in Plaintiffs have a tremendous financial incentive to shade their testimony in this case to minimize their job responsibilities. Based on the calculations of Plaintiffs' putative expert witnesses in this matter (which Defendant disputes), each Plaintiff is seeking an average of almost $500,000 in overtime and liquidated damages, a figure that in some cases would result in annual compensation of approximately $200,000 per year for the minimalist clerical functions they claim they perform.[1] It is not surprising that the record is replete with examples of opt-in testimony contradicting their prior explanations of their job duties contained in resumes and performance evaluations. Defendant specifically selected Tait to be deposed, in the belief that Tait would be more forthcoming in his testimony than other carefully coached opt-in witnesses. This view is bolstered by the extraordinary efforts Plaintiffs have taken to bar Tait's testimony. Tellingly, when this matter was raised by defense counsel at the hearing on another issue on December 22, 2010, Plaintiffs' counsel made no mention of Tait's "atypical" or "different" circumstances. Instead, Plaintiffs' counsel relied on Tait's withdrawal of his FLSA opt-in – while acknowledging that he remained in the Rule 23 class – and resisted his deposition on the ground that Defendant had already "had 49 depositions out of 150 opt-ins," implying that Tait would simply be cumulative. See December 22, 2010 Motion Hearing Transcript at 42-43 [Doc 317]. The facts as now fully known to the Court and the

---

[1] Indeed, potential class members received a communication from Plaintiffs' counsel at the start of this matter, representing that "[r]eclassification from exempt to non exempt calculates back pay up to $99,000 per manager." See Exhibit 1 to Memorandum in Support of Motion for Protection and Request For Expedited Conference With the Court [Doc. 118].

5

parties make it clear that Tait's testimony is unlikely to be cumulative of the testimony of prior witnesses and constitutes a *better* "use of the parties' resources," not worse. (See Pl. Resp. at 5). Tait's testimony is both relevant and discoverable.

    C.    <u>Tait should be deposed, regardless of whether he ultimately opts out of the Rule 23 class.</u>

Plaintiffs' counsel claims not to know whether Tait intends to remain in the Rule 23 class, which is surprising because it means the Plaintiff's counsel did not inquire when Tait announced his intention to opt out of the FLSA class or later when he executed his opt out form. (Pl. Resp. at 3). In either circumstance, Tait has relevant evidence to give regarding his circumstances as a Level One Manager in an at-issue position at SNET during the relevant limitations period – in particular, his professed "atypical" situation is relevant to other Level One Managers in the FLSA and state law classes. Defendant is entitled to explore whether Tait's "atypical" situation is indeed unique, or whether it applies to other of the approximately 150 opt-ins and Rule 23 class members who have not been deposed.

If Tait ultimately elects – as Plaintiffs' counsel has represented to defense counsel on several occasions he will (<u>see</u>, <u>e.g.</u>, Pl. Resp. at 3, Defendant's Motion to Permit *Ex Parte* Contact or, in the Alternative, Compel Deposition of John Tait at 7) – to withdraw from the Rule 23 class, he will be a non-party witness who can be required to testify via a subpoena properly served by either party. Moreover, Defendant may have *ex parte* contact with Tait in preparing its defense. <u>See</u> Federal Rules of Civil Procedure 30, 45; <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 391-392 (1981) (discussing the necessity for a corporation's lawyers to obtain information from managers, middle-level and lower-level employees in order "adequately to advise the [corporate] client" or to "deal[] with a complex legal problem").

If Tait remains a Rule 23 class member, Defendant has established sufficient grounds to warrant the taking of his deposition. "Discovery from absent class members is generally permitted where it is necessary and helpful to the 'correct adjudication of the principal suit'" and where "discovery of absent class members (1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will [not] impose undue burden on the absent class members, and (4) *is not available from representative plaintiffs*." In re Warner Chilcott Sec. Litig., 06 Civ. 11515, 2008 U.S. Dist. LEXIS 7613, at *5 (S.D.N.Y. Feb. 4, 2008) (emphasis supplied). Because Plaintiffs have conceded that Tait's circumstances are "atypical," his evidence is by definition not available from other FLSA opt-in plaintiffs. In fact, the Fourth Circuit has held that "it was error to prohibit depositions of absent class members, and to force the defendant to defend against a fictional composite without the benefit of deposing or cross-examining the disparate individuals behind the perfect plaintiff created at trial by piecing together the strongest facts from different members of the plaintiff class." Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 345 (4th Cir. 1998) (internal quotations omitted). See Rosen, 1994 WL 652534, at *4 (S.D.N.Y. 1994) ("The argument for permitting relatively many depositions in the instant action [was] strengthened by the fact that [the defendant sought] not only evidence that all class members [would] have, such as evidence relating to damages, but also anecdotal evidence, which [was] likely to be very sparsely distributed throughout the class."); Tierno v. Rite Aid Corp., No. C 05-02520, 2008 U.S. Dist. LEXIS 112461, at *17 (N.D. Cal. July 8, 2008) ("[S]uch discovery has been permitted in certain circumstances, where the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith.").

