UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | |
| Individually and on Behalf of Others Similarly Situated, | CIVIL ACTION NO. 3:07CV967 (JCH) |
| PLAINTIFFS, | **DEFENDANT SNET'S BRIEF REGARDING BIFURCATION AND ORDER OF PROOF AT TRIAL** |
| v. | |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | MARCH 7, 2011 |
| DEFENDANT. | |

I. **THE TRIAL OF THIS MATTER SHOULD BE BIFURCATED WITH LIABILITY TRIED FIRST AND DAMAGES TRIED THEREAFTER IF NECESSARY.**

Plaintiffs argued at the hearing before the Special Master that the Court had already ruled that the trial in this case would not be bifurcated. A review of the relevant transcript indicates that the Court has made no such ruling. Rather, in the April 5, 2010 Rule 16 hearing, the Court rejected the parties' proposal in their Supplemental Rule 26(f) Report [Doc. 248] that <u>discovery and trial</u> be bifurcated. The Court held:

> …the court has determined not to bifurcate at this time. In order words, we'll complete discovery. As to how the trial will proceed will remain until compliance with the pretrial memo is made and any other motions or memoranda are submitted to the court to best layout how a trial in this case could and should proceed. For now, however, it is the Court's intention that this case will be completed and ready for trial on all issues in one step.

Hearing Transcript, p. 61-62. Bifurcation makes sense here for all of the reasons it is frequently used in a complex case: it allows for a shorter trial and conserves judicial resources if there is no finding of liability, and it allows for a clear focus on separate issues that will promote efficient management of this lengthy trial.

II. **DEFENDANT, WHO HAS THE BURDEN OF PROOF ON THE PRIMARY ISSUE AT TRIAL, IS ENTITLED TO PRESENT ITS EVIDENCE FIRST**

The traditional rule is that the party with the burden of proof opens first, presents its case first, and closes last. 75 Am. Jur. 2d Trial § 276; Montwood Corp. v. Hot Springs Theme Park Corp., 766 F.2d 359, 364 (8th Cir. 1985); Silver v. New York Life Ins. Co., 116 F.2d 59, 62 (7th Cir. 1940). Because the burden of proof rests most often with the plaintiff, the plaintiff typically presents evidence first.[1] "Misclassification" cases under wage and hour laws are different in this regard. Because the elements of Plaintiffs' *prima facie* case are generally undisputed, liability turns on the Defendant's ability to affirmatively establish that one of the statutory exemptions is applicable.[2] See Goldman v. Radioshack Corp., Civil Action No. 03-0032, 2005 U.S. Dist. LEXIS 9174, at *6 (E.D. Pa. May 16, 2005) (allowing defendant to open first and present evidence first in bifurcated trial, because plaintiff's burden to prove the *prima facie* case was "not as significant" as the burden on the employer to dispute liability). Thus, if the Court elects to bifurcate the damages and liability phase of the trial, the *only issue* for the jury to decide in the liability phase is whether Defendant has proven its affirmative defense. Thus, Defendant should be permitted to open first, proceed first with its proof, and close last, as the party with the burden of proof. See, e.g., id. at

---

[1] There is no presumption, however, that Plaintiffs proceed first simply because they are the plaintiffs. As the court explained in Latino Food Marketers, LLC v. Ole Mexican Foods, Inc., No. 03-w-0190:

> [T]he privilege of opening first and closing last is not given to plaintiffs simply because they are plaintiffs. Rather, fairness requires that the party with the burden of proof should have the first and last opportunity to persuade the jury of its position.

2004 U.S. Dist. LEXIS 5239, at *3-4 (W.D. Wis. Mar. 30, 2004).

[2] Plaintiffs' *prima facie* case only requires proof that SNET is engaged in commerce, Plaintiffs are employees, and they worked more than 40 hours per week without statutory overtime compensation. See, e.g., Mell v. GNC Corp., Civil Action No. 10-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010). There is no dispute that Plaintiffs can establish their *prima facie* case, and Defendant would stipulate that each class member worked more than 40 hours in at least one workweek during the limitations period.

\*4-6 (permitting defendant to open and present evidence first in bifurcated liability phase of FLSA "misclassification case," despite disputed issues regarding amount of plaintiffs' alleged damages).

Even if the Court does not elect to bifurcate damages and liability, it is clear that the primary issue at trial is the determination of liability, which turns on Defendant's affirmative exemption defense. Damages are secondary, and not reached unless Defendant fails to establish the application of its affirmative defense. Even in cases without bifurcation, the party with the burden on the pivotal issue – liability – presents its evidence first. See, e.g., Moylan v. Meadow Club, Inc., 979 F.2d 1246, 1251 (7th Cir. 1992) (affirming district court's decision to allow defendant to go first and last during closing arguments in non-bifurcated FLSA "misclassification" trial on the grounds that the sole remaining liability issue was defendant's exemption defense); see also Latino Food Marketers, LLC v. Ole Mexican Foods, Inc., No. 03-cv-0190, 2004 U.S. Dist. LEXIS 5239, at * 2 (W.D. Wis. Mar. 30, 2004) (allowing defendant in non-bifurcated contract dispute to open first, present evidence on affirmative defense first, and close last because the affirmative defense was the principal issue at trial); Montwood Corp. v. Hot Springs Theme Park Corp., 766 F.2d 359, 364 (8th Cir. 1985)(affirming decision to allow defendant to argue first and close last in closing arguments in non-bifurcated contract dispute because defendant bore the burden of proof on the only liability issue in dispute). Defendant should open first, present its case first, and close last – regardless of whether the Court bifurcates liability and damages.

