# Exhibit A

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 1 of 11

1

```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT


    ─────────────────────────
    SHARON L. PERKINS         )
                  Plaintiff.  )  NO: 3:07cv967(JCH)
                              )
    vs.                       )  April 5, 2010
                              )  2:00 p.m.
    SOUTHERN NEW ENGLAND      )
    TELEPHONE COMPANY         )
                  Defendant.  )
    ─────────────────────────
                                 915 Lafayette Boulevard
                                 Bridgeport, Connecticut
                    HEARING

    B E F O R E:
               THE HONORABLE JANET C. HALL, U.S.D.J.

    A P P E A R A N C E S:

    For the Plaintiff    :      EDMOND CLARK
                                83 Scotland Avenue
                                P. O. Box 133
                                Madison, CT 06443

                                STEVEN WITTELS
                                ANDREW MELZER
                                Sanford, Wittels & Heisler,
                                LLP-NY
                                950 Third Avenue, 10th
                                Floor
                                New York, NY 10022

    For the Defendant           LORI ALEXANDER
                                Littler Mendelson
                                110 Washington Avenue
                                North Haven, CT  06473

                                PATRICK W. SHEA
                                Paul, Hastings, Janofsky &
                                Walker
                                75 East 55th Street
                                New York, NY 10022

    Court Reporter       :      Terri Fidanza, RPR
    Proceedings recorded by mechanical stenography.
```

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 3 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 9 of 76

9

1    MR. SHEA: For example, one of the requests has
2    to do with schedules. Schedules for each of the
3    individuals in this particular class.
4    THE COURT: Schedules of what?
5    MR. SHEA: Schedules of when they are scheduled
6    to work.
7    THE COURT: Time schedules?
8    MR. SHEA: Time schedules. We produced a
9    significant number of those already but that's something
10   that occurs on an ongoing basis and very burdensome to
11   gather up and there have been discussion with the
12   plaintiff about narrowing the universe that we would look
13   at and therefore, we deemed it appropriate to get that
14   resolved before we beat the bushes to collect every
15   single one of those schedules. The request themselves
16   are quite voluminous. There's 30 or 40. It takes
17   sometime to assemble that.
18   THE COURT: Attorney Shea, you are new to this
19   case. You are sort of, you know, a neophyte but
20   unfortunately I have had that the distinction pleasure of
21   having it on my docket for almost 3 years. Maybe things
22   need to be narrowed. Maybe things need to bring issues
23   to the court. This case isn't going to last much longer.
24   I know you are in with a lot of new counsel from your
25   firm. I assume they are going prepared to go right at

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 4 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 10 of 76

10

1  this case without any further delay.
2      Tell me again how many depositions you wish to
3  take additional to the 22 you have already taken and why?
4      MR. SHEA:  Up to the 35 additional depositions
5  which we think are essential to allow us to prepare for a
6  trial on the merits.
7      THE COURT:  Why?
8      MR. SHEA:  Because I think a trial on the merits
9  requires me to put on a defense.  As, noted I have the
10 burden of here with respect to the large group of
11 people.
12     THE COURT:  150 people now is the number?
13     MR. SHEA:  If you add in the Rule 23 class, it
14 is closer to 200.
15     THE COURT:  About 200.
16     MR. SHEA:  And I need to be able to present to a
17 jury the facts that I believe will demonstrate that these
18 individuals, all of them or a large number of them,
19 satisfy the requirements for being exempt.
20     THE COURT:  Under that theory in every FSLA and
21 class action case, we would take the deposition of every
22 person.  I would press you to find me a case that tells
23 me that's a good way to approach these cases.  The first
24 thing I found looking at the cases is I have a lot of
25 discretion which may be the bad news for both sides.  I

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 5 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 15 of 76

