UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | ) |
| Individually and on Behalf of Others | ) |
| Similarly Situated, | ) |
| | ) No: 3:07CV967 (JCH) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHERN NEW ENGLAND | ) |
| TELEPHONE COMPANY, | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT SNET'S REPLY IN SUPPORT OF ITS LOCAL RULE 56(a)(1) STATEMENT AND RESPONSE TO FACTS IN PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT**

Though Local Rule 56 does not allow it, Defendant-Southern New England Telephone Company ("SNET") submitted a 97-page Reply Statement in Support of Defendant's Local Rule 56(a)(1) Statement and Response to Facts in Plaintiffs' Local Rule 56(a)(2) Statement ("Reply Statement") (Docket No. 333) in an effort to circumvent the Court's 10-page limit for a reply memorandum of law.  SNET's voluminous Reply Statement contains impermissible legal arguments, introduces new facts, and includes mischaracterizations of Plaintiffs' facts.  Because Defendant SNET has violated the boundaries of this District's Local Rules, the Court should strike Defendant's Reply Statement.

I. **Local Rule 56 Does Not Permit Defendant to File a Reply Statement of Facts**

The District of Connecticut requires that a moving party submit with its motion for summary judgment "a concise statement of each material fact as to which the moving party

1

contends there is no genuine issue to be tried," accompanied by supporting evidence. D. Conn. L. Civ. R. 56(a)(1). In turn, the non-movant must provide with its opposition to summary judgment a statement containing admissions and denials to the movant's statements of material facts along with supporting evidence and a separate list of "disputed issues of material fact." D. Conn. L. Civ. R. 56(a)(2). One serve and one return are all the volleying Local Rule 56 permits; the Rule does not authorize a moving party to submit a reply statement of facts of the sort filed by Defendant SNET. D. Conn. L. Civ. R. 56; *see Pina v. Lantz*, 495 F. Supp. 2d 290, 309 (D. Conn. 2007) (declining to consider party's supplemental Local Rule 56(a)(1) statement submitted with its reply brief). By contrast, other jurisdictions explicitly allow or require moving parties to submit reply statements of fact along with their reply memoranda in support of summary judgment. *See* Dist. Me. L. Civ. R. 56(d); N.D. Ill. L. Civ. R. 56.1(a); D.R.I. L. Civ. R. 56(a)(5); D.N.J. L. Civ. R. 56.1(a).

## II.   SNET's Reply Statement Improperly Injects New Facts

Defendant SNET impermissibly introduces new facts into its Reply Statement that it could have included in its original Local Rule 56(a)(1) Statement:[1] i.e., *see* Def.'s Reply Statement ¶ 4 p. 7, ¶ 10 p. 18, ¶ 11 p. 22, 24, ¶ 12 p. 27, ¶ 15 p. 35-36, ¶ 19 p. 48, ¶ 20 p. 53, ¶ 21 p. 55, ¶ 23 p. 63, ¶ 25 p. 70, ¶ 35 p. 87; *Amalgamated Lithographers of Am. v. Unz & Co. Inc.*, 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (striking *sua sponte* defendant's Counterstatement of Undisputed Material Facts submitted with its reply brief). Because Local Rule 56 does not permit a reply statement of facts, the Court should strike Defendant's Reply Statement. *See*

---

[1] Defendant also includes additional facts not present in its Local Rule 56 without providing supporting evidence. (Def.'s Reply Statement ¶ 4 p. 7 ("Employee 'loans' occur on an extended basis; employees are not loaned to another manager's crew for a single day or other short duration.")) Even if this statement had been included in Defendant's Local Rule 56(a)(1) Statement, it does not comply with the Local Rule because it is not supported by admissible evidence described in Local Rule 56(a)(3).

*Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 639, 642 (N.D. Ind. 1997) (granting motion to strike movant's response to non-movant's statement of genuine issues because it was not "provided for within [the local] rules" and because movant should have sought the court's permission to file).

