UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**<br>**Individually and on Behalf of Others**<br>**Similarly Situated,**<br><br>           **PLAINTIFFS,**<br><br>     v.<br><br>**SOUTHERN NEW ENGLAND**<br>**TELEPHONE COMPANY,**<br><br>           **DEFENDANT.** | **CIVIL ACTION NO. 3:07CV967 (JCH)**<br><br><u>**DEFENDANT SNET'S PROPOSED**</u><br><u>**TRIAL PLAN**</u><br><br>April 6, 2011 |

I.   **INTRODUCTION**

The trial of this matter must proceed in a manner that is consistent with the rights of the parties and the requirements of due process. Having invested nearly four years in the development of this case, neither the Court nor the parties' interests are served by the implementation of a trial plan whose results are unworkable or risk an appellate court disturbing final adjudication of this matter. To that end, Defendant proposes a trial plan that would result in an efficient resolution of this matter, comports with due process requirements, and avoids presenting unnecessary issues to the jury.

Under Defendant's plan, the parties would try the case within approximately three weeks, involving the testimony relating to the exempt status of a total of 10 named or opt-in Plaintiffs ("the Testifying Plaintiffs"). Defendant – the party with the burden of proof on the executive exemption, which is the only liability issue in dispute at trial – will proceed first in opening, offer its case in chief first, and close last in closing arguments. The case should be bifurcated to reserve expert testimony on damages until the jury makes liability decisions with regard to the Testifying Plaintiffs.

To preserve Defendant's right to a trial by jury on all issues properly reserved to the jury, a special verdict form must be used to permit individual findings with regard to the exempt status of each Testifying Plaintiff. If the jury concludes that all 10 class members are exempt, SNET will prevail and judgment will enter in its favor on a class-wide basis. If they find all are non-exempt, Plaintiffs will prevail and will be entitled to a class judgment. If the jury returns a mixed verdict, the jury will have conclusively determined that all class members are <u>not</u> similarly situated. There would, in that circumstance, be no basis for the imposition of class-wide liability, and doing so would be squarely contrary to the jury's decision that at least some class members are properly exempt from overtime and ineligible for damages. The further proceedings to be had in light of a mixed verdict will depend both on the evidence at trial and the jury's verdict. There is some possibility that a mixed verdict could provide a basis for resolving liability issues on the basis of sub-classes. The more likely result is that decertification of the class will be required.

## II.     DEFENDANT'S PROPOSED TRIAL PLAN

A.     <u>The jury should hear testimony concerning 10 Plaintiffs, selected alternately and in equal number by each party.</u>

Defendant proposes that each party select 5 Plaintiffs whose exempt status will be determined at trial, for a total of 10 Testifying Plaintiffs, with the intention of completing trial expeditiously in 3 weeks or less. Each Testifying Plaintiff would testify with regard to his or her duties and individual hours worked, as needed to prove his or her individual alleged damages. Each party should be required to select at least one Testifying Plaintiff from each of the three work groups – Construction & Engineering, Core Installation & Maintenance, and U-verse.

The parties should alternate making selections of their respective Testifying Plaintiffs, starting with the party selected to present its case first. This procedure will eliminate the

possibility of the parties selecting the same Testifying Plaintiff(s), and needing to make alternative selections. This limit on the number of Testifying Plaintiff witnesses shall not otherwise limit the number of non-Plaintiff witnesses who may testify at trial.

In the event that a party selects a Testifying Plaintiff who has not previously been deposed in this matter, the opposing party should have the right to conduct a four-hour deposition of that witness. As the Court previously ruled, any Testifying Plaintiff who did not previously respond to Defendant's written discovery shall also be required to do so. See Transcript, May 19, 2010 hearing, at p. 60-61.

      B.      <u>The parties should each have seven trial days to put on their respective cases.</u>

Rather than place limits on the total number of witnesses who may testify for a party, each party should have seven trial days to put on their case. (A party's cross-examination of witnesses in its adversary's case would count against the examining party's seven day limit). Because the Court has not yet decided whether trial weeks will consist of four or five days (see Chambers Practices of Judge Janet C. Hall), Defendant suggests that the goal of completing the trial in 3 weeks or less be construed as constituting 14 full trial days. Defendant further proposes that opening and closing statements shall not be counted towards any party's 7-day limit.

