UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | ) |
| Individually and on Behalf of Others | ) |
| Similarly Situated, | ) |
| | ) No: 3:07CV967 (JCH) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHERN NEW ENGLAND | ) |
| TELEPHONE COMPANY, | ) |
| | ) |
| DEFENDANT. | ) |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT SNET'S REPLY IN SUPPORT OF ITS LOCAL RULE 56(a)(1) STATEMENT AND RESPONSE TO FACTS IN PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT**

In its Opposition to Plaintiffs' Motion to Strike (Docket No. 345, "Def.'s Opp."), Defendant Southern England Telephone Company ("SNET"), asserts that its Reply Statement in Support of Defendant's Local Rule 56(a)(1)Statement and Response to Facts in Plaintiffs' Local Rule 56(a)(2) Statement (Docket No. 333) ("Reply Statement") "does not improperly inject new facts" or contain "impermissible legal argument." (Def.'s Opp. at 4, 5). Defendant's Reply Statement contradicts both of these assertions. Additionally, Defendant SNET erroneously argues that the Reply 56(a)(1) attached as Exhibit 1 to its Opposition is analogous to Defendant's Reply Statement. Because SNET has not provided justification for filing its impermissible submission, the Court should strike Defendant's Reply Statement.[1]

---

[1] As Plaintiffs demonstrated in their opening papers supporting a motion to strike, Local Rule 56 does not allow a moving party to submit a Reply Statement of Facts. But even apart from that argument, SNET's Reply Statement is

1

## I. SNET's Reply Statement Contains Impermissible Legal Argument

In its Opposition, Defendant SNET does not challenge that legal argument is impermissible in Local Rule 56(a) statements.[2] Instead, SNET asserts that its Reply Statement merely directs the Court to relevant sections of its memorandum of law. (Def.'s Opp. at 5) However, a Local Rule 56 statement may not contain legal argument even if it cites to a memorandum of law. *See Giglio v. Derman*, 560 F. Supp. 2d 163, 167 (D. Conn. 2008) ("It is inappropriate for a party to make motions or legal arguments in a Local Rule 56(a) Statement. Such motions and legal arguments are to be submitted in a memorandum of law.")[3]

Furthermore, SNET's assertion grossly mischaracterizes the nature of its Reply Statement. The Reply Statement contains drawn-out legal arguments rather than simple references to Defendant's memorandum of law. For instance, SNET repeatedly attempts to define the scope of the Connecticut executive exemption, which is the central legal issue in its Motion for Summary Judgment. *See, e.g.*, Reply Statement at ¶ 19, p. 49 (arguing repeatedly that "Connecticut 'short test' for executive exemption does not require the exercise of discretion or independent judgment"). Defendant SNET baldly argues that its Reply Statement contains no legal argument even though it contains statements such as: "Plaintiffs' opinion of their own positions or job duties is not dispositive. Moreover, the kinds of 'clerical' or 'administrative'

---

substantively flawed because it injects legal argument and inserts new facts. This Reply Memorandum will focus on Defendant's argument that the substance of its Reply Statement is proper.

[2] SNET asserts that since this Court previously refused to strike Plaintiffs' deposition summaries, it should not strike SNET's Reply Statement. (Def.'s Opp. at 2) Unlike SNET's Reply Statement, Plaintiffs' summaries did not contain impermissible legal argument. *See* Ruling Re: Motions for FLSA Collective Action and Rule 23 Class Certification and Motion to Strike Appendices and Exhibits Re: Plaintiff's Reply (Docket No. 204) ("[T]he disputed charts are not arguments by counsel . . . .")

[3] Defendant attempts to render *Giglio* inapposite by pointing out that the court struck only parts of a Rule 56 statement. (Def.'s Opp. at 5) SNET, however, does not challenge *Giglio*'s holding that legal arguments are impermissible in Local Rule 56(a) statements.

2

tasks performed by Plaintiffs are managerial in nature because they are closely related to their other management duties." (Reply Statement at ¶ 9, p. 13) These statements, which are illustrative of Defendant's entire submission, are clearly legal arguments and thus cannot be included in a Local Rule 56(a) statement.

**II. <u>SNET's Reply Statement Impermissibly Introduces New Facts</u>**

In its Opposition, Defendant tacitly accepts the proposition that a reply brief or statement cannot introduce new facts. Defendant admits that it cited to testimony in its Reply Statement not raised in its original 56(a)(1) Statement or Plaintiffs' 56(a)(2) Statement. (Def.'s Opp. at 4 n.2) As argued in Plaintiffs' Motion to Strike, the Local Rules do not allow a moving party to submit an additional Rule 56(a)(1) statement with its motion for Summary Judgment. (Docket. No. 338, Pls.' Mem. at 2) Furthermore, in jurisdictions that explicitly allow for reply statements under Rule 56(a), they are limited to responding to "additional facts submitted by the opposing party." Dist. Me. L. Civ. R. 56(d); see also N.D. Ill. L. Civ. R. 56.1(a) (permitting reply statements in response to additional material facts submitted by opposing party); D.R.I. L. Civ. R. 56(a)(5) (same); D.N.J. L. Civ. R. 56.1(a) (same). Here, SNET did not limit itself solely to admitting or denying Plaintiffs' additional facts, but also impermissibly challenged Plaintiffs' admission or denial of Defendant's asserted facts. Because this Court does not allow parties moving for summary judgment to annex reply statements of facts of the sort Defendant SNET submitted, the Court should strike Defendant SNET's Reply Statement.

