UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br><br>Individually and on Behalf of Others Similarly Situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>SOUTHERN NEW ENGLAND TELEPHONE COMPANY,<br><br>DEFENDANT. | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br>JULY 27, 2011 |

### DEFENDANT SNET'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY OR ARGUMENT REGARDING THE FINANCIAL STANDING OF SNET AND THE EXISTENCE OR OUTCOME OF OTHER WAGE AND HOUR LAWSUITS AGAINST AT&T ENTITIES

Defendant Southern New England Telephone Company ("SNET") ("Defendant") anticipates that Plaintiffs Sharon L. Perkins, Michael Blasko, Joseph E. Kiely, Michael C. McDermott and Kelly Werbinski, on behalf of themselves and the other class members (collectively, "Plaintiffs"), their counsel, and their witnesses will attempt to make reference to, comment about, and/or introduce evidence and present argument concerning the financial standing of SNET and the existence or outcome of other wage and hour lawsuits filed against AT&T entities. Because Plaintiffs do not seek punitive damages, evidence of SNET's financial condition is not relevant and should be excluded in accordance with Federal Rule of Evidence 402. Moreover, the evidence should be excluded pursuant to Federal Rule of Evidence 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to SNET, including the risk that a jury hearing evidence regarding SNET's financial condition will impose liability on SNET simply because the jurors assume SNET "can afford it."

Further, Rule 402 requires the exclusion of evidence regarding the existence or outcome of other wage and hour lawsuits filed against AT&T entities because the facts and circumstances in those cases are unique to those cases; they have no relevance to the instant dispute. Even if the Court were to find evidence regarding other wage and hour lawsuits against AT&T entities to be probative here, any probative value of the evidence is substantially outweighed by the danger of prejudice to SNET arising from the risk that such evidence would confuse and distract the jury or that the jury would make the impermissible inference that the existence of other lawsuits lends credence to the Plaintiffs claims in this suit. Evidence regarding other wage and hour lawsuits filed against AT&T should therefore be excluded under Rule 403.

I.   **EVIDENCE REGARDING SNET'S FINANCIAL CONDITION SHOULD BE EXCLUDED**

   A.   **Evidence Regarding SNET's Financial Condition Is Not Relevant**

Federal Rule of Evidence 402 provides that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. The issue in this case is whether Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Connecticut law, Conn. Gen. Stat. § 31-76i, by classifying First-Level Managers as exempt executive employees. SNET's financial condition is not relevant to any issue in this case; indeed, SNET's financial condition is irrelevant to determining Defendant's liability, and is immaterial to a calculation of Plaintiffs' damages, if any, because Plaintiffs have not sought punitive damages in the Complaint. *See* Second Am. Compl. (Hereinafter "Compl.") [Doc. 118] at 33; *see also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (It is well-settled that evidence regarding "the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded."); *United States v. Seago*, 930 F.2d 482, 494 (6th Cir.

1991) (financial condition of defendant's company was "not probative" and therefore irrelevant to main issue of case, a scheme to defraud).

### B. Evidence Regarding SNET's Financial Condition Is Prejudicial

Because evidence of SNET's financial condition does not tend to prove or disprove any element of Plaintiffs' claims or SNET's affirmative defenses, its probative value (zero) is substantially outweighed by the danger of unfair prejudice to SNET in the event this irrelevant information is introduced at trial. *See* Fed. R. Evid. 403. References, comments, argument and/or evidence related to SNET's financial condition have no purpose at trial other than to impassion the jury against Defendant, artificially increase a possible award of damages, and/or to confuse the issues by suggesting liability should be imposed simply because SNET "can afford it." *See Blankenship v. Rowntree*, 219 F.2d 597, 598 (10th Cir. 1955) (supporting the proposition that inserting a defendant's ability to pay into the fact-finder's determination creates a foreign, diverting and distracting issue that can cause a prejudicial result); *see also Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373-74 (2d Cir. 1988) (it "would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability.").

