UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| Individually and on Behalf of Others Similarly Situated, | **CIVIL ACTION NO. 3:07CV967 (JCH)** |
| **PLAINTIFFS,** | |
| v. | **JULY 27, 2011** |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

## DEFENDANT SNET'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO REQUIRE INDIVIDUALIZED DAMAGES DETERMINATIONS

I. **INTRODUCTION**

In *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2561 (2011), the Supreme Court unanimously held that, under the Rules Enabling Act, 28 U.S.C. §2072(b), Wal-Mart was entitled to individualized determinations of each class member's eligibility for back pay, and determined that this right cannot be replaced by "trial by formula." It is now clear that Plaintiffs' attempt to use a similar "trial by formula" to establish class-wide damages in this case runs counter to *Dukes*. For this reason, the Court should reject Plaintiffs' evidence of aggregate damages and require that any such proof be provided on an individualized basis.

II. **BACKGROUND**

In this case, Plaintiffs elected not to obtain and proffer evidence of each individual class member's alleged damages. Instead, Plaintiffs' damages calculations will be based upon

evidence from a sample group of class members.[1]  Specifically, in the multiple reports served by Plaintiffs' expert Dr. Richard Drogin ("Drogin")[2], Drogin calculated class-wide backpay, interest and liquidated damages based on the deposition testimony and/or interrogatory responses of varying sample groups of class members.[3]  Drogin used the sample members' testimony and/or responses to compute averages of alleged overtime hours.  He then imputed those averages to all 188 class members to arrive at an aggregate class-wide damages amount.

In their Proposed Trial Plan, Plaintiffs argue that "the jury should return a single damages verdict as to the entire class based on the representative and common proof to be elicited at trial." [Doc. 347].  In other words, Plaintiffs submit, the jury can (and should) rely on the aggregate damages calculations presented in Drogin's reports.  For the reasons below, this Court should reject Plaintiffs' Proposed Trial Plan and require Plaintiffs to present evidence of each individual class member's alleged damages.

III.   **ARGUMENT**

   A.   ***DUKES* PROHIBITS PLAINTIFFS' PROPOSED TRIAL BY FORMULA**

In *Dukes*, the Supreme Court flatly rejected a "trial by formula" approach to class-wide damages.  *See Dukes*, 131 S. Ct. at 2561.  Specifically, the *Dukes* plaintiffs sought to compute

---

[1] Because Plaintiffs refused class-wide written discovery related to alleged daily and weekly work hours, there is no evidence of alleged overtime hours for the vast majority of class members.  Plaintiffs provided information regarding alleged work hours for the 49 class members deposed by Defendant, as well as for a randomly selected group of 29 class members (Defendant served a randomly selected group of 30 class members with interrogatories, but only 29 responded).

[2] Plaintiffs served Drogin's initial report on September 30, 2010.  Plaintiffs served supplemental reports from Drogin on October 27, 2010, December 22, 2010 and May 20, 2011.

[3] In his September, October and December 2010 reports, Drogin's damages calculations were based on the testimony and interrogatory responses from the 49 deponent class members.  In his most recent report, dated May 20, 2011, Drogin relied solely on the interrogatory responses from just 29 randomly selected class members.

each class member's damages using a formulaic model approved by the Ninth Circuit in *Hilao v. Estate of Marcos,* 103 F.3d 767, 782–87 (9th Cir.1996).  *See Dukes*, 131 S. Ct. at 2550; s*ee also Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 625-26 (9th Cir. 2010).  In *Hilao,* compensatory damages for 9,541 class members were calculated by selecting 137 claims at random, referring those claims to a special master for valuation, and then extrapolating the validity and value of the untested claims from the sample set.  *See id.*  The Ninth Circuit concluded that a similar procedure could be used in *Dukes*: a sample of class members would be selected for liability and damages determinations, the percentage of those class members found to have valid claims would be extrapolated to the entire class, and the average backpay award for the sample would be multiplied by the percentage of valid claims and then distributed across the entire class.  *See Dukes*, 603 F.3d at 625-27; *see also Dukes*, 131 S. Ct. at 2561.  The Supreme Court rejected this "novel project" as a "trial by formula" that would deprive Wal–Mart of its right to assert statutory defenses to the individual claims of all class members. *Dukes*, 131 S. Ct. at 2561.  In other words, under *Dukes*, an employer is unequivocally entitled to litigate its statutory defenses with respect to *each* individual class member's damages claim.

   If Plaintiffs prevail on the merits, Defendant will vigorously assert the following defenses to damages claims, *with respect to each class member*:

- Defendant is entitled to offset any liability by additional compensation and benefits afforded to the class member, including, without limitation, premium payments and payments for time not worked;

- The class member's damages are barred to the extent they are not supported by a fair and reasonable inference;

- The class member is not entitled to damages for claimed work about which Defendant did not know or have reason to know.

Defendant could not meaningfully assert these defenses to the class as a whole; individualized determinations are necessary.

