UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | |
| Individually and on Behalf of Others Similarly Situated, | CIVIL ACTION NO. 3:07CV967 (JCH) |
| PLAINTIFFS, | |
| v. | AUGUST 18, 2011 |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | |
| DEFENDANT. | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #11 TO PRECLUDE USING THE FLUCTUATING WORKWEEK METHOD TO CALCULATE BACK OVERTIME

In their Motion in Limine # 11 to Preclude Using the Fluctuating Workweek Method ("FWW") to Calculate Back Overtime, Plaintiffs disregard the square holding of the Supreme Court in *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 580 & n. 16 (1942), and the five Circuit Courts of Appeals decisions that expressly instruct on the proper method of calculating damages in misclassification cases.[1]  Instead, Plaintiffs rely on what they consider to be the "plain terms" of a United States Department of Labor ("DOL") interpretative regulation, 29 C.F.R. §778.114, and incorrectly conclude that "the FWW method is out of place in this suit." (Memorandum in Support of Plaintiffs' Motion in Limine #11 ("Pl. Br.") at p. 2.)  As demonstrated below, Plaintiffs' position is contrary to controlling authority and it is clear that

---

[1] *Desmond v. PNGI Charles Town Gaming*, 630 F.3d 351, 356-57 (4th Cir. 2011); *Urnikis-Negro v. American Family Prop. Servs.*, 616 F.3d 665, 673 (7th Cir. 2010), cert. denied, 131 S. Ct. 1484 (2011); *Clements v. Serco, Inc.,* 530 F.3d 1224, 1230-31 (10th Cir. 2008); *Valerio v. Putnam Assocs.,* 173 F.3d 35, 39-40 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.,* 835 F.2d 1135, 1138-39 (5th Cir. 1988).

1

any overtime damages in this case must be limited to an overtime premium equal to one-half Plaintiffs' regular rate of pay. The Court should therefore deny Plaintiffs' motion.[2]

I.  **ARGUMENT**

Under the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA"), non-exempt employees must receive both straight-time pay (basic compensation for all hours worked) and overtime premiums (the additional compensation paid to non-exempt employees for hours in excess of 40 per week). The fundamental dispute between the parties with respect to damages is this: if the jury decides that one or more plaintiffs were misclassified, are Plaintiffs entitled to unpaid overtime damages based on the assumption that their $70,000 to $90,000 salaries only provided straight-time compensation for the first 40 hours of their workweek; and they therefore must be paid "time and a half" for each weekly hour over 40, to provide both additional straight-time and overtime compensation for those hours? Or should backpay be limited to an overtime premium of 50% of Plaintiffs' regular rate of pay, because the fixed payment they received already compensated Plaintiffs for straight-time for all hours worked? The square holdings of the Supreme Court and every Circuit Court to address the issue limit any overtime damages in this case to one-half Plaintiffs' regular rate of pay.

Despite the overwhelming weight of contrary authority, Plaintiffs argue this half-time computation, or fluctuating workweek method ("FWW"), cannot apply here because: 1) Plaintiffs did not receive overtime compensation contemporaneously with their fixed salaries,

---

[2] Defendant fully briefed the propriety of this calculation in its Memorandum in Support of Its Motion in Limine to Exclude Evidence and Argument Regarding Damages Calculations Based on an Overtime Premium Rate Other Than One-Half the Regular Rate of Pay [Doc. No. 380]. For efficiency purposes, Defendant will not restate all of its arguments in support of that Motion, but respectfully requests the Court to refer to that brief when considering Plaintiffs' related Motion in Limine #11.

2) Plaintiffs, at times, received lump-sum amounts of "duty pay" in addition to their fixed salaries, and 3) there is no express regulation under Connecticut law authorizing FWW. None of these arguments precludes application of FWW in this case.

