UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| **Individually and on Behalf of Others Similarly Situated,** | **CIVIL ACTION NO. 3:07CV967 (JCH)** |
| **PLAINTIFFS,** | |
| | **AUGUST 23, 2011** |
| v. | |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

## DEFENDANT SNET'S BRIEF REGARDING EXPERT DATA SUMMARY EXHIBITS

In the Joint Trial Memo [Doc. 418], Plaintiffs object to four categories of expert data summaries that appear on Defendant's exhibit list. See Trial Memo [Doc. 418], pp. 623-647. Defendant Southern New England Telephone Company ("SNET") ("Defendant") hereby files its brief in accordance with the Court's June 22, 2011 Scheduling Order [Doc. 367], p. 11, addressing these exhibit evidentiary issues. As set forth more fully below, Plaintiffs' objections to the data summaries under Federal Rules of Evidence 106 (lack of completeness), 401 and 402 (relevance), 403 (prejudice and waste of time), 801 (hearsay), and 901 (authentication); their objection based on "lack of foundation," and their objection that the documents are "late compilation of expert data past the deadline of expert submissions" are meritless. See Trial Memo [Doc. 418], pp. 623-647. The documents are relevant, complete, authentic, and admissible summaries under Federal Rule of Evidence 1006. There is no basis for the preclusion of Defendant's summaries of Plaintiffs' expert database. Borges v. Seabulk Int'l, Inc., 2007 WL 4707649 at *1 (D. Conn. July 25, 2007) ("Preclusion of evidence is a harsh remedy and should be utilized only on rare occasions when justice so requires.") (citation omitted).

I.   **THE DOCUMENTS AT ISSUE ARE SUMMARIES, NOT NEWLY CREATED EXPERT DATA.**

In his initial expert report, Plaintiffs' expert Yvgeny Klimov described how he created a database from time-stamped business records that Defendant produced during discovery. See September 30, 2010 Data Analysis Report of Findings [Doc. 394-1], internal pages 6-8. Mr. Klimov's analysis and conclusions are drawn from the database he created. Plaintiffs put Mr. Klimov's backup data on their own exhibit list (see Plaintiffs' Exhibits 3006-3008), although it was unclear how Plaintiffs would use or present this database to the jury, as they placed it on their exhibit list as three separate zip files containing a total of almost 6 GB of data. Defendant's Exhibits 6960-7070 are merely summaries of Mr. Klimov's data – not new expert submissions, as Plaintiffs claim.

In order to present the data in Mr. Klimov's massive data files in a manner that could be reviewed and digested by the jury, Defendant has simply searched in Mr. Klimov's database for data points related to the Testifying Plaintiffs on both parties' witness lists. Four types of summaries were created from searching Klimov's database:

> 1) VPN data summaries (Defendant's Exhibits 6960-6987) summarizing time-stamped entries related to the Testifying Plaintiffs' use of SNET's Virtual Private Network to access SNET's network from a remote computer ("VPN");
>
> 2) Building access data summaries (Defendant's Exhibits 1988-7014) summarizing time-stamped entries related to Testifying Plaintiffs swiping their Company security badges at Company facilities;
>
> 3) Summaries of Testifying Plaintiffs' first building access times from the building access data described above (Defendant's Exhibits 7015-7042); and
>
> 4) Summaries of the days on which the VPN records show activity by Testifying Plaintiffs, organized by year (Defendant's Exhibits 7043-7070).

These documents are admissible summaries under Federal Rule of Evidence 1006:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart,

summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.  The court may order that they be produced in court.

The data source for the charts—the original SNET business records reflecting time stamp data compiled in a database by Mr. Klimov— are too voluminous to be effectively examined in court.  The originals – created by Plaintiffs' expert Mr. Klimov – have been available to both parties since September 2010.  Plaintiffs presumably intended to make the original database available to the Court as well, as they put the database on their exhibit list, and thus have an obligation to provide copies to the court.  See June 22, 2011 Scheduling Order [Doc. 367], p. 6.

## II. THE DOCUMENTS ARE PLAINLY RELEVANT AND NEITHER PREJUDICIAL NOR CUMULATIVE.

Plaintiffs' relevance and prejudice objections under Federal Rules of Evidence 401, 402, and 403 are undermined by the fact that Plaintiffs placed the entire database from which the summaries were drawn on their own exhibit list.  Plaintiffs put the VPN and building access data at issue in this case by their expert's reliance on such data as part of his analysis of the overtime hours that Plaintiffs have allegedly worked.  The number of overtime hours allegedly worked by Plaintiffs is plainly relevant to the issue of Plaintiffs' damages, if liability is found by the jury.

There is no prejudice to Plaintiffs by Defendant submitting Plaintiffs' own expert evidence in a manageable and digestible summary format.  The Second Circuit has held that "summary charts are admissible where all of the evidence contained in the charts is supported by evidence already admitted."  United States v. Peirce, 357 F. App'x 319, 322 (2d Cir. 2009).  Plaintiffs listed the underlying evidence – Mr. Klimov's database – on their exhibit list.  Even if Plaintiffs decide not to enter their database into evidence, the summaries are admissible because they were created from Plaintiffs' database compiling Defendant's admissible time-stamped business records.  See, e.g., Valjean Mfg. v. Michael Werdiger, Inc., 05-0939-cv (L), 05-1502-cv

(XAP), 2007 U.S. App. LEXIS 20475, at *4 (2d Cir. Aug. 27, 2007) (holding that a computer-generated summary of sales commissions was properly admitted under FRE 1006 because the underlying documents used to create the summary would have been admissible as defendant's business records); Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53 (2d Cir. 1993) ("Summary evidence is admissible as long as the underlying documents also constitute admissible evidence and are made available to the adverse party.").

