UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| **Individually and on Behalf of Others Similarly Situated,** | CIVIL ACTION NO. 3:07CV967 (JCH) |
| **PLAINTIFFS,** | |
| | AUGUST 30, 2011 |
| v. | |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

### DEFENDANT SNET'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES

As an initial matter, Plaintiffs' filing is not a proper submission of supplemental authority. Both decisions submitted by Plaintiffs were issued prior to the due date for responses to motions *in limine* on August 18, 2011. Thus, Plaintiffs should have included those cases in their response briefs, if they intended to rely on them.

More importantly, Plaintiffs' cases do not change the analysis of the issues to which they pertain. As described in more detail below, the finding in Hernandez v. Starbucks Coffee Co., 2011 U.S. Dist. LEXIS 77803 (S.D. Fla. June 29, 2011), has no bearing on the Seventh Amendment's requirement that a jury decide all disputed issues of fact in a case. The cited amicus brief in Mullins v. City of New York, 2011 U.S. App. 16132 (2d Cir. Aug. 5, 2011), and the deference Plaintiffs say it is owed, actually supports SNET's position on the proper calculation of damages, and Plaintiffs' claims with respect to its bearing on jury instructions is premature.

I. **THE PARTIES DO NOT DISPUTE THAT DEFERENCE IS GIVEN TO THE DEPARTMENT OF LABOR'S INTERPRETATION OF ITS OWN REGULATIONS.**

The parties agree with the principle that deference is owed to the DOL's interpretation of its own regulations. However, that is not the issue presented in the parties' competing motions *in limine* regarding the application of the fluctuating workweek method to this case. Rather, the question is whether the Court should defer to a DOL opinion letter directly on point (as Defendant argues), or Plaintiffs' interpretation of a DOL regulation that is squarely at odds with the DOL's own interpretation.

In Wage and Hour Opinion Letter FLSA 2009-3, the DOL expressly endorsed paying a 50% overtime premium based on 29 C.F.R. §778.114(a) where employees, while misclassified as exempt employees, had received a guaranteed bi-weekly salary for the variable hours they worked, which in most weeks were 50 or more. This letter precisely addresses the question at issue here, and is owed deference by the Court.[1]

Plaintiffs' reference to Defendant's argument in its response to Plaintiffs' Motion in Limine #11 ([Doc. 454], n. 3) is misplaced. First, Defendant's position was not that §778.114 should be disregarded, but simply that it is not afforded "Chevron deference" (as Plaintiffs

---

[1] Plaintiffs' view is evidently that the deference depends on which administration issued the interpretive guidance. As Plaintiffs noted in their responsive briefing, the DOL under President Obama has revoked approximately half of the opinion letters issued by the DOL during President Bush's administration. The Secretary of Labor, however, has not revisited this opinion letter, because it reflects the Supreme Court's reasoning in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572 (1942), which the DOL has followed since even before Missel was issued in 1942. See Missel, 316 U.S. 580, n. 17 (noting that the decision is consistent with interpretation of the DOL's Administrator of the Wage and Hour Division, as expressed in Interpretative Bulletin No. 4 issued October 21, 1938); Urnikis-Negro v. American Family Prop. Servs., 616 F.3d 665, 682, n.9 (7th Cir. 2010), cert. denied, 131 S. Ct. 1484 (2011) (noting that the Wage & Hour Division of the DOL took the same approach prior to Missel, and the Division issued two opinion letters supporting the retroactive payment of overtime pursuant to the FWW formula, in 1996 and again in Opinion Letter FLSA 2009-3).

claim) and thus must be read *in conjunction with* the Supreme Court's controlling interpretation of the FLSA in Missel.  More importantly, the level of deference owed to the regulation is irrelevant, because the DOL has endorsed Defendant's interpretation of the legislation and that interpretation is entitled to deference.

**II.   THE *HERNANDEZ* CASE HAS NO BEARING ON THE OUTCOME OF THE PARTIES' COMPETING TRIAL PLANS OR THE BRIEFING REGARDING INDIVIDUAL LIABILITY VERDICTS.**

In Hernandez, 2011 U.S. Dist. LEXIS 77803, at *7 the Southern District of Florida declined to grant summary judgment on the claims of individual named Plaintiffs, after the court resolved Defendant's decertification motion, finding that the plaintiffs were similarly situated. The court's denial of individual summary judgment findings was specifically based on their finding that "allowing Defendant to move for summary judgment against particular individuals *who are indistinguishable from other members of the class* defeats the entire purpose of a collective action."  Hernandez, 2011 U.S. Dist. LEXIS 77803, at *8 (emphasis supplied).  This case is inapplicable to Defendant's motions *in limine* with regard to individualized liability verdicts.

The point of Defendant's motion is that if the evidence at trial would allow a reasonable jury to conclude that the duties of some Testifying Plaintiffs were sufficiently different from other Testifying Plaintiffs such that the jury found that some were exempt while others were not, the jury must be allowed to make this determination consistent with the Seventh Amendment.  In such a case, the jury would have found that some Testifying Plaintiffs were not indistinguishable from others.  Nothing in Hernandez is to the contrary.

- 4 -

**III.    THE PARTIES' RESPECTIVE JURY INSTRUCTIONS REGARDING THE "PARTICULAR WEIGHT" PRONG OF THE FEDERAL EXECUTIVE EXEMPTION ARE NOT PROPERLY BEFORE THE COURT AT THIS TIME.**

Plaintiffs' complaint that Defendant's proposed jury instructions do not address certain aspects of the executive exemption to Plaintiffs' satisfaction is premature and not before the Court at this time.  The Court has not requested the parties to brief or lodge objections to the opposing party's jury instructions at this juncture, and Defendant will not add this issue to the long list of items currently before the Court, without having been invited by the Court to do so, other than to state that Defendant disagrees with Plaintiffs' characterizations of Defendant's jury instructions and the DOL's amicus brief.

**IV.    CONCLUSION**

For the reasons set forth above, the Court should disregard Plaintiffs' "supplemental authority."

Dated:  New York, New York          Respectfully submitted,
       August 30, 2011

By:  /s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

Leslie A. Dent (PHV 03877)
John F. Wymer, III (PHV 03876)
Erika L. Leonard (PHV 03875)
Paul Hastings LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
lesliedent@paulhastings.com
johnwymer@paulhastings.com
erikaleonard@paulhastings.com

Counsel for Defendant
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br><br>AUGUST 30, 2011 |

## CERTIFICATE OF SERVICE

    I hereby certify that on August 30, 2011, a copy of foregoing DEFENDANT SNET'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Patrick W. Shea
        Patrick W. Shea (CT07071)
        Paul Hastings LLP
        75 East 55th Street
        New York, NY 10022
        Telephone: (212) 318-6000
        Facsimile: (212) 319-4090
        patrickshea@paulhastings.com

        *Attorney for Defendant SNET*