UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. Perkins, et al., | ) |
| Individually and on Behalf of Others Similarly Situated, | ) No: 3:07CV967 (JCH) |
| PLAINTIFFS, | ) |
| v. | ) |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | ) |
| DEFENDANT. | ) |

**The Parties' Joint Statement of the Case to be Read to the Jury**

*Pursuant to the Court's September 1, 2011 Order (Docket No. 474), Plaintiffs and Defendant Southern New England Telephone Co. hereby submit the following Joint Statement of the Case to be Read to the Jury:*

Plaintiffs Sharon Perkins, Michael Blasko, Joseph Kiely, Michael McDermott, and Kelly Werbinski, bring this class action against defendant, Southern New England Telephone Co. ("SNET"), on behalf of themselves and a class of similarly-situated SNET employees (collectively "the Class Plaintiffs") who assert that they worked more than 40 hours per week but were not paid overtime wages by SNET. The Class Plaintiffs bring claims on behalf of [#TBD pending ruling on Plaintiffs' MIL#9] individuals. All of these [#TBD . . ., etc.] individuals allege that they were not paid for overtime work and that this nonpayment violated Connecticut state law. One hundred forty-eight individuals from this total of [#TBD . . ., etc.] allege additionally that the nonpayment for overtime work violated the Federal Fair Labor Standards Act.

The Class Plaintiffs argue that SNET has improperly denied them overtime by incorrectly classifying their jobs under the federal and Connecticut executive exemptions. The Class Plaintiffs claim that they are not covered by the executive exemption to the overtime requirement under federal or state law, and are therefore entitled to overtime, since their daily job duties involve primarily non-managerial clerical work, they exercise very little authority or discretion, and they are tightly controlled by a higher level of management, their Area Managers. SNET contends that the Class Plaintiffs are not entitled to overtime, because they are covered by the executive exemption to the overtime requirement, since their primary job duty is management, they direct the work of the 10 to 30 Technicians on their team, and they are expected to make recommendations on personnel matters for the Technicians on their team.

In this case, you, as the jury, must determine whether SNET has proven its defense that the Class Plaintiffs are not entitled to overtime compensation because they are covered by the executive exemptions contained in Federal and Connecticut law. If SNET has failed to prove this defense, you must determine the amount of compensation due to Plaintiffs and the Class for the overtime hours they worked during the relevant period.

Dated: September 8, 2011
New York, NY

By: ____/s/ Steven Wittels_____
Steven L. Wittels
Sanford Wittels & Heisler, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY  10019
Telephone: (646) 723-2947
Fax: (646) 723-2948
Email:  swittels@swhlegal.com
*Attorneys for Plaintiffs and the Class*

By:__/s/ Patrick W. Shea_____
Patrick W. Shea (CT07071)

2

Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Fax: (212) 319-4090
Email: patrickshea@paulhastings.com
*Attorneys for Defendant SNET*