UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. Perkins, et al., | ) |
| Individually and on Behalf of Others Similarly Situated, | ) No: 3:07CV967 (JCH) |
| PLAINTIFFS, | ) |
| v. | ) |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | ) |
| DEFENDANT. | ) |

**PLAINTIFFS' SUPPLEMENT TO
OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #9**

As permitted by Judge Hall at the pre-trial conference dated September 14, 2011(Doc. No. 498), plaintiffs hereby supplement their Opposition to Defendant's Motion in Limine #9 (Doc. No. 457) and submit orders issued by three separate judges, granting conditional class certification in cases filed against AT&T after the Company reclassified outside plant engineers as non-exempt from the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*.

After AT&T reclassified its planning engineers in Illinois, Wisconsin and Michigan as non-exempt, workers in all three states filed separate suits against the Company in mid-2009 for previously unpaid overtime. In all three cases, AT&T subsequently settled. In *Wittemann et al vs. Wisconsin Bell, Inc.*, No. 09-cv-440-vis, 2010 WL 446033 (W.D. Wis. Feb. 2, 2010) (attached hereto as Exhibit A), the Court subsequently approved a Total Settlement Payment in the amount of $1,275,622.36 to 63

named and opt-in plaintiffs, and 36 Settlement Class Members. In *Wlotkowski, et al., v. Michigan Bell Telephone Co.,* No. 09-cv-11898 (E.D. Mich. Apr. 16, 2010) (attached hereto as Exhibit B), the Court subsequently approved a settlement under seal. Similarly, in *Smallwood, et al. v. Illinois Bell Telephone Company*, No. 1:09-cv-4072 (N.D. Ill. Apr. 27, 2010) (attached hereto as Exhibit C), the Court subsequently approved a settlement under seal.

As Plaintiffs have already argued in their Opposition to Defendant's Motion in Limine #9 (Doc. No. 457), evidence of previous lawsuits and settlements is admissible against SNET and its AT&T parent not to prove bad behavior in accordance with prior bad acts, but instead to show that the company is well aware of the requirements of federal and state overtime laws, and therefore acted willfully and in bad faith in violating them.  *See, e.g., Dent v. United States Tennis Ass'n*, No. CV-08-1533 (RJD)(VVP), 2008 U.S. Dist. LEXIS 46971, at *6-7 (E.D.N.Y. June 17, 2008) (collecting authority approving use of settlements to show knowledge, motive, intent, and credibility); *see also* Fed. R. Evid. 404(b) (evidence of prior wrongs or acts admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").  SNET's willfulness is a critical issue in this case, since it adds one year to the statute of limitations under the FLSA, *see* 29 U.S.C. § 255(a), and is established if Plaintiffs demonstrate that SNET "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  SNET's bad faith is also critical, since it establishes whether Plaintiffs are entitled to double damages under Connecticut law, *see* Conn. Gen. Stat. § 31-72.

The cases Plaintiffs attach show that SNET's failure in this case to abide by the FLSA's overtime requirements was willful: SNET knew what the law required, but chose to act otherwise. These other suits are relevant to show that SNET acted recklessly or with knowledge when it failed to reclassify L1s as non-exempt.

The importance of this evidence is only highlighted by the Plaintiffs' recent trial deposition of Mr. Thomas Brzezinski, former Director of Human Resources Compensation at AT&T (attached hereto as Exhibit D). In his deposition, Mr. Brzezinski reaffirmed that AT&T made national, centralized decisions about whether to classify employees—including the Plaintiffs in this case—as exempt from overtime. *See* Ex. D at pp. 90-93. Mr. Brzezinski also recalled that he, as the national Director of Human Resources Compensation, was aware of at least five different lawsuits against AT&T regarding classification of employees as exempt from overtime. *Id*. at pp. 107-110. The other lawsuits which Plaintiffs introduce here corroborate Mr. Brzezinski's testimony and show that AT&T knew what it was doing when it continued to misclassify the Plaintiffs in this case as exempt from overtime.

Respectfully Submitted,

Dated: September 22, 2011

/s/ Steven L. Wittels
Steven Wittels, (SLW-8110)
Jeremy Heisler, (JH-0145)
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

David W. Sanford

**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

Edmond Clark
**Law Office of Edmond Clark**
83 Scotland Avenue
Madison, CT 06443-2501
Telephone: (203) 245-4602
Fax: (203) 245-9734
eclarkmadisonlaw@aol.com

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2011, copies of the following documents were filed electronically: Plaintiffs' Supplement to Opposition to Defendant's Motion in Limine #9.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Steven L. Wittels
Steven L. Wittels
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
Email: swittels@swhlegal.com
*Lead Counsel for Plaintiff Sharon L. Perkins and the Opt-In Collective Action Plaintiffs*