# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| JOEL WITTEMAN, RANDY UDELL,<br>CAROL COUILLARD, MICHAEL LOOMIS<br>and TERRENCE O'NEIL, individually<br>and on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>WISCONSIN BELL, INC.,<br><br>                Defendant. | OPINION AND ORDER<br><br>09-cv-440-vis[1] |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The question before the court is whether this case is appropriate for conditional class certification under § 216(b) of the Federal Labor Standards Act. The plaintiffs are "outside plant engineers" who contend that defendant Wisconsin Bell, Inc. was violating the FLSA by denying them overtime compensation until May 2009, when defendant reclassified their positions as "nonexempt" from overtime requirements. Because I conclude that plaintiffs have made the necessary preliminary showing that the potential class members are similarly

---

[1] The parties have declined the jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over the case for the purpose of resolving the parties' current disputes.

1

situated, plaintiffs' motion for conditional class certification will be granted.

Also before the court are plaintiffs' two proposed notices to potential class members and a motion to compel defendant to produce the names, addresses, employee identification numbers and dates of employment of all outside plant engineers from the last three years, excluding those that began working after May 16, 2009. Although defendant does not oppose the motion to compel, it raises a number of objections to the notices. I address these objections below.

OPINION

A. Conditional Certification

Under § 216(b) of the Fair Labor Standards Act, employees may bring a collective action on behalf of themselves and other "similarly situated" employees for an employer's failure to pay compensation, including overtime, to employee who are covered by the statute. In determining whether a class should be certified conditionally under 29 U.S.C. § 216(b), the question is whether the "plaintiff has made a modest factual showing that she and potential class members were victims of a common policy or plan that violated the law." Sharpe v. APAC Customer Services, Inc., 09-cv-329-bbc, 2010 WL 13516, *4 (W.D. Wis. Jan. 11, 2010) (citing Kelly v. Bluegreen Corp., 256 F.R.D. 626, 628-29 (W.D. Wis. 2009); Clarke v. Convergys Customer Management Group, Inc., 370 F. Supp. 2d 601, 604 (S.D.

2

Tex. 2005); Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003); Kane v. Gage Merchandising Services, Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001)).

The requirements of conditional certification are lenient because approval simply allows plaintiffs to provide notice to other potential class members so that they may make an informed decision whether to join the case. At the close of discovery, the defendant may move to decertify the class if it believes that the evidence shows that the class members are not similarly situated. Sjoblom v. Charter Communications, LLC, No. 07-cv-451-bbc, 2007 WL 4560541, *8 (W.D. Wis. Dec. 19, 2007).

Plaintiffs propose a class consisting of anyone who worked for defendant as an outside plant engineer and was paid a salary, but was not paid for time worked in excess of 40 hours a week. The relevant period is any time before May 16, 2009 (when defendant reclassified outside plant managers) that is within the three-year statute of limitations period.

Plaintiffs argue that a common policy may be inferred at this stage of the proceedings because defendant itself has grouped all outside plant managers together in determining whether they qualify as employees covered by the FLSA. Nerland v. Caribou Coffee Co., Inc., 564 F. Supp. 2d 1010, 1022-24 (D. Minn. 2007) (in concluding that class members were similarly situated, relying on fact that employer "collectively and generally decide[d] that all [potential class members] are exempt from overtime compensation"). Defendant initially made a single decision classifying all "outside plant engineers" as exempt from the

FLSA and then, in 2009, reversed course and classified all outside plant engineers as non-exempt. In addition, plaintiffs have filed affidavits of 32 current and former employees classified by defendant as outside plant engineers in which the employees aver that their job responsibilities were substantially the same. Dkt. ##34-55 In particular, each employee avers that his or her primary job duty is (or was) to draw up plans for the proper placement of telephone and data cables.

Defendant does not deny these facts. In fact, it does not even deny that plaintiff can meet the standard for conditional certification set forth in <u>Sharpe</u> and this court's other decisions under § 216(b). Instead, defendant argues that plaintiffs' characterization of their job duties is an "oversimplification" because the title "outside plant engineer" actually encompasses six different positions: planner, design engineer, right of way engineer, loop electronic engineer, project manager and officer manager.

Although defendant devotes most of its brief to an argument that there are numerous differences among the potential class members, it says surprisingly little about the reasons those alleged differences are relevant for the purpose of determining whether plaintiffs are exempt from the FLSA, which is the only difference that matters. <u>Spoerle v. Kraft Foods Global, Inc.</u>, 253 F.R.D. 434, 439-40 (W.D. Wis. 2008) ("If simply identifying differences between the parties were enough to defeat a motion for class certification, it would be impossible for any lawsuit to proceed as a class. . . . [Defendant must explain why] these

4

differences are relevant for the purpose of maintaining a class or a collective action.") Further, defendant fails to explain why any problematic dissimilarities among the different "types" of outside plant engineers could not be solved through subclasses. <u>Carnegie v. Household International, Inc.</u>, 376 F.3d 656, 661 (7th Cir. 2004) (stating that "creating subclasses" is one method for managing differences among class members).

