# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER WLOTKOWSKI, ET AL.,

    Plaintiffs,

v.

MICHIGAN BELL TELEPHONE
COMPANY,

    Defendant.

                                     /

Case No. 09-11898

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE [58]**

      This matter is brought by eleven named Plaintiffs on behalf of themselves and other similarly situated Michigan employees of Defendant Michigan Bell Telephone Company ("Michigan Bell") that hold or held the job title of "Manager, Outside Plant Planning Engineering and Design" (hereinafter "Outside Plant Engineers"). The eleven named Plaintiffs are joined by sixty current and former Outside Plant Engineers as opt-in Plaintiffs (collectively "Plaintiffs"). All allege that Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*, by misclassifying them as exempt employees prior to May 16, 2009. Their lawsuit was spurred by Defendant's collective reclassification of all its Outside Plant Engineers on May 16, 2009 from exempt employees to non-exempt, hourly, and overtime-eligible employees. Plaintiffs seek to recover damages permitted by

the FLSA, including unpaid overtime wages, liquidated damages, and attorneys' fees and costs. Plaintiffs filed this FLSA action against Defendant Michigan Bell on May 18, 2009.[1]

This matter comes before the Court on Plaintiffs' motion asking the Court to conditionally certify the proposed class, as permitted under Section 216(b) of the FLSA, for purposes of notice and discovery; to approve the proposed notice and reminder notice to putative collective class members; and to require Defendant to produce a list, in Microsoft Excel format, of certain information pertaining to all persons employed by Defendant Michigan Bell as Outside Plant Engineers within the past three years and up to May 16, 2009; and to authorize a ninety-day notice period for putative plaintiffs to join this FLSA case. For the reasons stated below, Plaintiffs' motion is GRANTED.

**I.  Facts**

 **A. Parties**

The eleven named Plaintiffs have all worked for Defendant Michigan Bell as Outside Plant Engineers within the last three years. (Pls.' Ex. B, Decl. of named Plaintiffs.) All of the named Plaintiffs are currently employed by Defendant as Outside Plant Engineers except for Plaintiff Maryann Sligay, who retired in February 2008. (*Id.*) These Plaintiffs work or worked at Defendant's Livonia or Mt. Clemens offices. (*Id.*) On average, they have worked for Defendant or its predecessor companies for more than 26 years. (Selander Decl. ¶ 7.) Another sixty current or former Outside Plant Engineers have joined this litigation by filing their written consent with the Court. (*Id.* at ¶ 8.) These opt-in Plaintiffs

---

[1] In their original complaint, Plaintiffs also brought claims under Michigan law and sought Rule 23 class certification as to those claims. Those claims were withdrawn in Plaintiffs' Amended Complaint. [Docket Entry No. 9.] The Court tolled the statute of limitations for all putative collective class members from September 15, 2009 to January 15, 2010.

worked for Defendant or its predecessor companies for an average of 25 years. (*Id.* at ¶ 9.) They work or worked in Defendant's Grand Rapids, Pontiac, Kalamazoo, Jackson, Flint, Saginaw, Ann Arbor, Howell, East Lansing, Traverse City, Livonia or Mt. Clemens offices. (*Id.* at ¶ 10.)

Defendant Michigan Bell is a Michigan corporation with its principal place of business in Detroit, Michigan. It provides customers with local, long distance and wireless telephone service. It also provides digital television and internet services. (Dolega Decl. at ¶ 4.)

Defendant Michigan Bell employs Outside Plant Engineers in at least twelve Michigan locations. (Pls.' Ex. B, Declarations; Ex. C, Def.'s Interrog. Resp. Nos. 3, 6.) Defendant collectively classified all Outside Plant Engineers as exempt before May 16, 2009 and collectively reclassified all Outside Plant Engineers as non-exempt employees on May 16, 2009, making them hourly employees and eligible for overtime payments. (Pls.' Ex. D, Def.'s Admission Nos. 1 and 2.) Plaintiffs' job duties have not changed since the May 16, 2009 reclassification. (Dolega Dep. at 27; Cicilian Dep. at 14-15.) Defendant admits that "during the three year period preceding May 16, 200, there were workweeks in which the named Plaintiffs worked more than forty (40) hours." (Pls.' Ex. D, Def.'s Admission No. 3.) Defendant asserts that the administrative exemption applies to all Plaintiffs because each is employed in a job where the "primary duty is the performance of office or non-manual work directly related to the management or general business operations of Defendant and Defendant's customers" and the "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." (Pls.' Ex. C, Def.'s Interrog. Resp. No. 5.)

### B. Plaintiffs' Supporting Testimony and Declarations

In support of their motion, Plaintiffs submit the Declarations of 35 named and opt-in Plaintiffs. (Pls.' Ex. B.) Despite being called Outside Plant Engineers, Plaintiffs are not engineers. They are not required to have an engineering degree or any other specialized training or education. (*Id.*, Decl. of Plaintiffs Burden, Dohm-Beiser, and Hurl.) They are not licensed by the State of Michigan as professional engineers. (Dolega Dep. at 85.) As Plaintiff Shellie Ann Domalski explained, "we're more clerical people, not engineers per se as an engineer is known in the real world, but that is our title at AT&T." (Domalski Dep. at 21.)

Defendant's employees that share the job title of "Manager, Outside Plant Planning Engineering and Design" hold one of four positions: Design Engineer, Planner, Right of Way Engineer ("ROW Engineer"), or Loop Electronics Engineer ("LECs"). (Def.'s Br. at 2.) Plaintiff Shellie Ann Domalski, who holds the position of Design Engineer, testified that although these positions have "different functions," this did not mean that she, as a Design Engineer, could not "walk over and do a planner's job." (Domalski Dep. at 21.) In fact, she testified that, "I have done that when they're on vacation. So I know what they do." (*Id.*) She also testified that she "could step into a planner's shoes at a moment's notice," and could "perform the right of way engineer job" as well. (*Id.* at 22.)

Plaintiffs' supporting Declarations similarly aver the following about the position of Outside Plant Engineer at Defendant Michigan Bell.

The primary job duty of Plaintiff Outside Plant Engineers is to draw up specifications or plans which workers then use to place telephone and data cables in the appropriate locations so that Michigan Bell's customers have adequate service. (Pls.' Ex. B, Decl. ¶ 7.) Their work is largely governed by standards and technical specifications over which

they have no control. It is their responsibility to apply these specifications to a given situation using predetermined guidelines and rules. (*Id.* at ¶ 9.)

Plaintiff Outside Plant Engineers work alongside each other on a daily basis. They attend training alongside other Outside Plant Engineers from various Michigan locations. When standing or moving around their offices at Michigan Bell, they can see other Outside Plant Engineers who are also present and working in the office. They frequently consult each other about their work. "Based on this," Plaintiff Outside Plant Engineers believe that they "perform the same job duties" as other Outside Plant Engineers. (*Id.* at ¶ 10.)

Despite the fact that the word "manager" appears in their formal job title, the Plaintiff Outside Plant Engineers do not and did not supervise, hire, fire, evaluate, or discipline any other employees, and no one reported to them. (*Id.* at ¶ 11.) Plaintiff Outside Plant Engineers routinely worked over forty (40) hours per week prior to May 16, 2009, were paid a salary, and did not receive any overtime compensation for any of the overtime they worked. (*Id.* at ¶ 12.)

## II. Analysis

Plaintiffs move for the conditional certification of the following collective class:

> All persons who are or have been employed by Michigan Bell Telephone Company as Outside Plant Engineers (or otherwise held the job title "Manager, Outside Plant Planning and Engineering Design") in the state of Michigan from [three years back from the date the Court orders conditional certification] to May 16, 2009.

(Pls.' Mot. at 1; Pls.' Br. at 8.) The Court begins its analysis with a discussion of the general principles that apply to conditional class certification under § 216(b) of the FLSA.

### A. Conditional Class Certification - General Principles

Plaintiffs seek conditional class certification and judicial notice of a collective action as allowed under § 216(b) of the FLSA. Section 216(b) provides that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added). As the Sixth Circuit recently observed, "[u]nlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class," and "[t]hese opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009). Suits brought under § 216(b) of the FLSA are thus called "collective actions;" not class actions. *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

Section 216(b) "establishes two requirements for a representative action" brought by employees "in their own behalf and for 'similarly situated' persons." *Id.* First, "the plaintiffs must actually be 'similarly situated,'" and second, "all plaintiffs must signal in writing their affirmative consent to participate in the action." *Id.* (citing 29 U.S.C. § 216(b) and *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989)). Accordingly, the district court's task is to "first consider whether plaintiffs have shown that the employees to be notified" of the collective action "are, in fact, 'similarly situated.'" *Id.* If the plaintiffs meet this burden, then "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id.*

6

Although the phrase "similarly situated" is undefined, "the Sixth Circuit has recognized that district courts typically 'follow[ ] a two-stage certification process . . . to determine whether the opt-in plaintiffs and lead plaintiffs [are] similarly situated.'" *Noble v. Serco, Inc.*, No. 3:08-76-DCR, 2009 WL 3154252, *1 (E.D. Ky. Sept. 28, 2009) (quoting *O'Brien*, 575 F.3d at 583 and citing *Comer*, 454 F.3d at 546). The first stage of § 216(b) certification, also known as the "notice stage," takes place early in the litigation; i.e., "at the beginning of discovery." *Comer*, 454 F.3d at 546. It is here where "the court determines whether the suit should be 'conditionally certified' as a collective action so that potential opt-in plaintiffs can be notified of the suit's existence and of their right to participate." *Noble*, 2009 WL 3154252 at *1. The second stage occurs much later; "after all of the opt-in forms have been received and discovery has been concluded." *Comer*, 454 F.3d at 546 (internal quotation marks and citation omitted).

Plaintiffs' motion here involves this first or "notice" stage and seeks only conditional, not final certification. "The lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." *O'Brien*, 575 F.3d at 584. Plaintiffs' burden under the FLSA is less stringent than that required for class certification under Rule 23 of the Federal Rules of Civil Procedure. *Id.* (observing that the district court erred when it "applied a Rule 23-type analysis" and found "that the plaintiffs were not similarly situated because individualized questions predominated."). To be considered "similarly situated," it is sufficient if the plaintiffs' "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *Id.* at 585. This is a sufficient but not a necessary condition for a finding that a group of employees is similarly situated. *Id.* Moreover, as the Sixth Circuit observed in

7

*Comer*, "[t]he plaintiff must show only that his position is similar, *not identical*, to the positions held by the putative class members." *Comer*, 454 F.3d at 546-47 (internal quotation marks and citations omitted and emphasis added). Accordingly, district courts generally allow the lead plaintiffs to "show that the potential claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Olivo v. GMAC Mortgage Corp.*, 374 F. Supp.2d 545, 548 (E.D. Mich. 2004) (internal quotation marks and citations omitted). *See also Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009) (same). This Court applies that standard here.

This "first stage" or notice standard is "fairly lenient," requiring only that Plaintiffs "submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." *Olivo*, 374 F. Supp.2d at 548 (internal quotation marks and citation omitted). "[T]he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield*, 257 F.R.D. at 642.

**B. Plaintiffs Have Met Their Lenient Burden for Conditional Certification**

Despite Defendant's arguments to the contrary, Plaintiffs here have presented sufficient evidence showing that they and potential plaintiffs were "similarly situated" victims of a common policy of Defendant's that violated the FLSA — misclassification of Plaintiffs as exempt employees before reclassification on May 16, 2009. Moreover, even though each Plaintiff's specific job duties may not be identical to that of each other or the putative collective class, the testimony and Declarations of the named and opt-in Plaintiffs show that they are similarly situated because all: (1) held the same job title (or to use Defendant's

8

terminology "job key") of Manager, Outside Plant Planning & Engineering Design; (2) worked for Defendant Michigan Bell in the State of Michigan within the last three years; (3) were classified as exempt, salaried employees before May 16, 2009; (4) were reclassified as non-exempt, hourly employees on May 16, 2009, making them eligible for overtime payments; (5) performed the same job duties before and after May 16, 2009; (6) worked more than forty hours per week without overtime compensation; (7) performed similar job duties largely governed by standards and technical specifications over which they had no control; (8) applied these specifications to a given situation using predetermined guidelines and rules; and (9) had a primary job duty of drawing up specifications or plans which workers then used to place telephone and data cables in the appropriate locations so that Michigan Bell's customers would have adequate service.

A recent decision from the Western District of Wisconsin also supports conditional certification. In *Witteman v. Wisconsin Bell, Inc.*, No. 09-cv-440-vis, 2010 WL 446033, *1 (W.D. Wis. Feb. 2, 2010), the court considered a similar motion for conditional class certification brought under § 216(b) of the FLSA by "'outside plant engineers' who contend[ed] that defendant Wisconsin Bell, Inc. was violating the FLSA by denying them overtime compensation until May 2009, when defendant reclassified [the plaintiffs]' positions as 'nonexempt' from overtime requirements." Similar to Defendant Michigan Bell here, the defendant Wisconsin Bell argued there that "plaintiffs' characterization of their job duties [was] an 'oversimplification' because the title 'outside plan engineer' actually encompasses six different positions: planner, design engineer, right of way engineer, loop electronic engineer, project manager and office manager." *Id.* at *2. The *Witteman* court rejected Wisconsin Bell's argument. "Although defendant devotes most of its brief to an

9

argument that there are numerous differences among the potential class members, it says surprisingly little about the reasons those alleged differences are relevant for the purpose of determining whether plaintiffs are exempt from the FLSA, which is the only difference that matters. . . . Further, defendant fails to explain why any problematic dissimilarities among the different 'types' of outside plant engineers could not be solved through subclasses." *Id.* (internal citations and quotations omitted).

The same is true here. Defendant Michigan Bell devotes most of its brief to an argument that, although Plaintiffs and the putative class may share a job title, they hold different positions with different duties. Like the defendant in *Witteman*, Defendant Michigan Bell fails to convince the Court that those alleged differences are relevant for the purpose of determining whether Plaintiffs are exempt from the FLSA — the core issue in this litigation. Moreover, similar to the defendant in *Witteman*, Defendant Michigan Bell has not adequately explained why any dissimilarities among the different "types" of Outside Plant Engineers could not be solved by subclasses.

Despite Defendant's claims to the contrary, Plaintiffs have presented evidence that they have personal knowledge of the duties of different "types" of Outside Plant Engineers including duties performed by Planners and ROW Engineers.[2] Plaintiff Shellie Domalski, who holds the position of Design Engineer, testified that although these positions have "different functions," this did not mean that she, as a Design Engineer, could not "walk over

---

[2]This Court also rejects Defendant's additional arguments that Plaintiffs' Declarations are not based on personal knowledge. These arguments are similar to those recently addressed by the Court in another FLSA collective action and are rejected for the reasons stated in that decision. *See Fisher v. Michigan Bell Telephone Co.*, 665 F. Supp.2d 819, 826 (E.D. Mich. 2009).

10

and do a planner's job." (Domalski Dep. at 21.) In fact, she testified that, "I have done that when they're on vacation. So I know what they do." (*Id.*) She also testified that she "could step into a planner's shoes at a moment's notice," and could "perform the right of way engineer job" as well. (*Id.* at 22.) This evidence refutes Defendant's argument that Outside Plant Engineers known as Planners and ROW Engineers should not be included in the conditionally certified class and thus receive notice of this action.

Defendant also submits declarations and deposition testimony in an attempt to refute Plaintiffs' evidence that they are similarly situated. At this first stage of § 216(b) certification, however, the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations. *See Brasfield*, 257 F.R.D. at 642. Rather, those tasks are addressed at the second stage. As the *Witteman* court observed, "Defendant's arguments about the predominance of individualized inquiries and dissimilarities between plaintiff and other employees are properly raised after the parties have conducted discovery and can present a more detailed factual record for the court to review." *Witteman*, 2010 WL 446033 at *2 (internal quotation marks and citations omitted). "If, after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together, defendant may ask to decertify the class or divide the class into subclasses." *Id.* at *3.

As observed by the Sixth Circuit, "[t]he plaintiff must show only that his position is similar, *not identical*, to the positions held by the putative class members." *Comer*, 454 F.3d at 546 (internal quotation marks and citation omitted and emphasis added). Numerous courts have similarly observed that "disparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis" rather than

11

at the first stage. *White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 373 (E.D. Tenn. 2006) (citing cases). Moreover, despite Defendant's arguments to the contrary, numerous courts have conditionally certified cases where the defendant relied on the administrative exemption as a defense to FLSA liability. *See, e.g., Witteman*; *Kress v. PriceWaterhouseCooper, LLP*, 263 F.R.D. 623 (E.D. Cal. 2009); *Garcia v. Freedom Mortgage Corp.*, No. 09-2668 (JEI), 2009 WL 3754070 (D. N.J. Nov. 2, 2009); *Ahle v. Veracity Research Co.*, No. 09-00042 ADM/RLE, 2009 WL 3103852 (D. Minn. Sept. 23, 2009); and *Jirak v. Abbott Labs, Inc.*, 566 F. Supp.2d 845 (N.D. Ill. 2008). At this initial stage, Plaintiffs have established that they are similar enough to proceed collectively through discovery.

The Court now addresses Plaintiffs' proposed judicial notice.

### C. Plaintiffs' Proposed Notice[3]

The Supreme Court has acknowledged that judicial notice to a putative class in FLSA collective actions is proper in "appropriate cases[.]" *Hoffmann-LaRoche*, 493 U.S. at 169. Having determined that Plaintiffs have shown that the employees to be notified are similarly situated with them, this Court has discretion "to authorize notification" of those individuals "to allow them to opt into the lawsuit." *Comer*, 454 F.3d at 546. Judicial notice is appropriate here for several reasons. First, unlike class actions under Rule 23, conditional certification of a collective action under § 216(b) of the FLSA does not toll the statute of limitations for potential plaintiffs. *Id.* Accordingly, an employee who does not opt-in by filing a signed consent with the Court cannot recover. *See* 29 U.S.C. § 216(b). Thus, judicial

---

[3] Plaintiffs have attached a copy of their Proposed Notice. (Pls. Ex. A.)

12

notice protects these claims by informing similarly situated employees of the facts needed to make an informed decision whether to opt-in. *Hoffmann-LaRouche*, 493 U.S. at 170. Second, judicial notice promotes judicial economy, helps avoid the "multiplicity of duplicative suits" inherent in these types of lawsuits, and notifies putative plaintiffs of an economically feasible litigation option. *Id.* at 172.

Defendant raises a number of concerns with Plaintiffs' proposed notice. The Court addresses each. First, Defendant argues that Plaintiffs' notice is misleading because it does not inform recipients of their option to retain their own attorneys or to bring an individual lawsuit. Contrary to Defendant's assertion, the proposed notice does inform recipients that, "[i]f you do not wish to join this action, you are free to take any action on your own." (Pls. Ex. A.) In a recent FLSA collective action, *Fisher v. Michigan Bell Telephone Company*, 665 F. Supp.2d 819 (E.D. Mich. 2009), this Court rejected a similar argument and held that the proposed notice was sufficient. *Id.* at 829. This Court observed that "the notice's statement that opt-ins will be represented by Plaintiff's counsel is not misleading." *Id.* It further observed that, "[a]s generally recognized in these collective actions, Plaintiffs' counsel is the counsel of record; and, if any potential plaintiff chooses to opt-in, that plaintiff will be represented by Plaintiffs' counsel. This language does not imply that any potential plaintiff is precluded from choosing not to opt-in or choosing instead to litigate a claim individually." *Id.* (citations omitted). For these same reasons and because the proposed notice informs recipients that they are free not to join this collective action and are free to file their own action, Defendant's first argument is rejected.

Second, Defendant argues that the disclaimer cautioning notice recipients that "[t]he Court has taken no position about the merits of Plaintiffs' claims or Defendant's defenses"

13

should be moved to the first page of the proposed notice. This Court rejected the same argument in *Fisher*, 665 F. Supp.2d at 829, and does so here for the same reason — the statement and it's placement provide sufficient notice to recipients — there is no need to move the statement to the front page.

Third, Defendant asserts that the proposed notice should include a sentence informing prospective opt-ins that they may have to sit for a deposition or testify at trial. Plaintiffs do not object to this inclusion and suggest that the following sentence be added to the end of the "Effect of Joining" section: "If you join the lawsuit, you may be required to respond to written questions, sit for a deposition, and testify in court." This Court finds this suggested language and location a satisfactory response to Defendant's stated concern.

Fourth, Defendant argues that Plaintiffs' proposed 90-day notice period should be reduced to 30 days. Defendant's argument is rejected. A 30-day notice period leaves too little room "for any delays that might occur as a result of difficulty in locating former employees." *Witteman*, 2010 WL 446033 at *3. It leaves too little room for handling returned or undeliverable mail. A 90-day notice period is reasonable here.

Fifth, Defendant objects to Plaintiffs' proposed reminder notice. The *Witteman* court faced a similar objection. It agreed with the defendant Wisconsin Bell that "the reminder [was] unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit." *Id.* It observed that "[t]he purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." *Id.* This Court agrees with the *Witteman* court and rejects Plaintiffs' proposed reminder notice.

### D. Plaintiffs' Discovery Request

Finally, Plaintiffs request that this Court order Defendant to produce a list, in Microsoft Excel format, of all persons employed by Defendant Michigan Bell as a Manager, Outside Plant Planning and Engineering Design within three years of the Court's Order and up to May 16, 2009, including the last known address, telephone number, dates of employment, location of employment, date of birth, and employee identification number.  Defendant does not object to providing this information but requests that it have ten days to do so rather than seven.  This Court will allow Defendant ten days from the date of this Order to provide Plaintiffs with the requested information.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion for conditional class certification and judicial notice is GRANTED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  April 16, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager