UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>PLAINTIFFS,<br><br>v.<br><br>SOUTHERN NEW ENGLAND TELEPHONE COMPANY,<br><br>DEFENDANT. | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br><br>SEPTEMBER 29, 2011 |

## DEFENDANT SNET'S SUBMISSION REGARDING ISSUES TO BE RESERVED FOR PHASE TWO OF TRIAL

Pursuant to the Court's direction of September 26, 2011, Defendant Southern New England Telephone Company ("Defendant") hereby submits its list of issues to be reserved for Phase Two of the trial of this matter, and to be decided by the second jury:

1.　The number of compensable overtime hours worked by each class member during the liability period (federal or state, as decided by the first jury), determined in a manner that does not result in "double counting" the same hours under both claims.

2.　The regular rate of pay for each class member during the liability period.

3.　With respect to on-call time, Defendant believes that the compensability of on-call time cannot be resolved on a class-wide basis.  It is well-established that such compensability depends on a host of individualized factors.  See e.g., Rutlin v. Prime Succession, Inc., 220 F.3d 737, 743-44 (6th Cir. 2000) ("[T]he question in on-call cases is whether the employer's restrictions on [its employees'] time prevent the employees from effectively using the time for personal pursuits.  To be considered work time, an employee's on-call time must be

'severely restricted.' This determination is fact-specific, and the circumstances of each case must be considered. . . . The plaintiffs must show that the policy is so onerous as to prevent them from effectively using their free time for personal pursuits."); Singh v. City of New York, 524 F.3d 361, 368 n. 5 (2d Cir. 2007) (citing Rutlin). Accordingly, any issues with respect to on call time would have to be addressed on an individual basis in Phase Two.

Defendant hereby submits its list of damages issues to be determined by the first jury:

1. Whether any violation of the Fair Labor Standards Act was "willful" within the meaning of the statute.

2. Whether Defendant's actions in classifying Plaintiffs as exempt from overtime pursuant to the federal executive exemption were made in good faith and with reasonable grounds for believing that the exemption applied.

3. Whether Defendant acted with bad faith, arbitrariness or unreasonableness in classifying the Plaintiffs as exempt from overtime pursuant to the Connecticut executive exemption.

4. Defendant believes the first jury should decide what straight time hours the salary and other compensation paid to Plaintiffs were intended to compensate them for. As Defendant understands the court's ruling of September 27, 2011, the court has concluded that such salary and other compensation was intended to compensate Plaintiffs only for the first 40 hours of work each week, and therefore the Court will not put that issue to the jury. Defendant notes its objection to that ruling for the reasons previously stated in its motion papers and at oral argument on the relevant motions.

The issue of interest to be awarded, if any, is to be determined by the Court.[1]

Dated:  New York, New York
        September 29, 2011

Respectfully submitted,

By:  /s/ Patrick W. Shea
     Patrick W. Shea (CT07071)
     Paul Hastings LLP
     75 East 55th Street
     New York, NY 10022
     Telephone: (212) 318-6000
     Facsimile: (212) 319-4090
     patrickshea@paulhastings.com

     Leslie A. Dent (PHV 03877)
     John F. Wymer, III (PHV 03876)
     Erika L. Leonard (PHV 03875)
     Paul Hastings LLP
     600 Peachtree Street, N.E., Suite 2400
     Atlanta, Georgia 30308
     Telephone: (404) 815-2400
     Facsimile: (404) 815-2424
     lesliedent@paulhastings.com
     johnwymer@paulhastings.com
     erikaleonard@paulhastings.com

     Counsel for Defendant
     SOUTHERN NEW ENGLAND
     TELEPHONE COMPANY

---

[1] Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715 (1945) (interest is not recoverable in judgments obtained under FLSA, because the liquidated damages provision is already intended to compensate employees "for delay in payment of sums due under the Act."); Addison v. Huron Stevedoring Corp., 204 F.2d 88, 96 (2d Cir. 1953) (where employers meet good faith standard and liquidated damages are not awarded, the employer may not be assessed prejudgment interest on back pay awards); Spearhead Constr. Corp. v. Bianco, 39 Conn. App. 122, 134-135 (1995) (allowance of prejudgment interest "turns on whether the detention of the money is or is not wrongful under the circumstances" and such a "factbound determination lies within the trial court's discretion") (internal quotations omitted), *cert denied*, 235 Conn. 928, 667 A.2d 554, 1995 Conn. LEXIS 417 (1995); Lawrence v. New Hampshire Ins. Co., 29 Conn. App. 484, 497-498 (1992) (trial court has discretion to award prejudgment interest where the award has been improperly withheld), *cert denied*, 224 Conn. 923 (1992); Metcalfe v. Talarski, 213 Conn. 145, 160 (1989) ("The allowance of interest as an element of damages is primarily an equitable determination and a matter within the discretion of the trial court.").

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br><br>Individually and on Behalf of Others Similarly Situated,<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br>SEPTEMBER 29, 2011 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2011, a copy of foregoing DEFENDANT SNET'S SUBMISSION REGARDING ISSUES RESERVED FOR PHASE TWO OF TRIAL was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*