UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| **Individually and on Behalf of Others Similarly Situated,** | **CIVIL ACTION NO. 3:07CV967 (JCH)** |
| **PLAINTIFFS,** | |
| **v.** | **September 30, 2011** |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

<u>**DEFENDANT'S OBJECTIONS TO THE COURT'S
PRELIMINARY PRETRIAL JURY INSTRUCTIONS**</u>

Defendant Southern New England Telephone Company ("SNET" or "Defendant")

submits these objections to the Court's preliminary Pretrial Jury Instructions, as modified on

September 27, 2011 ("Pretrial Charge"):

1.      SNET objects to the last sentence of the second full paragraph on page 2, which instructs

the jury to consider the testimony they hear in this case as "representative of all plaintiffs."   As

SNET argued in its Motion in Limine to Permit Individual Findings [Doc. 392], if the evidence

would permit a reasonable jury to conclude that some members of the class are exempt, while

others are not, it is contrary to the Seventh Amendment, the due process clause, and the Rules

Enabling Act to refuse to allow the jury to make such a finding.  A proper preliminary instruction

would charge the jury that such a finding is permissible if warranted by the evidence.

2.      SNET objects to the last sentence of the carryover paragraph on page 3, which instructs the jury that, "In proving these exemptions, SNET must demonstrate that the exemption plainly and unmistakably applies to the plaintiffs here."   This statement does not belong in the jury instructions.  As Judge Posner observed following a comprehensive analysis of the relevant case law, the proposition that exemptions are narrowly construed, and the employer must clearly and unmistakably show their applicability, is a principle of statutory construction, not a burden of proof.  Yi v. Sterling Collision Ctrs., Inc., 480 F.3d 505, 507 (7th Cir. 2007).  The principle in no way alters the preponderance of evidence standard that is generally applicable in civil cases.  Id. at 507-08 (preponderance standard is applicable because the "exemption from the FLSA's overtime provision…curtails no greater individual interest or right than the right to a discharge in bankruptcy, at issue in Grogan [the case in which the Supreme Court rejected a clear and convincing evidence burden of proof]").  Accord Fowler v. Incor, 279 Fed. Appx. 590, 592 (10th Cir. 2008) (rejecting claim that principle of statutory interpretation requiring "clear and affirmative evidence" to support exemption changes the burden of proof applied to FLSA exemptions, and applying instead "the preponderance of the evidence standard traditionally applied in civil cases"); Moran v. GTL Constr., LLC, No. 06 Civ. 168, 2007 WL 2142343, at *2 (S.D.N.Y. July 24, 2007) (noting that "[t]he employer bears the burden of proving, by a preponderance of the evidence, that the employee falls within an exempted category of the FLSA").

Here, the jury is serving solely as judges of the facts; the Court, not the jury, will construe the statute.  There is thus no reason to include this principle of statutory construction in the jury charge.

Moreover, the proposed instruction creates a very substantial risk of jury confusion by juxtaposing two different burdens of proof.  The challenged sentence tells the jury that the exemption must be proven "clearly and unmistakably," while the following sentence states that the exemption need only be proven by a preponderance of evidence. At the final pretrial conference, the Court noted that it was still struggling with the issue, but that "I don't intend to charge the jury on burden of proof in any other way than preponderance at this time in the pretrial instruction."  Tr. at 529.  By adding a sentence that tells the jury that in proving the exemption, SNET must demonstrate its applicability clearly and unmistakably, a reasonable jury could conclude that the burden of proof is different, notwithstanding the subsequent references to the preponderance of evidence standard.

3.      SNET objects to the first sentence of the last paragraph on page 3 of the preliminary charge which states, "In this case, however, the parties have stipulated, or agreed, that the plaintiffs have already proven, by a preponderance of the evidence, the elements of their claims."   Without any surrounding context, this could be readily misunderstood by the jury as a concession by SNET of liability.  The preliminary charge makes essentially the same point in the first full paragraph of page 5, but here it is clear from the context that SNET is only conceding that plaintiffs are covered by the statute and are not paid overtime.  The language on page 3 is thus confusing and redundant.

Dated:  New York, New York
           September 30, 2011

Respectfully submitted,

By:   /s/ Patrick W. Shea
        Patrick W. Shea (CT07071)
        Paul Hastings LLP
        75 East 55th Street
        New York, NY 10022
        Telephone: (212) 318-6000
        Facsimile: (212) 319-4090
        patrickshea@paulhastings.com

        Leslie A. Dent (PHV 03877)
        John F. Wymer, III (PHV 03876)
        Erika L. Leonard (PHV 03875)
        Paul Hastings LLP
        600 Peachtree Street, N.E., Suite 2400
        Atlanta, Georgia 30308
        Telephone: (404) 815-2400
        Facsimile: (404) 815-2424
        lesliedent@paulhastings.com
        johnwymer@paulhastings.com
        erikaleonard@paulhastings.com

        Counsel for Defendant
        SOUTHERN NEW ENGLAND
        TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| **Individually and on Behalf of Others Similarly Situated,** | **CIVIL ACTION NO. 3:07CV967 (JCH)** |
| **PLAINTIFFS,** | |
| **v.** | **September 30, 2011** |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2011, a copy of foregoing DEFENDANT'S

OBJECTIONS TO THE COURT'S PRELIMINARY PRETRIAL JURY INSTRUCTIONS was

filed electronically and served by U.S. mail on anyone unable to accept electronic filing.  Notice

of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system or by mail to anyone unable to accept electronic filing as indicated on the Notice of

Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Patrick W. Shea</u>
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*