UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,** | |
| **Individually and on Behalf of Others Similarly Situated,** | **CIVIL ACTION NO. 3:07CV967 (JCH)** |
| **PLAINTIFFS,** | |
| | **September 30, 2011** |
| v. | |
| **SOUTHERN NEW ENGLAND TELEPHONE COMPANY,** | |
| **DEFENDANT.** | |

### DEFENDANT'S SUBMISSION REGARDING PROPOSED STIPULATION IN RESOLUTION OF DEFENDANT'S MOTION IN LIMINE REGARDING OTHER LAWSUITS [DOC. 385]

Defendant Southern New England Telephone Company ("SNET" or "Defendant") submits this filing pursuant to the Court's instructions at the hearing on September 26, 2011 [Doc. 392, p. 408-08] and Trial Order No. 1 [Doc. 534] that the parties attempt to reach a stipulation regarding Defendant's Motion in Limine to Exclude Evidence, Testimony or Argument Regarding the Financial Standing of SNET and the Existence or Outcome of Other Wage and Hour Lawsuits Against AT&T Entities [Doc. 385].[1]

On September 28, Defendant proposed the following stipulation to Plaintiffs' counsel to resolve the outstanding portion of the Motion:

> SNET has an ongoing obligation under the FLSA and Connecticut state law to review its exempt jobs and to make sure the jobs are properly classified.

---

[1] The portion of this motion relating to the financial standing of SNET was granted. [Doc. 498].

Defendant's proposed language tracks the language it proposed at the September 26 hearing, which the Court noted "sounded pretty good, didn't sound overreaching, didn't go too far." See Transcript of Continued Pretrial Hearing #4 [Doc. 392, p. 407-08].

On September 30, Plaintiffs insisted on adding a second sentence to the stipulation that read: "SNET has not and did not introduce any evidence at trial that it reviewed the exempt status of the Level One class jobs at any time during the class period." The language proposed by Plaintiffs overreaches, because it relates to the classification at issue in this case, and thus is entirely unrelated to the resolution of the underlying Motion in Limine seeking to prevent the introduction of evidence from other lawsuits. Therefore, Defendant rejected the language proposed by Plaintiffs.

Plaintiffs responded by submitting another proposed stipulation which not only did not remove the sentence to which Defendant had originally objected as unrelated to the motion, but added an additional sentence requiring Defendant to stipulate to the existence of the very lawsuits that Defendant objected to in its Motion in Limine. The second proposed stipulation reads: "SNET has an ongoing obligation under the FLSA and Connecticut state law to review its exempt jobs and to make sure the jobs are properly classified. After this Level One lawsuit against SNET was commenced in 2007, AT&T/SNET reclassified Outside Plant Engineers in Michigan, Wisconsin, and Illinois as nonexempt, and was subsequently sued in those states for unpaid overtime pay. SNET has not and did not introduce any evidence at this Level One trial that it reviewed the exempt status of the Level One class jobs at any time during the class period." Defendant likewise objected to the new language, which falsely seeks to suggest a connection between this lawsuit and the voluntary reclassification of completely different

positions – subject to the different FLSA administrative exemption – in a different AT&T subsidiary.

Plaintiffs said they sought to admit evidence of other lawsuits to show that Defendant was aware of its legal obligations. Defendant has offered to stipulate to that. But Plaintiffs now seek to expand the stipulation to procure an unfair litigation advantage with respect to two other unrelated and inaccurate stipulations. Because Defendant's proposed stipulation fully disposes of any issue as to which other lawsuits could possibly be relevant, Defendant's motion should be granted.

Dated:  New York, New York
        September 30, 2011

Respectfully submitted,

By:  /s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

Leslie A. Dent (PHV 03877)
John F. Wymer, III (PHV 03876)
Erika L. Leonard (PHV 03875)
Paul Hastings LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
lesliedent@paulhastings.com
johnwymer@paulhastings.com
erikaleonard@paulhastings.com

Counsel for Defendant
SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al.,<br><br>Individually and on Behalf of Others Similarly Situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>SOUTHERN NEW ENGLAND TELEPHONE COMPANY,<br><br>DEFENDANT. | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br><br>September 30, 2011 |

### CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2011, a copy of foregoing DEFENDANT'S SUBMISSION REGARDING PROPOSED STIPULATION IN RESOLUTION OF DEFENDANT'S MOTION IN LIMINE REGARDING OTHER LAWSUITS [DOC. 385] was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*