UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | ) <br> ) <br> ) |
| Individually and on Behalf of Others Similarly Situated, | ) No: 3:07CV967 (JCH) <br> ) |
| PLAINTIFFS, | ) PLAINTIFFS' TRIAL MEMO ON <br> ) THE COURT'S SPOLIATION <br> ) INFERENCE |
| v. | ) <br> ) |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | ) <br> ) <br> ) |
| DEFENDANT. | ) <br> ) |

### INTRODUCTION AND SUMMARY

As the Court is aware, Plaintiffs plan to close their case in chief tomorrow, Tuesday, October 11. Accordingly, Plaintiffs request that the Court adopt a spoliation approach that does not call for the presentation of evidence on this issue by either party.

There is no need for the jury to hear evidence on whether SNET spoliated relevant documents. Before trial, Plaintiffs timely moved for a ruling that SNET destroyed documents and this Court found that SNET was guilty at least of "gross negligence" in allowing such destruction. The only thing left now for the jury to do is decide whether to draw an inference that the spoliated documents would favor Plaintiffs' position and disfavor SNET's on the dispositive issues in this case – are the Plaintiff-L1s exempt executives? SNET's invitation to retry before the jury whether SNET unjustifiably destroyed relevant and important evidence would create an unnecessary "trial-within-the-

1

trial" on a collateral issue.[1]  This would distract the jury from the main issues at hand, and waste the Court's and jury's time.

## The Court's Power and Discretion to Sanction a Spoliating Party

Under Rule 37, as well as the Court's inherent powers, the Court has broad discretion to enter an appropriate sanction for spoliation of evidence.  The Court has the authority, for example, to enter a default judgment or dismissal, to preclude evidence, to make findings of fact on particular issues or claims, and to draw adverse inferences. *E.g. In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 149 (2d Cir. 2008); *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *Zimmerman v. Poly Prep Country Day Sch.*, 2011 U.S. Dist. LEXIS 40704, at *104-105  (E.D.N.Y. Apr. 13, 2011); *Port Auth. Police Asian Jade Soc'y of N.Y. & N.J., Inc. v. Eng*, 601 F. Supp. 2d 566, 569  (S.D.N.Y 2009).  See also *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-107 (2d Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  If the judge adopts an adverse instruction to be read to the jury,the Court has the discretion to fashion the parameters of the inference.  *See*, *e.g.*, *Harkabi v. Sandisk Corp.*, 2010 U.S. Dist. LEXIS 87483, at *18 (S.D.N.Y. Aug. 23, 2010); *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs.*, LLC, 685 F. Supp. 2d 456, 470-71 (S.D.N.Y. 2010);  See also *Gutierrez-Bonilla v. Target Corp.*, 2009 U.S. Dist. LEXIS 116958, at *7  (E.D.N.Y. Dec. 16, 2009) ("Among the permissible sanctions for spoliation is an inference that the evidence would have been unfavorable to the party responsible for its destruction.")

---

[1] Presentation of evidence on spoliation is all the more likely to be a significant distraction given that two of the four individuals Plaintiffs would likely need to question are attorneys who at one time had appearances in this case, thereby almost certainly raising a whole host of additional contentious issues.

In *Babaev v. Grossman*, 2008 U.S. Dist. LEXIS 77731, at *7-8 (E.D.N.Y. Sept. 8, 2008), for example, the Court made the factual finding of spoliation and then handed to the jury the right to draw or decline a negative inference as to the ultimate facts in that case. ("Thus, the court finds that relevant financial information was stored on the lost computer, that spoliation of that evidence occurred, and that the plaintiffs are entitled to an adverse inference regarding that evidence, to the effect that the spoliated record would have confirmed Plaintiffs' stock purchase in RSC and RSKC in the amounts set out in the Complaint, and would have supported plaintiffs' claims of falsity in the defendants' representations about their fiscal soundness, which induced the plaintiffs to invest.")

The mild type of inference adopted by the district court in *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376 (2d Cir. 2001), which tracks in large part 4-75 Modern Jury Instructions Civil P. 75.01, Instr. 75-7, is by no means the only instruction the Court may adopt. Rather, just as the Court may choose from a variety of potential sanctions, it may also use its discretion to formulate an appropriate adverse inference to present to the jury. *See, e.g., Pension Comm*, supra; *Harkabi*, supra. Plaintiffs submit that the mild form of inference submitted to the jury in *Zimmermann* is most appropriate for cases in which evidence on spoliation fits naturally within the requesting party's case in chief. For example, in *Zimmerman*, a Title VII case, the defendant employer destroyed all of its performance review documents relating to the plaintiff. The employer alleged that it fired the plaintiff for inferior performance, but could provide no documents in support of that assertion. In such a case, it is entirely reasonable that the plaintiff would have presented evidence on spoliation as a central part of its case, in order to highlight the absence of any documents to support the employer's primary defense.

3

This case, however, is not *Zimmermann*, and the Court should exercise its discretion differently than the *Zimmermann* judge. Introduction of evidence on spoliation would be nothing but a sideshow that the Court can easily avoid. The Court should decline to rehash the evidence of spoliation before the jury, because this course best fulfills the primary purpose of a spoliation inference, namely, "to restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence." *Crown Castle USA, Inc. v. Fred A. Nudd Corp.*, 2010 U.S. Dist. LEXIS 32982, at *47 (W.D.N.Y. Mar. 31, 2010) (citations omitted). To force Plaintiffs to present evidence on this collateral issue as part of their case in chief would likely do just the opposite. Plaintiffs would be denied the benefit of the Court's pretrial adjudication of the spoliation issue. And the guilty party, SNET, would be rewarded for its malfeasance by receiving another bite at the apple, namely the opportunity to introduce new evidence on the already-decided question of whether spoliation did indeed occur.

Numerous courts, in this Circuit and beyond, have adopted adverse inference instructions which go well beyond the *Zimmermann* formulation. These instructions invite jurors to draw inferences on the ultimate issues of fact based on already established findings regarding spoliation. *See, e.g.*, *Nicholson v. Bd. of Trs. for the Conn. State Univ. Sys.*, 2011 U.S. Dist. LEXIS 103094, at *25 (D. Conn. Sept. 12, 2011) ("plaintiffs are afforded an adverse inference that defendants allowed the spoliation of the portfolio materials because such evidence was not favorable to their defense. At the trial, the Court will instruct the jury on the adverse inference due to spoliation."); *Liberman v. FedEx Ground Package Sys.*, 2011 U.S. Dist. LEXIS 4401, at *16 (E.D.N.Y. Jan 18, 2011) ("As a result, the proper remedy for the spoliation in this case is an adverse inference

against FedEx that one of its agents delivered packages to 470 Park Ave. South on the date in question, a fact that FedEx has contested."); *Johnson v. Waterford Hotel Group, Inc.*, 2011 U.S. Dist. LEXIS 2328, at *14 (D. Conn. Jan. 11, 2011) ("At trial, the Court will give the jury an adverse inference instruction stating that the contents of the discarded journal would have been favorable to the Defendant and unfavorable to the Plaintiff with respect to the Plaintiff's employment discrimination claims under Title VII"); *Vagenos v. LDG Fin. Servs.*, LLC, 2009 U.S. Dist. LEXIS 121490, at *7 (E.D.N.Y. Dec. 31, 2009) ("Accordingly, at trial the Court will instruct the jury that a party in possession of material evidence has a duty to preserve it, and the jury may consider plaintiff's failure to preserve the original recording as evidence that the destroyed portion of the message contained information harmful to plaintiff's case.").

Cases such as these confirm that the Court may make a conclusive pretrial finding as to the fact of spoliation..  A court wishing to impose a stronger sanction might further instruct the jury that a particular factual matter in the case has been established or that the destroyed evidence *would* have been favorable to the non-spoliating party (whether in general or in reference to specific issues or claims).  In the alternative, a Court desiring to impose a lesser sanction may simply allow, but not require, the jury to infer that the spoliated evidence would have been favorable to the non-spoliating party.  In the latter case, the jury is then permitted, but not required, to rely upon the spoliation inference in determining the questions of fact presented in the case.

In its pretrial ruling on Plaintiffs' spoliation motion, this Court concluded:

> After reviewing all of the parties' submissions and the law, it is clear to the court that SNET has failed to satisfy its obligation to preserve e-mail during the nine-month gap between when the first archive system was discontinued and when the second archive system was implemented and that such failure was at least grossly negligent. Further

the documents at issue are relevant to this litigation and important to the plaintiff. Having made those findings, the court finds that the plaintiff has met its burden to demonstrate that the destroyed documents were relevant to its claim.

[Sept. 26, 2011 Pretrial Tr. at 433:25-434:11]  The Court also noted that SNET made no effort to inform Plaintiffs and the Court of its spoliation of emails for more than a year, and continued to obscure the issue for more than a year after that, until SNET's actions were finally exposed during pretrial proceedings in September 2011.  Admonishing SNET's counsel for a "shocking lack of candor," [*id*. at 430:14-433:11], the Court determined that an adverse inference was an appropriate sanction.  [*Id*. at 434:12-15]

In lieu of a harsher presumption, Plaintiffs have sought merely to instruct the jury that it *may* infer on the basis of the Court's spoliation finding that the destroyed evidence would have been favorable to Plaintiffs and unfavorable to Defendant SNET.  Such a sanction is well within the Court's powers and well-tailored to the circumstances of this case.  Accordingly, this Court should propound an inference along these lines, permitting Plaintiffs to receive the benefit of this Court's pretrial findings on spoliation instead of offering Defendant a chance to re-argue spoliation.

                                              Respectfully Submitted,

Dated: October 10, 2011        /s/  Steven L. Wittels
                                      Steven Wittels, (SLW-8110)
                                      Jeremy Heisler, (JH-0145)
                                      **SANFORD WITTELS & HEISLER, LLP**
                                      1350 Avenue of the Americas, 31st Floor
                                      New York, NY 10019
                                      Telephone: (646) 723-2947

                                      David W. Sanford
                                      **SANFORD WITTELS & HEISLER, LLP**
                                      1666 Connecticut Avenue, N.W., Suite 310
                                      Washington, D.C. 20009
                                      Telephone: (202) 742-7780

Edmond Clark
**Law Office of Edmond Clark**
83 Scotland Avenue
Madison, CT06443-2501
Telephone: (203) 245-4602
Fax: (203) 245-9734
eclarkmadisonlaw@aol.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ECF this 10th day of October, 2011 upon the following counsel of record:

**Patrick Shea**
Paul Hastings
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
212-318-6405
Fax: 212-752-2542
Email: patrickshea@paulhastings.com

*Attorneys for Defendant*

                                          ___/s/ Steven L Wittels_____
                                              Steven L. Wittels