Moreover, Tait is not a "passive litigant" in the sense of most Rule 23 class members. See Cornn v. UPS, Inc., No. C03-2001 THE, 2006 WL 2642540 at *3 (N.D. Cal. Sept. 14, 2006) (emphasizing the difference between passive litigants in Rule 23 class actions and opt-ins to FLSA § 216(b) collective actions and noting that "[b]y affirmatively electing to opt in, class members under § 216(b) have agreed to participate in the litigation to an extent that class members under Rule 23 have not"). By affirmatively electing to opt in to the § 216(b) collective action, then affirmatively electing to withdraw on the eve of his deposition – *specifically to avoid being deposed* – John Tait has actively participated in this litigation to an extent that other Rule 23 class members have not. See Luna v. Del Monte Fresh Produce (Southeast), Inc., Civ. Action No. 1:06-CV-2000-JEC, 2007 WL 1500269 at *7 (N.D. Ga. May 18, 2007) (denying plaintiffs' motion to defer depositions of non-representative class members on the grounds that plaintiffs were "not absent members of a Rule 23 class action, but opt-in plaintiffs under § 216(b) of the FLSA[,]" and that "[h]aving opted into the litigation, [the plaintiffs] [were] not 'passive' in the same sense as absent Rule 23 class members," but "[chose] to take an active role in the litigation"); Bucalo v. Gen. Leisure Prods. Corp., 54 F.R.D. 483, 484-85 (S.D.N.Y. 1971) (refusing to allow a named plaintiff to withdraw and become a non-representative class member on the eve of his scheduled deposition, despite unidentified personal circumstances which allegedly prevented him from continuing to prosecute the lawsuit, on the grounds that allowing the plaintiff to withdraw would unfairly prejudice the defendant's rights to depose him as a party, to subject him to the sanctions available against a party under Fed. R. Civ. P. 37(d), and to subject him to the discovery mechanisms provided by Fed. R. Civ. P. 33, 34, and 36). Therefore, the typical concerns over forcing passive litigants to participate in litigation are not present here.

III.    **CONCLUSION**

    For the reasons set forth more fully above, Defendant's motion to permit *ex parte* contact or, in the alternative, to compel the deposition of John Tait, should be granted.

Dated:  New York, New York                             Respectfully submitted,
        February 17, 2011

                                    By:   /s/ Patrick W. Shea
                                          Patrick W. Shea (ct07071)
                                          Paul, Hastings, Janofsky & Walker LLP
                                          75 East 55th Street
                                          New York, NY 10022
                                          Telephone: (212) 318-6000
                                          Facsimile: (212) 319-4090
                                          patrickshea@paulhastings.com

                                          Leslie A. Dent (phv 03877)
                                          John F. Wymer, III (phv 03876)
                                          Erika L. Leonard (phv 03875)
                                          Paul, Hastings, Janofsky & Walker LLP
                                          600 Peachtree Street, N.E., Suite 2400
                                          Atlanta, Georgia 30308
                                          Telephone: (404) 815-2400
                                          Facsimile: (404) 815-2424
                                          lesliedent@paulhastings.com
                                          johnwymer@paulhastings.com
                                          erikaleonard@paulhastings.com

                                          Counsel for Defendant
                                          SOUTHERN NEW ENGLAND
                                          TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** Individually and on Behalf of Others Similarly Situated, **PLAINTIFFS,** v. **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** **DEFENDANT.** | **CIVIL ACTION NO. 3:07CV967 (JCH)** February 17, 2011 |

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2011, a copy of foregoing **DEFENDANT SNET'S REPLY IN SUPPORT OF ITS MOTION TO PERMIT *EX PARTE* CONTACT OR, IN THE ALTERNATIVE, COMPEL DEPOSITION OF JOHN TAIT AND OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SEALED RESPONSE THERETO** was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (ct07071)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*

LEGAL_US_W # 67193411.4

10