The cases cited by Plaintiffs at the March 3, 2011 status conference do not alter this conclusion. Plaintiffs correctly state that where (as here) Defendant does not have records of the number of hours that Plaintiffs worked, Plaintiffs have the burden to establish the number of hours worked in excess of forty. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Reich v. Southern New England Tel. Co., 121 F.3d 58 (2d Cir. 1997) (cited by Plaintiffs at the status

3

conference); Martin v. Selker Bros., Inc., 949 F.2d 1286, 1289-90 (3d Cir. 1991) (same). Plaintiffs mistakenly argue that this burden of proof on damages prevents any change to the order of trial. At the status conference, Plaintiffs cited Anheuser Busch, Inc. v. John Labatt Limited USA, 89 F.3d 1339 (8th Cir. 1996), holding that the district court did not err in permitting the plaintiff to present evidence first at trial of a trademark action. The defendant argued that it should have been able to proceed first because it bore the burden of proof to establish liability on one of the three counts in the plaintiff's complaint. Id. at 1344. The court found no error in permitting the plaintiff to go first where the plaintiff bore the burden of establishing liability on the other two counts in its complaint. Id. This case does not stand for the proposition, as Plaintiffs indicated, that where there are "mixed burdens," the plaintiff gets the benefit of opening first, presenting proof first, and closing last. Moreover, this case is inapposite, because – unlike the defendant in Anheuser Busch – the only burden of proof Plaintiffs will bear in this case relates to proof of *damages*. There is no legal support for Plaintiffs' argument that because they have the burden of proof on some issues related to *damages*, they must be allowed to proceed first.[3] Indeed, plaintiffs in *every case* have the burden of proof on damages. If that was enough to dictate the order of proof, there would be no cases in which defendants proceeded first, such as those cited above.

III.    **CONCLUSION**

For the reasons described above, the trial in this case should be bifurcated between liability and damages. Whether or not the trial is bifurcated, Defendant is entitled to open first, present its

---

[3] In their brief, Plaintiffs may cite Reyes v. Texas Ezpawn, L.P., Civil Action No. V-03-128, 2007 U.S. Dist. LEXIS 78846, at *7-8 (S.D. Tex. Oct. 24, 2007), in which the plaintiff made the same argument that the defendant should not be allowed to present its case first because, relying on Mt.Clemens, plaintiff would have the burden of proving the amount of work for which he was not compensated. The Reyes court did not reach that issue, however, because the plaintiff had records of his overtime worked and thus Mt.Clemens was inapplicable. Under these circumstances, the Reyes court granted defendant's request to open, present its case, and close first in a non-bifurcated FLSA "misclassification" trial on the grounds that defendant bears the burden of proof on the exemption defense and had stipulated to the elements of plaintiffs' *prima face* case.

4

evidence first, and close last, because it has the burden of proof on the only liability issue in this case.

Dated:  New York, New York          Respectfully submitted,
       March 7, 2011

                                                        By:   /s/ Patrick W. Shea
                                                              Patrick W. Shea (CT07071)
                                                               Paul, Hastings, Janofsky & Walker LLP
                                                               75 East 55th Street
                                                               New York, NY 10022
                                                               Telephone: (212) 318-6000
                                                               Facsimile: (212) 319-4090
                                                               patrickshea@paulhastings.com

                                                               Leslie A. Dent (PHV 03877)
                                                               John F. Wymer, III (PHV 03876)
                                                               Erika L. Leonard (PHV 03875)
                                                               Paul, Hastings, Janofsky & Walker LLP
                                                               600 Peachtree Street, N.E., Suite 2400
                                                               Atlanta, Georgia 30308
                                                               Telephone: (404) 815-2400
                                                               Facsimile: (404) 815-2424
                                                               lesliedent@paulhastings.com
                                                               johnwymer@paulhastings.com
                                                               erikaleonard@paulhastings.com

                                                               Counsel for Defendant
                                                               SOUTHERN NEW ENGLAND
                                                               TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| **Individually and on Behalf of Others Similarly Situated,** | CIVIL ACTION NO. 3:07CV967 (JCH) |
| **PLAINTIFFS,** | |
| v. | |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | March 7, 2011 |
| **DEFENDANT.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2011, a copy of foregoing DEFENDANT SNET'S BRIEF REGARDING BIFURCATION AND ORDER OF PROOF AT TRIAL was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*

LEGAL_US_W # 67383319.3