15

1  decision, whether some are exempt or some are not. In
2  which case, I believe the jury will have concluded the
3  entire class is not similarly situated.
4              THE COURT: I'm sure that's your view. We'll
5  find that out when we get to the trial which forces so
6  far seem to frustrate me in doing that. I would love to
7  get to trial. We have a long way to go before then but
8  not much time to do it in. My understanding is the
9  plaintiffs can offer and carry their initial burden by a
10 representative sampling of witnesses. Then you have the
11 right to defend similarly on a representative sample of
12 witnesses. I presume they will pick all the people who
13 look exactly the same and are not being paid properly
14 under the law, and you will pick all the people who don't
15 look the same and the jury will decide based on that
16 representative record. Before the trial, I'm sure I will
17 have a lot of briefing on this but that's my
18 understanding right now on the case law.
19             Am I correct that you are -- you have sought
20 written discovery of all what the plaintiff represented
21 was 150 people. Is it more than 150?
22             MR. SHEA: No, there's 150 opt-ins.
23             THE COURT: I still don't understand the dynamic
24 between your pressing the written discovery of everyone
25 versus your getting some or all of the depositions that

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 6 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 32 of 76

32

1   MR. WITTELS: Yes.

2   THE COURT: The next question that I have is the
3   last thing we need to talk about is this idea that the
4   parties have apparently agreed to ask me to bifurcate
5   damages and liability. Let me ask a foolish question but
6   let's assume -- first of all, I should start by saying
7   that I have never bifurcated a case. I thought I would
8   finish my career as a judge and never have bifurcated a
9   case. I think they are recipes for dragging out a
10  litigation insufferably and unnecessarily. That being
11  said, with the number of depositions I came out today
12  with an open mind to listen as to why this made sense. I
13  will tell you what's on my mind right now. The only way
14  it makes sense to me. Obviously this is what the
15  defendants always love to point out. We should bifurcate
16  so when the plaintiffs lose, we won't have wasted our
17  time on damages but, you know, sometimes plaintiffs win.
18  We have to get another jury. We have to gear up again.
19  All those insurmountable problems have to be surmounted
20  again and we waste a lot of time. It strikes me that if
21  that -- obviously if that's the outcome, it's easy.
22  That's the end of the case. You go to Foley Square and
23  figure out if I have any of this right. If the jury
24  finds for the plaintiff and finds that these folks are
25  representative and that they are, you know, they

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 7 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 41 of 76

41

1    THE COURT: Any discovery left in the case?
2    MR. WITTELS: Well, it would be damages
3    discovery.
4    THE COURT: We Learned there's two steps to the
5    damages. I don't know if that effects it or not. I'm
6    saying I don't want to hear about the third step. I want
7    to know everything that has to be done to get it ready to
8    finish the case.
9    MR. WITTELS: Probably a four to five month
10   damages discovery period in which we work out the
11   defendant's appropriate sampling method. I can't think
12   they would fight it. I think the law allows it. We have
13   to work on the sampling and get the discovery and
14   evidence from that sample. Submit it to the expert.
15   Have them opine on it and go to trial. I think that's a
16   four to five month process. Reasonably could be shorter.
17   THE COURT: If I can hear from Attorney Shea on
18   the issue of bifurcation.
19   MR. SHEA: Yes, your Honor, I would suggest here
20   I think that it is common to bifurcate these cases
21   because it makes sense either because of the possibility
22   the defendant will prevail or alternatively I think if
23   you look at a lot of these cases, it is very important
24   from the employer's perspective to get a determination on
25   liability. Ultimately it impacts how you are going to

Case 3:07-cv-00967-JCH Document 335-1 Filed 03/07/11 Page 8 of 11
Case 3:07-cv-00967-JCH Document 253 Filed 04/13/10 Page 42 of 76

42

run your business. How you are going to have people on the line keeping the telephone running in storms and things of that sort. If you have to do all of the discovery, it makes it difficult to get to that liability finding. If there is a liability finding and if the jury concludes across the board that all of these folks are non-exempt and entitled to overtime, there remains a possibility for dispute. A lot is using a calculater. But the one issue that's the subject to dispute are the number of hours worked because people have not been punching a clock. You have to come to some fair determination on that front. I would say based on my limited experience and also based on my knowledge of the case law is when you get to that point, because the process is long and complex, there are usually are very strong incentives for the parties to dispose of that without a full blown trial. It's alternative dispute resolution process or something else that gets that done. That's why I think most people believe from an efficiency perspective bifurcation makes sense. There's lots of what Attorney Wittels said that I'd disagree with. I do not believe it is fair to have a process in place that doesn't take into account individual differences in damages. It might be problematic to say the average number of hours worked are 44 and allocate 44 to everyone

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 9 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 43 of 76

43

```
 1   when some are 42 and others are 46.  I do think what his
 2   dialogue indicates it's a very substantial expensive
 3   cumbersome process and from efficiency perspective you
 4   would be much better off if we go to liability and either
 5   as I hope make that process moot or be as Mr. Wittels
 6   hopes, the parties can work something out at that second
 7   phase.
 8            THE COURT:  I'm not hopeful of the latter point
 9   so I'm not counting on it.  One question to clarify, do
10   you disagree with Attorney Wittels that while individuals
11   might be entitled to the varying amounts that the total
12   amount of money that would be due and owing on a
13   liability finding could be determined by the statistical
14   sampling?
15            MR. SHEA:  I do not believe that's required by
16   the case law.  I say these are highly dependent on the
17   individual phase.
18            THE COURT:  So it's possible but not necessarily
19   correct?
20            MR. SHEA:  Correct.
21            THE COURT:  How will I be in a position to make
22   that judgment?
23            MR. SHEA:  I think ultimately the parties would
24   if we're unable to work it out ourselves, have to do the
25   four to five months of discovery, have to the examine
```

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 10 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 57 of 76

57

```
 1    taking evidence of everybody in the class to figure out
 2    which of the two groups they fall within.  That's no
 3    longer a class action, that's serious individual action
 4    that calls for de-certification.
 5              THE COURT:  I'm not the first judge to have to
 6    try one of these things.  I suspect we'll work our way
 7    through these issues eventually.  But it may be if the
 8    plaintiff calls 10 witnesses and you are going to proffer
 9    to me that 140 of the other people -- that the 10 who
10    testified are pink and everybody else is purple.  If
11    that's what you proffer to me, I suppose you that you put
12    on the 140 people.  I don't know that you need to.  I
13    might argue it is cumulative.  I might say if you get 50,
14    you are going to persuade the jury that his 10 don't
15    outweigh the 50 to make a finding across the board that
16    you win.  I suspect it is not going to be that every
17    person he doesn't put on the stand isn't pink.  I suspect
18    there will be other pink people besides the 10 he put on
19    the stand.  I suspect he won't be saving to me I have to
20    put everybody else on because you can't represent to me
21    they are all going to say they are pink.  I don't know.
22    We won't know that until we have the evidence.  It is
23    clear to me that not all employees need to testify to
24    prove a violation.  In order words, to recoup the back
25    wages.  The plaintiff can rely on testimony and evidence
```

Case 3:07-cv-00967-JCH   Document 335-1   Filed 03/07/11   Page 11 of 11
Case 3:07-cv-00967-JCH   Document 253   Filed 04/13/10   Page 58 of 76

58

1   of representative employees to meet the initial burden of
2   proof.  Once the pattern is established, the burden
3   shifts to the employer about the existence of the
4   violation or to prove that individual employees are
5   exempted from pattern or practice.  That's a case Celica
6   Brothers (ph.).  Cited by Judge Becker.  Reich versus
7   Gateway Press from the Third Circuit.  I usually find the
8   Third Circuit to be of sound mind unless they have to
9   have a separate body of jurisprudence.
10        MR. SHEA:  I can tell by the name of the
11  plaintiff, that's not a FSLA opt-in.  That's secretary of
12  labor proceeding.  I think it works differently in the
13  opt-in context.
14        THE COURT:  We are way ahead of ourselves.  You
15  wanted to say something further.  Is there anything
16  further that you want to say?
17        MR. SHEA:  No.
18        THE COURT:  Is it the defendant's intention
19  after taking a number of further depositions to move to
20  de-certify?
21        MR. SHEA:  No.
22        THE COURT:  That's red herring on the
23  plaintiff's point.
24        MR. SHEA:  It is.  If a jury were to determine
25  that some individuals in the class were exempt and some