### III. Defendant SNET's Reply Statement Contains Legal Argument Prohibited by Local Rule 56

This Court has repeatedly stated that Local Rule 56(a) statements may not contain legal arguments. *Giglio v. Derman*, 560 F. Supp. 2d 163, 167 (D. Conn. 2008); *Ricci v. Destefano*, 3:04cv1109 (JBA), 2006 U.S. Dist. LEXIS 69305, at *6, (D. Conn. Sept. 18, 2006). In this and other jurisdictions spanning the country, it is also well-settled that Rule 56 statements accompanying summary judgment motions, oppositions, and replies may not contain legal arguments.[2]

Defendant SNET attempts to circumvent the page limits imposed by the Court by submitting a 97-page brief teeming with legal argument and disguised as its Reply Statement. *See Sancom, Inc. v. Qwest Commc'ns Corp.*, CIV. 07-4147-KES, 2010 U.S. Dist. LEXIS 4684, at *7 (D.S.D. Jan. 21, 2010) ("[A] party may not use its statement of facts to circumvent the 25-page limitation on legal briefs."). Defendant injects legal arguments into almost every paragraph of its Reply Statement, going so far as to cite to its memorandum of law. (Def.'s Reply

---

[2] *Lapine v. Seinfeld*, 08 Civ. 128 (LTS)(RLE), 2009 U.S. Dist. LEXIS 82304, at *11 (S.D.N.Y. Sept. 10, 2009) (granting defendants' motion to strike portions of plaintiff's Rule 56.1 statement that constituted legal argument); *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 2005 WL 22833, at *1, n.1 (S.D.N.Y. Jan. 5, 2005) (legal argument not allowed in Local Rule 56.1 statement); *Stepniak v. United Materials, LLC*, 03-CV-0569A(M), 2009 U.S. Dist. LEXIS 88863, at *10 (W.D.N.Y. Sept. 2, 2009) (legal argument "belongs in briefs, not Rule 56.1 statements"); *Beatty v. Twp. Of Elk*, 08-2235 (RBK/JS), 2010 U.S. Dist. LEXIS 36673, at *11, n.2 (D.N.J. Apr. 14, 2010) ("The Rule 56.1 statement of facts is not the place for argument."); *Ga.-Pac. Consumer Prods. LP v. Kimberly-Clark Corp.*, 09 C 2263, 2010 U.S. Dist. LEXIS 104669, at *10 (N.D. Ill. Sept. 30, 2010) ("A party may not include legal opinions or conclusions of law in its statement of facts in support of summary judgment."); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec et al.*, 529 F.3d 371, 382 (7th Cir. 2008) (same); *Rao v. BP Prods. N. Am., Inc.*, 04 C 6040, 2007 U.S. Dist. LEXIS 6074, at *13 n. 3 (N.D. Ill. Jan. 19, 2007) ("It is well-settled that it is improper to assert legal and other conclusions in a Rule 56.1 statement."); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000) (A 56.1 statement "is a document separate from the supporting memorandum; it is neither a supplement to nor a surrogate for the memo....it is not intended as a forum for factual or legal argument.").

Statement ¶ 9 p. 12-14, ¶ 10 p. 16, ¶ 11 p. 21, ¶ 13 p. 29, ¶ 14 p. 31, ¶ 15 p. 35-36, 39, ¶ 16 p. 41-42, ¶ 17 p. 43-44, ¶ 18 p. 47, ¶ 19 p. 48-49, 51, ¶ 20 p. 53-54, ¶ 21 p.55-56, ¶ 22 p. 49, ¶ 23 p. 62-63, 65, ¶ 24 p. 67, 69, ¶ 25 p. 70, ¶ 26 p. 73, ¶ 27 p. 74-76, ¶ 28 p. 80, ¶ 31 p. 83, ¶ 32 p. 84-85, ¶ 33 p. 85, ¶ 34 p. 86, ¶ 35 p. 87, ¶ 36 p. 88, ¶ 37 p. 89, ¶ 39 p. 90, ¶ 40 p. 90, ¶ 41 p. 91, ¶ 42 p. 93, ¶ 43 p. 93, ¶ 45 p. 94, ¶ 46 p. 95, ¶ 47 p. 95, ¶ 48 p. 96, ¶ 49 p. 96)  Defendant's Reply Statement also contains legal arguments intended to rebut assertions in Plaintiff's memorandum of law.  (Def.'s Reply Statement ¶ 16 p. 41, ¶ 19 p. 49, ¶ 25 p. 70)  SNET repeatedly argues that Plaintiffs' testimony is inadequate or that Plaintiffs have not cited to a sufficient number of Opt-Ins' testimony to dispute Defendant's stated fact.  (Def.'s Reply Statement ¶ 4 p. 7, ¶ 9 p. 12, ¶ 10 p. 18, ¶ 12 p. 26, ¶ 15 p. 36, ¶ 17 p. 43, ¶ 18 p. 46, ¶ 27 p. 75)

At times, Defendant's arguments are incoherent and enmeshed in contradiction.  For example, SNET contends that paragraph 9 of its Local Rule 56(a)(1) Statement, ("Plaintiffs **consider** themselves to be managers and/or supervisors"), is undisputed.  But Plaintiffs provided testimony directly refuting Defendant's "undisputed" fact.  (Pls.' Local Rule 56(a)(2) Statement ¶ 9)  In its Reply Statement, Defendant argues that Plaintiffs' citations are inadequate.  (Def.'s Reply Statement ¶ 9 p. 12)  Defendant then amazingly proclaims that "Plaintiffs' opinion of their own or job duties is immaterial to the resolution of Defendant's motion," and that "duties, and not job titles, are determinative of whether an employee meets the executive exemption."  (Def.'s Reply Statement ¶ 9 p. 12, 14)  It is puzzling why SNET would include as an undisputed fact in support of its motion for summary judgment that Plaintiffs "consider" themselves managers and then concede that this fact has no bearing at all on SNET's motion for summary judgment.  Because Defendant SNET included impermissible legal argument in its Reply Statement, thus surpassing the 10-page limit for its memorandum of law, the Court should strike it.

4

\* \* \* \* \*

For the foregoing reasons, Plaintiffs respectfully request that this Court strike Defendant SNET's Reply Statement in its entirety.

| | |
|---|---|
| Dated: March 8, 2011 | /s/_Jeremy Heisler_____ |
| | Jeremy Heisler (JH-0145) |
| | Steven Wittels (SLW-8110) |
| | **SANFORD WITTELS & HEISLER, LLP** |
| | 1350 Avenue of the Americas, 31st Floor |
| | New York, NY 10019 |
| | Telephone: (646) 723-2947 |
| | Facsimile: (646) 723-2948 |
| | |
| | David W. Sanford |
| | **SANFORD WITTELS & HEISLER, LLP** |
| | 1666 Connecticut Avenue, N.W., Suite 310 |
| | Washington, D.C. 20009 |
| | Telephone: (202) 742-7780 |
| | Facsimile:  (202) 742-7776 |
| | |
| | Edmond Clark |
| | **Law Office of Edmond Clark** |
| | 83 Scotland Avenue |
| | Madison, CT 06443-2501 |
| | Telephone: (203) 245-4602 |
| | Fax: (203) 245-9734 |
| | eclarkmadisonlaw@aol.com |
| | |
| | *Attorneys for Plaintiffs and the Class* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | ) |
| **Individually and on Behalf of Others** | ) |
| **Similarly Situated,** | ) |
| | ) No: 3:07CV967 (JCH) |
| **PLAINTIFFS,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SOUTHERN NEW ENGLAND** | ) |
| **TELEPHONE COMPANY,** | ) |
| | ) |
| **DEFENDANT.** | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2011, a copy of Plaintiffs' Motion To Strike Defendant SNET's Reply In Support Of Its Local Rule 56(A)(1) Statement And Response To Facts In Plaintiffs' Local Rule 56(A)(2) Statement was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

    /s/ Jeremy Heisler
    Jeremy Heisler
    **SANFORD WITTELS & HEISLER, LLP**
    1350 Avenue of the Americas, 31st Floor
    New York, NY 10019
    Telephone: (646) 723-2947
    Facsimile: (646) 723-2948
    Email: swittels@swhlegal.com
    *Lead Counsel for Plaintiff Sharon L. Perkins*
    *and the Opt-In Collective Action Plaintiffs*