      C.      <u>Defendant should open first, present its evidence first, and close last.</u>

As previously briefed by Defendant and as discussed further in Section IIIA, *infra*, Defendant has the burden of proof on the liability issue for trial: the application of Defendant's affirmative defense that Plaintiffs are exempt from the overtime requirements of federal and state law pursuant to the executive exemption. Therefore, Defendant should be permitted to present its opening arguments first, present its case in chief first, and make closing arguments last.

     D.    <u>At the close of the case, the jury should complete special verdict forms for each Testifying Plaintiff.</u>

For the reasons set forth in Section IIIB, if the evidence would allow a reasonable jury to conclude that some Testifying Plaintiffs are exempt and others are not, the constitutional and statutory right to trial by jury requires that the jury be allowed to make this determination and does not permit the Court to take this issue away from the jury. A simple special verdict form should, therefore, be used that asks the following two questions as to each Testifying Plaintiff:

    1)    Do you find that Plaintiff [insert name of Testifying Plaintiff] is exempt from the overtime requirements of the Fair Labor Standards Act?

    2)    Do you find that Plaintiff [insert name of Testifying Plaintiff] is exempt from the overtime requirements of the Connecticut wage and hour laws?[1]

<u>See</u> Manual for Complex Litigation, Fourth, § 12.451 ("Special verdicts … are common in complex trials" because "they simplify instructions, help jurors organize their deliberations, facilitate partial verdicts, isolate issues for possible appellate review, and reduce the costs and burdens of a retrial."); Fed. R. Civ. P. 49(a).

    *In toto*, the jury would render either ten or twenty special verdicts.

     E.    <u>Post-liability proceedings will depend upon what the evidence at trial shows, and what the jury finds.</u>

The decision as to what proceedings will follow the jury's special verdicts will depend on what those verdicts are and the evidence at trial, and therefore cannot be made at this juncture. There are three possible outcomes of the special verdict forms, each leading to a different post-trial result.

If the jury were to find that every Testifying Plaintiff is properly classified as exempt from applicable overtime laws, then no finding of liability against Defendant could be had, and

---

[1] In the event the Court grants Defendants' pending motion for partial summary judgment on this claim, the jury would only be required to render ten special verdicts.

4

the case would conclude in a judgment for Defendant on a class-wide basis.  If the jury were to find that every Testifying Plaintiff is misclassified as exempt, then the case would proceed to expert testimony on damages, as described in more detail in Section IIIC, *infra*.

If the jury were to find that some of the Testifying Plaintiffs are properly exempt from overtime, but Defendant is liable to some other Testifying Plaintiffs for unpaid overtime, the Court will have to consider further what proceedings are appropriate at that time.  See Section IIIC, *infra*.  Further proceedings will depend, in part, on the nature of the jury's "split decision" and the evidence presented at trial.  There is some possibility the jury's verdict may reflect an exemption determination based on the different duties performed in the three work groups — Construction & Engineering, Core Installation & Maintenance, and U-verse.  If it is clear from the jury's verdict that the jury has found that **all** managers in one or more groups are exempt or that **all** managers in one or more groups are non-exempt, it may be possible to enter judgment with respect to sub-classes.  On the other hand, if the jury determination appears based on individual factors, such as the authority to make or recommend personnel decisions, which are not based on differences between work groups, a resolution based on sub-classes will not be possible.  The only alternative will be to decertify the class, a motion that defendant anticipates filing in any case at the close of all evidence.  In any event, the appropriate next procedural step cannot be determined until the jury renders its verdicts on liability.

   F. <u>Expert testimony on damages should be deferred until after the jury returns its special verdicts</u>

The expert testimony that has been developed by both sides focuses exclusively on the aggregate damages to the class as a whole.  Plaintiffs' experts propose differing figures depending on whether there has been a violation of Federal or State law or both, and depending on the number of hours on average worked by the members of the class.  Defendant's expert has

criticized Plaintiffs' figures as inaccurate, and Defendant continues to believe it is improper to allow a finding of class-wide damages that is subject to multi-million dollar swings based on, *inter alia*, sampling error.

Despite these differences, it is clear that the expert testimony from both parties will only be relevant if the jury finds that all Testifying Plaintiffs are non-exempt. If the jury finds that all Testifying Plaintiffs are exempt or issues a split decision, undifferentiated expert testimony with respect to damages of all class members will be completely irrelevant and a waste of time. For this reason, Defendant proposes that all expert testimony be deferred until after the jury responds to special verdicts. This will also allow expert testimony to be appropriately limited if the jury were to decide, for example, that Testifying Plaintiffs were exempt under State law, but not under Federal law.

III.    **THE COURT SHOULD ADOPT DEFENDANT'S TRIAL PLAN**

    A.    <u>Defendant, as the party with the burden of proof on the issues for trial, should open first, present its evidence first, and close last.</u>

Defendant fully briefed this issue, at the request of Special Master Hawkins, on March 7, 2011 and incorporates its earlier argument. <u>See</u> Defendant SNET's Brief Regarding Bifurcation and Order of Proof at Trial [Doc. 334]. Defendant will briefly respond to Plaintiffs' Corrected Trial Memorandum on Bifurcation and Order of Proof [Doc. 336]. There is no legal support for Plaintiffs' argument that because they have the burden of proof on some issues related to *damages*, they must be allowed to proceed first.

In their Corrected Trial Memorandum [Doc. 336], p. 4, Plaintiffs cited <u>Anheuser Busch, Inc. v. John Labatt Limited USA</u>, 89 F.3d 1339 (8th Cir. 1996), for the mistaken proposition that "where … there are multiple issues and competing burdens of proof," plaintiffs should open and close the trial. <u>Anheuser Busch</u> merely held that the district court did not err in permitting the

6

plaintiff to present evidence first at trial of a trademark action where the plaintiff bore the burden of establishing liability on the other two counts in its complaint. Id. This case is inapposite, because – unlike the defendant in Anheuser Busch – the only burden of proof Plaintiffs will bear in this case relates to proof of *damages*. Plaintiffs' citations to Wolfslayer v. IKON Office Solutions, Civ. No. 03-6709, 2004 U.S. Dist. LEXIS 22625, at *34 (E.D. Pa. Nov. 8, 2004) and Reich v. Gateway Press, 13 F.3d 685, 701-02 (3d Cir. 1994), are equally inapposite. Pl. Br. at 4. In Wolfslayer, the court identified that plaintiffs have the burden of proof on the "willfulness" of a defendant's alleged FLSA violation – a fact which affects only *damages*, including the relevant damages period. The Reich case supports Defendant's position: "The Secretary's burden in these cases, however, is merely to present a prima facie case." Reich, 13 F.3d at 701. The Reich court then went on to discuss the burden plaintiffs face with respect to *damages*. Id., at 701-02. Neither Wolfslayer nor Reich addresses the order of proof. It is axiomatic that plaintiffs in *every case* have the burden of proof on damages. If that was enough to dictate the order of proof, there would be no cases in which defendants proceeded first – which patently is not the case, and not an argument that Plaintiffs even attempt to make.

  B. <u>The jury must be permitted to render individual verdicts as to each Testifying Plaintiff.</u>

Defendant has a clearly-established right to trial by jury under the Seventh Amendment, and the provisions of the FLSA. See U.S. Const. Amend. VII ("in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."); Lorillard v. Pons, 434 U.S. 575, 580 (1978) ("[It is] well established that there [is] a right to a jury trial in private actions pursuant to the FLSA"). This guarantee makes it impermissible for the court to make decisions that are properly the province of the jury – including the ultimate issues of whether Defendant has established its defenses, or whether

7

Defendant is liable to Plaintiffs for unpaid overtime. Therefore, unless the Court finds at the conclusion of all of the evidence that no reasonable jury could reach differing conclusions as to the exempt status of any of the Testifying Plaintiffs, the Court must allow the jury to render special verdicts as to each Testifying Plaintiff. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473, 476 (1962) ("[A]ny legal issues for which a trial by jury is timely and properly demanded must be submitted to a jury."); FLSA, 29 U.S.C. § 216 (b) ("Any employer who violates the provisions of section 215 (a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate…").

Failure to allow the jury to render individual special verdicts as to each Testifying Plaintiff is tantamount to a directed verdict to the jury to find liability across the entire class. Such a directed verdict is permissible only if, based on the evidence at trial, a reasonable jury could not decide that some Testifying Plaintiffs are exempt and others are not. See Fed. R. Civ. P. 50(a)(1) (authorizing directed verdict only where "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [adverse party] on that issue"). A different result cannot be reached simply because this is a collective action rather than a single-plaintiff case, without violating the Rules Enabling Act. 28 U.S.C. § 2072(b) (federal rules of procedure cannot be used to "abridge, enlarge, or modify any substantive right").

    C.    <u>The appropriate course of this case following a jury verdict on liability depends on whether the jury finds the Testifying Plaintiffs are all exempt, all non-exempt, or reaches differing conclusions regarding the Testifying Plaintiffs.</u>

As discussed above, there are three possible outcomes following the jury's special verdicts. If the jury finds that all Testifying Plaintiffs are exempt, judgment should be entered in favor of Defendant on a class-wide basis. If the jury finds that all Testifying Plaintiffs have been misclassified, judgment should be entered in favor of Plaintiffs and the case should proceed to a determination of damages. In addition to the damages evidence presented by the individual

8

Testifying Plaintiffs at the liability phase of the trial, and any other testifying witnesses with personal knowledge of Plaintiffs' damages, the jury would also hear expert testimony regarding damages incurred by non-testifying class members.

If the jury decides that some Testifying Plaintiffs are exempt, and some are not, then the Court must examine the appropriate course of action, depending on the nature of the jury's "split decision" and the evidence that has been presented at trial. There is some possibility the evidence might show that all supervisors in one or more of the three works groups are exempt and in one or more groups are not. Under these circumstances, a "split decision" along work group lines might allow for liability determinations on a sub-class basis. Defendant, however, expects that the evidence of exempt status may well vary, not only on the basis of sub-group, but on the basis of each manager's authority to make or recommend personnel decisions. The final prong of the Federal Executive exemption requires that employees have "the authority to hire or fire other employees" or to make "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [that] are given particular weight." 29 C.F.R. §541.100 (2004). It is possible that the evidence will show that this authority varied not on the basis of work group, but on the basis of the managerial philosophy and style of the Area Manager that supervised each Testifying Plaintiff over the lengthy liability period that is at issue in this case. This is precisely what happened in <u>Johnson v. Big Lots Stores, Inc.</u>, 561 F. Supp. 2d at 567 (E.D. La. 2008), where the Court observed:

> Some plaintiffs indicated that their store managers gave them little or no managerial responsibilities or that corporate policies dictated how to perform the details of their jobs. Others commented, however, that some managers were delegators and not micro-managers or that they could deviate from corporate guidelines in certain circumstances.

9

Id., at 583. The court further noted that some plaintiffs testified that they "did not have the authority to fire associate employees, [but] they stated that their managers took seriously their recommendations about whether an employee's employment should be terminated," while "many testified that they played an insignificant role, if any, in the decision-making process to terminate associate employees." Id., at 584. Based on these findings, the Court in Johnson decided to decertify the class following a bench trial.

If the special verdicts in this case appear to rest on similar differences, or if the basis for a split decision in special verdicts cannot be determined, no sub-class ruling will be appropriate.[2] Instead, in light of the jury's finding that all class members are not similarly situated, the class will have to be decertified. Id., at 586.

    D.       Bifurcation of expert testimony on damages is appropriate.

As previously briefed by Defendant, bifurcation is appropriate in this case. See Defendant SNET's Brief Regarding Bifurcation and Order of Proof at Trial [Doc. 334]. Plaintiffs' damages experts – who have calculated only class-wide total damages – should not testify unless and until the jury has established liability on behalf of Defendant on a class-wide basis, and it is clear what damages are at issue. See, e.g., D'Cunha v. Genovese/Eckerd Corp., 10-876-cv, 2011 U.S. App. LEXIS 4824, at *7 (2d Cir. Mar. 9, 2011) ("[A] court may bifurcate a trial for 'convenience, to avoid prejudice, or to expedite and economize.'") (quoting Fed. R. Civ. P. 42(b)).

---

[2] A finding of sub-class liability will not be appropriate merely because the jury finds that the limited number of Testifying Plaintiffs from a particular work group are all exempt or non-exempt, if the evidence suggests that such finding may have been based on factors other than the particular duties of supervisors in that work group. Thus, for example, if a jury found that all three Testifying Plaintiffs from the U-verse group were exempt, yet the evidence also happened to indicate a high level involvement by all three Testifying Plaintiffs in personnel decision making, and there was no evidence that such involvement occurred with all U-verse supervisors, then entry of judgment in favor of Defendant on a sub-class basis would not be appropriate.

10

IV.     **CONCLUSION**

Defendant proposes a trial plan that would result in an efficient resolution of this matter within approximately three weeks, involving testimony limited to the exempt status of 10 Testifying Plaintiffs.  Defendant is entitled to proceed first in opening and to offer its case in chief first, and to close last in closing arguments, because Defendant bears the burden of proof on its affirmative defense – the only liability issue in dispute at trial.  The jury must be permitted to render special verdicts with regard to the exempt status of each Testifying Plaintiff.  The case should be bifurcated with regard to expert testimony on damages until the jury makes liability decisions, at which time – and only at that time – the parties will know what the appropriate proof of damages will look like.  If the jury arrives at a "split decision" that some of the Testifying Plaintiffs are properly exempt from overtime, but that Defendant is liable to certain other Testifying Plaintiffs for unpaid overtime, then no judgment may enter for class-wide liability.  Rather, the case must proceed – depending on the particular proof offered at trial and the particular decisions rendered by the jury – consistent with the jury's finding that not all class members are misclassified.

Dated:  New York, New York          Respectfully submitted,
        April 6, 2011

                                By:  /s/ Patrick W. Shea
                                     Patrick W. Shea (CT07071)
                                     Paul, Hastings, Janofsky & Walker LLP
                                     75 East 55th Street
                                     New York, NY 10022
                                     Telephone: (212) 318-6000
                                     Facsimile: (212) 319-4090
                                     patrickshea@paulhastings.com

                                     Leslie A. Dent (PHV 03877)
                                     John F. Wymer, III (PHV 03876)
                                     Erika L. Leonard (PHV 03875)
                                     Paul, Hastings, Janofsky & Walker LLP
                                     600 Peachtree Street, N.E., Suite 2400
                                     Atlanta, Georgia 30308
                                     Telephone: (404) 815-2400
                                     Facsimile: (404) 815-2424
                                     lesliedent@paulhastings.com
                                     johnwymer@paulhastings.com
                                     erikaleonard@paulhastings.com

                                     Counsel for Defendant
                                     SOUTHERN NEW ENGLAND
                                     TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br>Individually and on Behalf of Others<br>Similarly Situated,<br><br>        PLAINTIFFS,<br><br>        v.<br><br>SOUTHERN NEW ENGLAND<br>TELEPHONE COMPANY,<br><br>        DEFENDANT. | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br>April 6, 2011 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2011, a copy of foregoing **DEFENDANT SNET'S PROPOSED TRIAL PLAN** was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Patrick W. Shea
        Patrick W. Shea (CT07071)
        Paul, Hastings, Janofsky & Walker LLP
        75 East 55th Street
        New York, NY 10022
        Telephone: (212) 318-6000
        Facsimile: (212) 319-4090
        patrickshea@paulhastings.com

        *Attorney for Defendant SNET*

LEGAL_US_W # 67520334.7