### III. SNET's Exhibit Is Not Analogous to Defendant's Reply Statement

In support of its arguments, SNET attaches an example of a Local Rule 56(a) reply statement from the *Stryker Orthopaedics* case that a court considered when deciding summary judgment. (Docket No. 345, Def.'s Ex. 1) The *Stryker Orthopaedics* statement, even if arguably permissible under Local Rule 56(a), is not similar in substance to the Defendant's Reply Statement. The *Stryker Orthopaedics* statement does not contain legal argument. Instead, the *Stryker Orthopaedics* statement responds only to the plaintiff's statement of undisputed facts by stating that the plaintiff had admitted facts or had not provided sufficient evidence to support disputed facts. (*See e.g.*, Def.'s Ex. 1 at 8) By contrast, Defendant SNET's Reply Statement includes repeated instances of legal argument meant only to be found in a memorandum of law. Because SNET's Reply Statement is saturated in legal argument, it is impermissible and the Court should strike it.

### IV. Plaintiffs' Motion To Strike is a Proper Vehicle to Ask that the Court not to Consider Defendant SNET's Reply Statement

SNET's contention that a motion to strike is an improper vehicle to ask the Court not to consider SNET's Reply Statement is without merit. Defendant cites to *Ricci v. Destefano*, which held only that motions to strike are inappropriate tools to pick apart portions of a Local Rule 56 statement. No. 3:04 CV 1109 JBA, 2006 U.S. Dist. LEXIS 69305, at *5-7 (D. Conn. Sept. 15, 2006) (denying motion to strike statement of facts in Local Rule 56(a) statement). Moreover, this Court has found motions to strike to be proper vehicles for challenging submissions related to summary judgment motions. *See Dragon v. I.C. Sys., Inc.,* 241 F.R.D. 424, 425-6 (D. Conn 2007) (noting that "Courts have been willing to view motions to strike on calling the propriety of affidavits [in support of or opposition to motions for summary judgment] into question") Here,

Plaintiffs have moved to strike Defendant's entire Reply Statement as it contains improper legal arguments and introduces facts not raised in the Local Rule 56(a)(1) statement or the Local Rule 56(a)(2) statement. Therefore, the motion is proper.

* * * * *

For the foregoing reasons, Plaintiffs respectfully request that this Court strike Defendant SNET's Reply Statement in its entirety.

| | |
|---|---|
| Dated: April 12, 2011 | /s/ Jeremy Heisler |
| | Jeremy Heisler (JH-0145) |
| | Steven Wittels (SLW-8110) |
| | **SANFORD WITTELS & HEISLER, LLP** |
| | 1350 Avenue of the Americas, 31st Floor |
| | New York, NY 10019 |
| | Telephone: (646) 723-2947 |
| | Facsimile: (646) 723-2948 |
| | |
| | David W. Sanford |
| | **SANFORD WITTELS & HEISLER, LLP** |
| | 1666 Connecticut Avenue, N.W., Suite 310 |
| | Washington, D.C. 20009 |
| | Telephone: (202) 742-7780 |
| | Facsimile: (202) 742-7776 |
| | |
| | Edmond Clark |
| | **Law Office of Edmond Clark** |
| | 83 Scotland Avenue |
| | Madison, CT 06443-2501 |
| | Telephone: (203) 245-4602 |
| | Fax: (203) 245-9734 |
| | eclarkmadisonlaw@aol.com |
| | |
| | *Attorneys for Plaintiffs and the Class* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | ) |
| Individually and on Behalf of Others | ) |
| Similarly Situated, | ) |
| | ) No: 3:07CV967 (JCH) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHERN NEW ENGLAND | ) |
| TELEPHONE COMPANY, | ) |
| | ) |
| DEFENDANT. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2011, a copy of Plaintiffs' Reply in Support of Plaintiffs' Motion To Strike Defendant SNET's Reply In Support Of Its Local Rule 56(a)(1) Statement And Response To Facts In Plaintiffs' Local Rule 56(a)(2) Statement was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Jeremy Heisler
Jeremy Heisler
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
Email: swittels@swhlegal.com
*Lead Counsel for Plaintiff Sharon L. Perkins
and the Opt-In Collective Action Plaintiffs*