## II. EVIDENCE REGARDING OTHER WAGE AND HOUR LAWSUITS SHOULD BE EXCLUDED

### A. Evidence Regarding Other Wage and Hour Lawsuits Filed Against AT&T Entities Is Not Relevant

Evidence regarding other wage and hour lawsuits filed against other separate AT&T entities is not relevant to this case and the central determination therein—that is, whether SNET's First-Level Managers were properly categorized as exempt under federal and state wage and hour law—and therefore such evidence should be excluded. *See* Fed. R. Evid. 402. The facts in this case are unique to these Plaintiffs and their employment by SNET in Connecticut, therefore the trial of this matter should focus on those facts, not the facts or litigation history of

other lawsuits in other far-flung jurisdictions. *See Chapple v. Fahnestock & Co.,* No. 03-4989 (TLM), 2010 WL 3118638, at *1 (E.D.N.Y. Aug. 5, 2010) (denying admission at trial of evidence relating to other lawsuits by other employees against defendant because the other lawsuits were not relevant to the resolution of plaintiff's claims); McLeod *v. Parsons Corp.*, 73 F. App'x. 846, 853-54, (6th Cir. 2003) (affirming the lower court's exclusion from trial of evidence regarding other cases filed by other employees against employer in part because there was no clear nexus between those lawsuits and the case; "The employees who filed [the other] actions worked at several different offices, and were discharged for a variety of reasons."); *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 390 (N.D. Iowa 1998) (stating that exclusion of evidence regarding other, similar lawsuits was appropriate because each case, although premised on the same statute, was dependent upon the specific facts and circumstances involved).

      **B.**      **The Danger of Unfair Prejudice to SNET of Evidence Regarding Other Wage and Hour Lawsuits Filed Against AT&T Entities Substantially Outweighs Its Probative Value**

Even if the Court were to find some nexus between this case and any other wage and hour lawsuits filed against AT&T entities, the probative value that evidence regarding the other lawsuits may have at trial is substantially outweighed by the danger of unfair prejudice to SNET. *See* Fed. R. Evid. 403. The introduction of evidence concerning the other lawsuits may "confuse, distract and prejudice the jury, and divert the jury's attention from the acts and omissions in this case and cause unwarranted consideration of the merits of other cases." *Suarez v. American Stevedoring, Inc.*, No. 06-CV-6721 (KAM)(RER), 2010 WL 825943, at *3 (E.D.N.Y. Mar. 4, 2010) (granting defendant-employer's motion *in limine* to exclude evidence concerning other lawsuits due primarily to concerns about the prejudice to defendant); *see also McLeod*, 73 F. App'x at 854 (affirming exclusion of evidence about other lawsuits due in part to the general risk of prejudice to the employer-defendant resulting from the risk that the evidence

will mislead the jury). Evidence regarding other, similar wage and hour lawsuits "presents serious potential for confusion [of the jury] and for decisions on an improper basis, such as conformance with other cases, rather than upon evaluation of the evidence and arguments in this case." *Land O' Lakes, Inc.*, 181 F.R.D. at 390 (granting motion *in limine* to exclude such evidence at trial). Evidence regarding other wage and hour lawsuits against AT&T entities should be excluded from the trial of this action.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion *in limine*.

Dated:  New York, New York
   July 27, 2011

Respectfully submitted,

By:  /s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul, Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

Leslie A. Dent (PHV 03877)
John F. Wymer, III (PHV 03876)
Erika L. Leonard (PHV 03875)
Paul, Hastings LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
lesliedent@paulhastings.com
johnwymer@paulhastings.com
erikaleonard@paulhastings.com

Counsel for Defendant
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | **CIVIL ACTION NO. 3:07CV967 (JCH)**<br><br><br>**JULY 27, 2011** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2011, a copy of foregoing **DEFENDANT SNET'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY OR ARGUMENT REGARDING THE FINANCIAL STANDING OF SNET AND THE EXISTENCE OR OUTCOME OF OTHER WAGE AND HOUR LAWSUITS AGAINST AT&T ENTITIES** was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul, Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*