District courts interpreting *Dukes* have rejected formulaic approaches to class-wide damages. As the Eastern District of New York recently explained, the fact that individualized damages determinations may be "rough, inexact, and imprecise, cannot justify denying [the defendant] the opportunity to make its case to the trier of fact" and instead substituting a classwide determination of damages. *U.S. v. City of New York*, No. 07-CV-2067 (NGG)(RLM), 2011 WL 2680474, at *20 (E.D.N.Y. July 8, 2011). A sampling methodology was likewise rejected by the Northern District of California in a misclassification case following *Dukes*, because even if classwide liability was established, the court could not determine how "a week-by-week analysis of every class member's damages could be feasibly conducted." *Cruz v. Dollar Stores, Inc.*, Nos. 07–2050 SC, 07–4012 SC, 2011 WL 2682967, at *6 (N.D. Cal. July 8, 2011).

*Dukes* and its progeny squarely foreclose Plaintiffs' argument that "[th]e fact-finder is permitted to extrapolate the class' damages from representative evidence, and Courts have often sanctioned the derivation of aggregate figures through averaging." [Plaintiffs' Proposed Trial Plan, Doc. No. 347] Accordingly, the Court should reject Plaintiffs' Proposed Trial Plan and require individualized proof and determinations with respect to alleged damages.

### B. EVEN IF PLAINTIFFS WERE PERMITTED TO EXTRAPOLATE CLASS DAMAGES FROM REPRESENTATIVE EVIDENCE, THEIR SAMPLING APPROACH HERE IS UNACCEPTABLE

Drogin's sampling methodology to compute alleged backpay damages cannot survive *Dukes*. But even if this Court were to allow a "trial by formula" in this case, Plaintiffs' approach is so defective that it is impermissible.

First, Drogin's sample is unreliable. He imputes to all class members the overtime hours estimates provided in interrogatory responses by just 29 plaintiffs (approximately 15% of the class), <u>none</u> of whom have ever been deposed or otherwise tested by cross-examination. Moreover, because he uses a sampling methodology, Drogin's estimates contain a margin of error so that his alleged overtime hours range could be "off" by up to 78 minutes, or 1.3 hours, on both the low and high end. As set forth in Defendant's expert report, Drogin's margin of error translates to nearly $900,000 in alleged backpay.

The deficiencies in Drogin's methodology are also illustrated by the differences in his various reports. In his December 22, 2010 report, Drogin relied on interrogatory responses and deposition testimony from 49 class members and he concluded that on average class members worked 11.6-14.3 overtime hours per week. In contrast, in his May 20, 2011 report (a report that was served nearly 8 months after the deadline for service of expert reports), Drogin changed his formula and used solely interrogatory responses provided by just 29 class members. With this smaller sample size, Drogin concluded that on average all class members worked 14.72-17.24 overtime hours per week. These conclusions highlight Plaintiffs' advantage in focusing (improperly) on a smaller set of class members for their representative proof.

Finally, Plaintiffs' approach fails because they make no attempt to articulate how a lump sum damages award would be fairly distributed. Although Plaintiffs submit in their Proposed Trial Plan that "the damages can be easily apportioned between the class members as a ministerial matter without requiring almost 200 separate damages verdicts" [Doc. 347], they offer no specific distribution formula or plan. And their representation that it would be a "straightforward arithmetical matter to divide up the lump sum award on a proportional basis" is disingenuous.

IV.     **CONCLUSION**

    For the reasons set forth above, the Court should reject Plaintiffs' Proposed Trial Plan and require individualized determinations of damages for each class member.

Dated:  New York, New York          Respectfully submitted,
        July 27, 2011

                                         By:  /s/ Patrick W. Shea
                                                Patrick W. Shea (CT07071)
                                                Paul, Hastings, Janofsky & Walker LLP
                                                75 East 55th Street
                                                New York, NY 10022
                                                Telephone: (212) 318-6000
                                                Facsimile: (212) 319-4090
                                                patrickshea@paulhastings.com

                                                Leslie A. Dent (PHV 03877)
                                                John F. Wymer, III (PHV 03876)
                                                Erika L. Leonard (PHV 03875)
                                                Paul, Hastings, Janofsky & Walker LLP
                                                600 Peachtree Street, N.E., Suite 2400
                                                Atlanta, Georgia 30308
                                                Telephone: (404) 815-2400
                                                Facsimile: (404) 815-2424
                                                lesliedent@paulhastings.com
                                                johnwymer@paulhastings.com
                                                erikaleonard@paulhastings.com

                                                Counsel for Defendant
                                                SOUTHERN NEW ENGLAND
                                                TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| Individually and on Behalf of Others Similarly Situated, | **CIVIL ACTION NO. 3:07CV967 (JCH)** |
| **PLAINTIFFS,** | |
| v. | **JULY 27, 2011** |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2011, a copy of foregoing **DEFENDANT SNET'S MOTION IN LIMINE TO REQUIRE INDIVIDUALIZED DAMAGES DETERMINATIONS** was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*