    A.    **<u>Plaintiffs Ask this Court to Issue an Instruction Inconsistent with Supreme Court Precedent.</u>**

In their supporting papers, Plaintiffs make no attempt to distinguish the Supreme Court's decision in *Missel,* nor do they otherwise suggest why that well-established precedent is inapplicable here. The *Missel* decision interpreted section 207 of the FLSA, and specifically "the application of the overtime section of the [FLSA] to an employee working irregular hours for a fixed weekly wage." *Missel*, 316 U.S. at 573. This Court is bound by *Missel's* controlling authority.

The plaintiff in *Missel* sued his prior employer to recover overtime compensation alleged to be due under the FLSA. Like the plaintiffs in this case, Missel received a fixed weekly salary, regardless of the number of hours he worked (*i.e.*, he did not receive any additional compensation for overtime hours). *Missel*, 316 U.S. at 574. The Supreme Court found that Missel's employer had violated the FLSA, and that he was entitled to unpaid overtime. With respect to the amount of backpay due, the Court held that Missel's fixed weekly salary was meant to compensate him, at the regular rate of pay, for *all hours worked in a week* (including those over 40), exclusive of any 50% overtime premium. *Id*. at 580. The *Missel* decision expressly established the formula to apply in any case where an employee receives a fixed amount for all hours worked in a week (and where that weekly salary satisfies statutory minimum wage requirements): **the employee's regular rate of pay for a given week is calculated by dividing the fixed weekly wage by the total number of hours worked in that week (including overtime hours). The employee is then entitled to an overtime premium of**

**one-half that rate.**  *Id*. at 580 & n. 16; *see also Desmond*, 630 F.3d at 357; *Urnikis-Negro*, 616 F.3d at 681-84.

        1.       **The Supreme Court did not impose a requirement that overtime be paid contemporaneously with wages.**

Plaintiffs assert that FWW is permissible only when overtime is paid simultaneously with wages and therefore it will *never* apply in the context of a misclassification case because "by definition, an employer will always fail to pay contemporaneous overtime." (Pl. Br. at p. 6.)  No such contemporaneous payments were made to Missel.  Rather, the Court's examination focused on any salary arrangement which contemplated a "weekly wage with variable or fluctuating hours" and where weekly wages satisfied minimum wage requirements.  *Id*. at 579-80.  Here, Plaintiffs received a substantial salary, ranging generally from $70,000 - $90,000 per year (*i.e.* exceeding the statutory minimum wage), and they worked fluctuating weekly hours that could exceed 40 per week.  With regard to the factors necessary for applying the Supreme Court's prescribed damages formula, this case is indistinguishable from *Missel*.

        2.       **Nor are contemporaneous overtime payments required under the DOL's interpretive regulation.**

The DOL incorporated the *Missel* method into an interpretative regulation, 29 C.F.R. §778.114(a):

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for

4

whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.[3]

Contrary to Plaintiffs' suggestion, §778.114(a) does not expressly require contemporaneous overtime payments as a necessary precondition to application of FWW.[4] In fact, three Circuit Courts of Appeals have applied §778.114(a) *retroactively* in misclassification cases, where the plaintiffs could not have received contemporaneous overtime pay because their employers treated them as exempt from the FLSA's overtime requirements. *Valerio*, 173 F.3d at 39-40; *Blackmon,* 835 F.2d at 1138-39; *Clements,* 530 F.3d at 1230-31. Plaintiffs fail to even cite – let alone distinguish – these decisions. Instead, Plaintiffs refer to a handful of district courts that have read the DOL regulation incorrectly, in a way that Plaintiffs suggest requires contemporaneous payment of overtime, but that reading is flatly contrary to the Circuit Court case law that has addressed this issue.

Plaintiffs' argument that "[t]he 'clear mutual understanding' required by the regulation…involves an agreement by all parties that the fixed salary must be supplemented with 'overtime premiums'" is likewise unsupported. The Circuit Courts held that a "clear mutual understanding of the parties" is satisfied whenever there is an understanding that, "while the

---

[3] Defendant disagrees with Plaintiffs' argument that §778.114 deserves "*Chevron* deference." (Pl. Br. at p. 7, n. 6.) §778.114 is the DOL's *interpretation* of the FLSA; it is not a *governing* rule. Because it was not issued pursuant to the usual notice and rulemaking procedures used with formal regulations, it does not have the force of law. *See Urnikis-Negro*, 616 F.3d at 675-76. Any attempt by Plaintiffs to read or apply §778.114 in a way that is inconsistent with the Supreme Court's controlling interpretation of the FLSA therefore must fail. While Defendant agrees the DOL's interpretative regulations are entitled to a "measure of respect" from the judiciary, *Id.*, any deference to §778.114 must be consistent with the *Missel* decision.

[4] Nor could the DOL have altered the Supreme Court's statutory interpretation of section 207 of the FLSA to impose this requirement.

employee's hours may vary, his or her base salary will not." *Valerio*, 173 F.3d at 40. In fact, each Circuit Court rejected the suggestion that there must be a clear and mutual understanding with respect to the payment of overtime to qualify for application of FWW. *Id.*; *Blackmon,* 835 F.2d 1138-39; *Clements,* 530 F.3d at 1230-31.

### 3. The DOL itself has clarified that §778.114 does not require contemporaneous overtime payments.

Plaintiffs disingenuously avoid reference to the 2009 DOL opinion letter which squarely addresses how to calculate unpaid overtime in misclassification cases. In Wage and Hour Opinion Letter FLSA 2009-3, the Department was asked by an employer how it should pay backpay to employees who, while misclassified as exempt employees, had received a guaranteed bi-weekly salary for the variable hours they worked, which in most weeks were 50 or more. The DOL did not preclude the employer from using FWW, even though the employer had not paid overtime simultaneously with wages. Rather, it expressly endorsed paying only the 50% overtime premium and clarified, "[w]here an employee continues to work and accept payment of a salary for all hours of work, her acceptance of payment of the salary will validate the fluctuating workweek." *Id.* (quoting, Wage and Hour Opinion Letter FLSA – 772 (Feb. 26, 1973)). This determination by the DOL, which is consistent with longstanding Supreme Court precedent, is entitled to substantial deference. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 149 (2d Cir. 2010) (concluding that the Secretary's interpretations are entitled to "controlling deference"), *cert. denied*, 131 S. Ct. 1568 (2011); *Mullins v. City of New York*, Docket No. 09-3435-cv, 2011 WL 3375552, at *9 (2d Cir. Aug. 5, 2011) (same).

### B. Plaintiffs Erroneously Claim That FWW Cannot Apply During the Period When They Were Eligible to Receive Duty Pay.

The logic of *Missel* is clear: when an employee receives a fixed weekly sum that is meant to cover all work hours, whether few or many, that weekly sum serves as straight-time

compensation for *all* hours worked in the week, so long as the hourly rate equivalent meets the statutory minimum wage. This basic reasoning applies regardless of whether the fixed sum Plaintiffs received included an additional fixed lump-sum payment for "duty pay." Specifically, even during duty weeks, Plaintiffs still received a *fixed* amount of weekly compensation, *i.e.*, their base salary plus a set duty payment, that did not vary based on the number of hours they worked.[5] It is illogical to assume that Plaintiffs' fixed salary and duty payment were intended to compensate only for the first 40 hours Plaintiffs worked during their duty weeks, and that Plaintiffs should therefore receive additional straight-time *and* an overtime premium for all work hours over 40 in those weeks. Under these facts, this Court cannot depart from the Supreme Court's clear instructions in *Missel*: Plaintiffs' regular rate of pay is calculated by dividing the weekly fixed payment they received by the total number of weekly work hours (including overtime hours) and Plaintiffs may recover only an overtime premium equal to 50% of their regular rate of pay.

Plaintiffs' citation to *O'Brien v. Town of Agawam*, 350 F.3d 279 (1st Cir. 2003), is inapposite. In *O'Brien*, the plaintiff officers worked varying hours each week, and received a fixed weekly base salary. 350 F.3d at 282-83. Beyond their fixed salary, the officers also received "additional compensation" in the form of a $10 shift-differential for nighttime shifts, as well as "extra pay for *every hour worked* beyond eight hours in a day, and for *every hour* worked on otherwise off-duty time, regardless [of] whether their total number of hours worked for the week exceed[ed] forty." *Id.* at 288-89 (emphasis added). In other words, the pay scheme

---

[5] For example, Plaintiffs assigned to duty during weeks of good weather, where there was little or no work outside of normal hours, received the same fixed duty payment as Plaintiffs assigned to duty during weeks when bad weather produced major outages, requiring a substantial number of additional hours.

examined in *O'Brien* is unlike Plaintiffs' compensation in this case because the *O'Brien* plaintiffs' weekly pay varied depending on *the specific number of hours they actually worked*, and the court therefore found that the officers did not receive a "fixed amount" of straight-time pay each week. *Id.*   This is easily distinguished from the duty pay Plaintiffs received during part of the limitations period, which was a fixed lump-sum payment with no tie to the actual number of hours Plaintiffs worked.[6]  Plaintiffs received a fixed weekly payment for non-duty weeks, and a fixed weekly payment for duty weeks.  Accordingly, *Missel* and FWW apply at all times in this case.[7]

      C.      **<u>Connecticut Would Follow Federal Authority in Interpreting the CMWA</u>**

Plaintiffs argue that "Connecticut overtime law does not contain FWW," and therefore "FWW cannot be used to compute damages." (Pl. Br. at p. 2, 9-10.)  Plaintiffs are wrong that FWW applies only based on 29 C.F.R. §778.114(a).  Indeed, *Missel* was decided nearly 70 years ago, long before the DOL promulgated §778.114(a).  Plaintiffs apparently and erroneously

---

[6] Plaintiffs also cite three district court cases in support of their contention that duty pay precludes application of FWW.  Those decisions involve different and more complicated pay schemes than SNET's provision of a fixed, lump-sum duty payment for duty weeks. *Dooley v. Liberty Mut. Ins. Co.*, 369 F. Supp. 2d 81 (D. Mass. 2005) (examining per diem and premium hourly rate increases for Saturday work); *Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9077 RMB, 2007 WL 646326, at *3 (S.D.N.Y. Feb. 27, 2007) (examining partial and full day sea pay and day-off pay); *Adeva v. Intertek USA, Inc.*, Civil Action No. 09-1096(SRC), 2010 WL 97991, at **2-3 (D.N.J. Jan. 11, 2010) (examining off-shore pay, holiday pay, and day-off pay).  As with *O'Brien*, any additional payments to the plaintiffs in these cases that were incrementally tied to the specific number of hours worked are easily distinguished from "duty pay."  And to the extent those district court decisions – all of which analyze a prospective salary arrangement and do not relate to damages calculations in misclassification cases – are inconsistent with Supreme Court precedent (and the five Circuit Courts to address the issue of overtime calculations in misclassification cases), they ought not to be followed.

[7] Plaintiffs plainly overreach by asserting that "the FWW is barred as the measure of damages for the back overtime pay SNET owes L1s for overtime hours worked during 2005-2007." (Pl. Br. at p. 9.)  It is undisputed that Plaintiffs were not assigned to duty each week during this two year period.  As such, under no circumstance could Plaintiffs object on this basis to application of FWW to non-duty weeks.

believe that the Supreme Court must have "gotten it wrong" in *Missel* because it did not rely on an express regulation containing the half-time method for calculating unpaid overtime.

Nor is Plaintiffs' argument that "this state's wage and hour statute repeatedly uses the term 'one and one-half times' the employee's hourly rate" persuasive.  (Pl. Br. at p. 10.)  The FWW method is not a creature of any federal or state regulation; instead it is based on the Supreme Court's decision in *Missel* interpreting section 207(a) of the FLSA.  The language in section 207(a) (requiring employers to pay non-exempt employees "one and one-half times the regular rate" for all hours worked in excess of 40 per week) is virtually identical to the language of C.G.S. 31-76c on which Plaintiffs rely.  *See* 29 U.S.C. §207(a)(1) (2011).  Like the Connecticut statute, the FLSA contains the exact same "one and one-half times" terminology that Plaintiffs claim is dispositive on this issue. Nevertheless, the Supreme Court expressly concluded that employees who are paid a fixed weekly payment for all hours worked are entitled to unpaid overtime at a rate of one-half their regular rate of pay, because the fixed payment has already compensated them for the "one" in the "one and one-half" formulation.

The same result is required here.  When dealing with identically worded statutory provisions, Connecticut courts typically follow the lead of federal law and would do so in this case. *See Nussbaum v. Kimberly Timbers*, 271 Conn. 65, 73, 856 A.2d 364, 369 (2004) ("In construing a Connecticut statute that is similar to federal law, we are guided by federal case law."); Ruling Re: Defendant's Motion For Partial Summary Judgment and Plaintiffs' Motion to Strike [Doc. 361], at p. 7 ("The Connecticut Supreme Court has made it clear that, when interpreting the CMWA, Connecticut courts rely on federal precedent interpreting analogous provisions of the FLSA.").

9

D.       **The Burden of Proof on the Factual Requirements of FWW is a Non-Issue.**

Finally, Defendant acknowledges that it carries the burden on the issue of the proper damages formula, at least under Connecticut law, but there appears to be little dispute that Plaintiffs have understood at all relevant times that their salary was intended to cover all hours worked. Because the facts are largely undisputed, the burden of proof is irrelevant.

II.      **CONCLUSION**

This Court must defer to the square holding of the Supreme Court in *Missel* and limit any overtime damages in this case to one-half Plaintiffs' regular rate of pay. Every Circuit Court to address this issue in the context of a misclassification case reached the same conclusion. The DOL concurs. Defendant therefore respectfully requests an Order denying Plaintiffs' Motion in Limine #11 to Preclude Using the Fluctuating Workweek Method ("FWW") to Calculate Back Overtime.

Dated: New York, New York　　　　　　　　Respectfully submitted,
　　　　　August 18, 2011

　　　　　　　　　　　　　　　　　By:　/s/ Patrick W. Shea
　　　　　　　　　　　　　　　　　　　Patrick W. Shea (CT07071)
　　　　　　　　　　　　　　　　　　　Paul Hastings LLP
　　　　　　　　　　　　　　　　　　　75 East 55th Street
　　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　Telephone: (212) 318-6000
　　　　　　　　　　　　　　　　　　　Facsimile: (212) 319-4090
　　　　　　　　　　　　　　　　　　　patrickshea@paulhastings.com

　　　　　　　　　　　　　　　　　　　Leslie A. Dent (PHV 03877)
　　　　　　　　　　　　　　　　　　　John F. Wymer, III (PHV 03876)
　　　　　　　　　　　　　　　　　　　Erika L. Leonard (PHV 03875)
　　　　　　　　　　　　　　　　　　　Paul Hastings LLP
　　　　　　　　　　　　　　　　　　　600 Peachtree Street, N.E., Suite 2400
　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30308
　　　　　　　　　　　　　　　　　　　Telephone: (404) 815-2400
　　　　　　　　　　　　　　　　　　　Facsimile: (404) 815-2424
　　　　　　　　　　　　　　　　　　　lesliedent@paulhastings.com
　　　　　　　　　　　　　　　　　　　johnwymer@paulhastings.com
　　　　　　　　　　　　　　　　　　　erikaleonard@paulhastings.com

　　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　　SOUTHERN NEW ENGLAND
　　　　　　　　　　　　　　　　　　　TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** <br><br> Individually and on Behalf of Others Similarly Situated, <br><br> **PLAINTIFFS,** <br><br> v. <br><br> **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** <br><br> **DEFENDANT.** | **CIVIL ACTION NO. 3:07CV967 (JCH)** <br><br><br> **AUGUST 18, 2011** |

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2011, a copy of foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #11 TO PRECLUDE USING THE FLUCTUATING WORKWEEK METHOD TO CALCULATE BACK OVERTIME** was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*