As discussed in more detail in Section III, *infra*, any challenges that Plaintiffs wish to raise to the accuracy of the summaries or any conclusions that can reasonably be drawn therefrom can be addressed by Plaintiffs during the cross-examination of Defendant's expert witness. The exhibits are not purely cumulative, because they take data that is buried in Plaintiffs' massive database along with data concerning nearly 170 class members who will not be testifying, and pull out just that data related to a particular Plaintiff. No other exhibits offered on either party's witness list perform this function and therefore, the exhibits are not cumulative.

**III.  AVAILABLE TESTIMONY OF PLAINTIFF'S EXPERT MR. KLIMOV AND DEFENDANT'S EXPERT DR. LAMOREAUX PROVIDES THE REQUISITE FOUNDATION AND AUTHENTICATION FOR THE DOCUMENTS, INCLUDING VERIFYING THEIR COMPLETENESS.**

In a last-minute exercise in gamesmanship, at 10:57 last night – four days prior to the pretrial conference in this matter – Plaintiffs indicated for the first time their intention to withdraw Mr. Klimov as one of their expert witnesses. See Plaintiffs' Pretrial Expert Witness Statement Pursuant to Pretrial Scheduling Order [Doc. 461], p. 1, n. 1. Mr. Klimov was first identified to Defendant on September 30, 2010, and as late as last Thursday, July 18, 2011, Plaintiffs filed a response to Defendant's motion *in limine* seeking to exclude Mr. Klimov's faulty lunch-period analysis (including more than five pages of argument that Mr. Klimov's opinions are admissible under the Daubert standard). See Plaintiffs' Memorandum in Opposition

to SNET's Motion *In Limine* (Doc. 393) To Exclude Expert Klimov's Lunch Period Analysis [Doc. 451], pp. 2-8.  Defense counsel has sought Plaintiffs' counsel's agreement to stipulate that the database prepared by Plaintiffs' expert Mr. Klimov reliably and accurately reflects the time stamp data taken from SNET's business records and produced to Plaintiffs during discovery.  Such a stipulation is plainly reasonable, since it is Plaintiffs' expert who compiled the information and Plaintiffs have been claiming to rely on the database until their last minute change of heart last night.  If Plaintiffs will not agree to the stipulation, Defendant will call Mr. Klimov as a witness to validate the accuracy of the database.

      Under either alternative, Plaintiffs' objections to the completeness, foundation, and authenticity of Defendant's summaries are completely meritless.  The summaries are drawn from the database constructed by Plaintiffs' expert, Mr. Klimov, who has testified that the database accurately compiles SNET's business records.  Plaintiffs' objection is particularly ill-founded, since Plaintiffs themselves until recently proposed to introduce the same database evidence, albeit in a far less user-friendly format.  Defendant's expert, Dr. Lamoreaux, will testify to the steps that were taken to accurately summarize that data in the Klimov database for each Testifying Plaintiff thereby completing the necessary foundation for the Exhibits. Plaintiffs can, of course, cross-examine Dr. Lamoreaux with regard to the summaries, their source, and their creation.  See, e.g., United States v. Peirce, 357 F. App'x 319, 322 (2d Cir. 2009) (a party seeking to introduce summary charts "need not provide detailed testimony stating the basis of each calculation . . .. All that is required is enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before it.") (internal quotations omitted).

**IV.    THE DOCUMENTS ARE NOT HEARSAY.**

Mr. Klimov's database and Defendant's summaries derived therefrom are admissible because they merely summarize Defendant's time-stamped business records, an exception to the general hearsay rule under FRE 803(6).  See, e.g., Beech Cinema, Inc. v. Twentieth Century-Fox Film Corp., 622 F.2d 1106 (2d Cir. 1980) (holding that summaries of plaintiff's earnings derived from original business records were admissible on the issue of damages); United States v. Consolidated Edison Co., 580 F.2d 1122, 1131 (2d Cir. 1978) (admitting summaries of business records under FRE 1006, and finding them to be non-hearsay).

**V.    THE EXHIBITS ARE NOT UNTIMELY EXPERT DISCLOSURES.**

Defendant's exhibits are summaries of the database created by Plaintiffs' expert, not independent expert analysis created by Dr. Lamoreaux.  As such, they are admissible summaries under FRE 1006, and not untimely expert submissions, as claimed by Plaintiffs.  Dr. Lamoreaux's testimony will lay the foundation regarding the creation of the charts from Mr. Klimov's database, but he will not offer an expert opinion regarding them.

It should be noted that neither party was in a position to create such individualized summaries for Testifying Plaintiffs until the parties' lists of potential Testifying Plaintiffs were exchanged on June 1, 2010.  Plaintiffs received the summaries from Defendant on July 22 – more than a month prior to the pre-trial conference (and more than two months prior to trial) – with ample time to review the summaries and check their accuracy against Mr. Klimov's database.  They thus can hardly claim to have suffered any prejudice from Defendant's production.

**VI.    CONCLUSION**

For the reasons set forth above, Plaintiffs' objections to Defendant's Exhibits 6960-7070 should be overruled.

Dated:  New York, New York
       August 23, 2011

Respectfully submitted,

By:  /s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

Leslie A. Dent (PHV 03877)
John F. Wymer, III (PHV 03876)
Erika L. Leonard (PHV 03875)
Paul Hastings LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
lesliedent@paulhastings.com
johnwymer@paulhastings.com
erikaleonard@paulhastings.com

Counsel for Defendant
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br><br>AUGUST 23, 2011 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2011, a copy of foregoing DEFENDANT SNET'S BRIEF REGARDING SUMMARY EXHIBITS OF EXPERT DATA was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*

LEGAL_US_W # 68897683.4