In any event, I addressed an almost identical argument in <u>Austin v. CUNA Mutual Insurance Society</u>, 232 F.R.D. 601, 606 (W.D. Wis. 2006), and concluded that it was premature:

> Defendant argues that plaintiff should not be allowed to send a notice because this case is not appropriate for class treatment. It contends that "the primary question" in this case will be whether plaintiff falls within the "white collar exemption" to the FLSA's overtime compensation requirement. Dft.'s Br., dkt. # 9, at 5. It cites several cases in which courts declined to certify collective actions because liability depended on fact-specific examinations of each individual's employment and the applicability of statutory exemptions. E.g., <u>Mike</u>, 274 F. Supp. 2d at 220-21; <u>Clausman v. Nortel Networks, Inc.</u>, IP 02-0400-C-M/S, 2003 WL 21314065 (S.D. Ind. May 1, 2003); <u>Pfaahler v. Consultants for Architects, Inc.</u>, No. 99 C 6700, 2000 WL 198888 (N.D. Ill. Feb.8, 2000). In addition, defendant argues that plaintiff is not similarly situated to other Law Specialists employed by defendant. It has filed several affidavits in support of this argument and devotes more than ten pages in its brief to explaining duties of Non-Litigation Team Law Specialists, Process Team Law Specialists and Law Specialists who function as case managers.
>
> As the detail inherent in these arguments should indicate, defendant should have reserved them for a later stage in the proceedings under the FLSA. As the court noted in <u>Gambo</u>, 2005 WL 3542485 at *4, "[t]he possibility of a fact-intensive inquiry into whether all members of the putative opt-in class are in fact similarly-situated does not preclude authorizing notice, although

5

the need for such an analysis might weigh against or defeat certification of an actual class (or influence the form of any eventual certified class) at the second stage." Defendant's arguments about the predominance of individualized inquiries and the dissimilarities between plaintiff and other employees are properly raised after the parties have conducted discovery and can present a more detailed factual record for the court to review. Clarke, 370 F. Supp. 2d at 606-07; see also Herrera v. Unified Management Corp., No. 99 C 5004, 2000 WL 1220973, at *2 (N.D. Ill. Aug.18, 2000) (more efficient to prune class members at later stage than to restrict class at start and expand at later stage). The proper focus at this stage is on plaintiff's submissions, which consist of the complaint and her affidavit.

The situation is no different in this case. Plaintiffs have made a modest factual showing that the proposed class members are similarly situated. If, after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together, defendant may ask to decertify the class or divide the class into subclasses.

B. Notice

Accompanying plaintiffs' motion for conditional certification is a proposed class notice as well as a proposed "reminder" to be sent out just before the deadline. Defendant raises five objections to the proposed notice.

First, the last page of the notice includes the following sentence in capital letters: "The Court has made no decision in this case about the merits of plaintiffs' claims or defendant's defenses." Defendant has no qualms about the wording, but it believes this

6

statement should be moved to the first page to avoid the appearance of "judicial sponsorship." I disagree with defendant that the placement of this sentence is important. So long as the information is prominently displayed somewhere in the notice, there should be no perception of endorsement.

Second, defendant says that the notice fails to explain that potential class members have the right to obtain their own lawyer and file a separate lawsuit. I agree. Although plaintiffs point to the statement, "[i]f you do not wish to join this action, you are free to take any action on your own," the phrase "take any action" is ambiguous. Accordingly, plaintiffs should replace that sentence with: "If you do not wish to join this action, you are free to retain your own counsel independently and file your own individual lawsuit."

Third, defendant objects that the notice does not inform potential class members of a possible obligation to sit for a deposition and testify in court. Plaintiffs agree to add the following sentence under the heading "Effect of Joining or Not Joining this Lawsuit": "If you join the lawsuit, you may be required to respond to written questions, sit for a deposition and testify in court."

Fourth, defendant says that the notice period should be reduced from 90 days to 30 days, but it identifies no reason for doing so. Although either amount of time might be workable, 30 days leaves little room for any delays that might occur as a result of difficulty in locating former employees. E.g., N.N. v. Madison Metropolitan School District, No. 08-

cv-581-bbc, 2009 WL 3126383 (W.D. Wis. Sept. 24, 2009) (granting extension of 30-day class notice period after class counsel experienced difficulty locating some class members). On the other hand, if I approve a 90-day notice period, the end of the notice period will run past the deadline for filing a motion for decertification, which is April 16, 2010. Accordingly, I will approve a 60-day notice period.

Finally, defendant objects to plaintiffs' proposed "reminder" notice. I agree that the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit. The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit.

ORDER

IT IS ORDERED that

1. The motion filed by plaintiffs Joel Wittemann, Randy Udell, Carol Couillard, Michael Loomis and Terrence O'Neil to conditionally certify this case as a collective action under 29 U.S.C. § 216(b), dkt. #29, is GRANTED.

2. Plaintiffs are authorized to send notice to the individuals that fall within the class after making the changes identified in this order. Plaintiffs should file and serve the corrected draft no later than February 12, 2010.

3. No later than February 12, 2010, defendant must provide plaintiff with a computer-readable spreadsheet containing the names, addresses, employee identification numbers and dates of employment for all current and former outside plant engineers who worked for plaintiff within the last three years, but started working May 16, 2009.

Entered this 2nd day of February, 2010.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge