UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON L. PERKINS, et al., | |
| Individually and on Behalf of Others Similarly Situated, | CIVIL ACTION NO. 3:07CV967 (JCH) |
| PLAINTIFFS | |
| v. | October 14, 2011 |
| Southern New England Telephone Company, | |
| DEFENDANT | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' SUGGESTED LANGUAGE FOR CHANGES AND ADDITIONS TO THE COURT'S OCTOBER 7, 2011 DRAFT JURY INSTRUCTIONS AND TO PLAINTIFFS' PROPOSED VERDICT FORM**

Defendant Southern New England Telephone Company ("SNET") ("Defendant") objects to Plaintiffs' proposed changes to the Court's October 7, 2011 draft Jury Instructions for the reasons stated at the October 11, 2011 charging conference. In addition, Defendant submits this brief to address Plaintiffs' New Instruction 28A-Change in Status, and Plaintiffs' New Instruction on Duty/On-Call Time.

**I.   PLAINTIFFS' NEW INSTRUCTION 28 MISREPRESENTS THE LAW ON THE DEFINITION OF "CHANGE IN STATUS" AND ITS RELATIONSHIP TO "PARTICULAR WEIGHT."**

   **A.   The Plaintiffs' Definition Of "Change in Status" Ignores Relevant Second Circuit Precedent On Suspensions Without Pay.**

      1.   **A One-Day Suspension Without Pay is a "Change in Status"**

Defendant objects in part to New Instruction 28A, Part 1. The Supreme Court has held that a significant change in employment benefits, especially one with economic repercussions,

rises to the level of a tangible employment action. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998). Additionally, the Second Circuit has "defined adverse employment action broadly to include 'discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.'" *Lovejoy-Wilson v. NOCO Motor Fuel*, 263 F.3d 208, 223 (2d. Cir. 2001) (citing *Morris v. Lindau,* 196 F.3d 102, 110 (2d Cir. 1999)). In *Lovejoy-Wilson*, the court held that a one-week suspension was "sufficient to constitute an adverse employment action" because it reduced the employee's wages. *Id.*

A number of district courts have since held that a one-day suspension without pay constitutes an adverse employment action. *Satterfield v. United Parcel Serv.*, 00 Civ. 7190, 2003 U.S. Dist. LEXIS 17229 (S.D.N.Y. Sept. 30, 2003) (one-day suspension qualifies as "materially adverse" because employee had to forgo a day's wages), *Bush v. Fordham Univ.*, 452 F. Supp. 2d 394 (S.D.N.Y. 2006) (one- and three-day suspensions sufficient to constitute adverse action); *Cormier v. City of Meriden*, 420 F. Supp. 2d 11, 22 (D. Conn. 2006) (one-day unpaid suspension considered adverse action). The primary case cited by the Plaintiffs on short-term suspensions was decided without any reference to the Circuit's prior case law on suspensions. *See Dobrynio v. Central Hudson Gas & Elec. Corp.*, 419 F. Supp. 2d 557, 564-65 (S.D.N.Y. 2006). Other cases, including the two cases cited by the Plaintiffs, have then based their conclusions on *Dobrynio*, with little other supporting case law.

2. **Defendant's Suggested Jury Instructions**

In light of Second Circuit precedent, Defendant proposes the following definition for "change in status":

*"Change in status" means a "tangible employment action," namely a "significant change in employment status," including "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." A tangible employment action, or change in status,*

- 2 -

*usually has a "direct economic impact" on the employee. An action that reduces an employee's wages, such as a short-term unpaid suspension, constitutes a tangible employment action.*

### B. Plaintiffs' Addition Of An Instruction On The Relationship Between Change In Status And Particular Weight Is Unsupported.

Defendant objects in full to Plaintiffs' New Instruction 28A, Part 2. No case law, regulation, or statute supports the Plaintiffs' assertion that there must be a "clear and obvious connection between the recommendation and the ultimate change in status" or that the recommendation "must 'precipitate' (cause) the change." The Plaintiffs cite only a Department of Labor amicus brief for their proposition. That brief cites 69 Fed. Reg. 22,131, which discusses changes to the FLSA regulations based on public comments. The three factors defining "particular weight" were added in response to concerns from public employers who tend to leave ultimate decisions about an employee's status to a high-level manager or personnel board. For example, in a school district, "although state law may vest the school board with the exclusive authority to discharge an employee, such an action is precipitated by a department supervisor who evaluates the employee's performance and recommends the action." Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22,122, 22,131 (Apr. 23, 2004). The amicus brief, and now the Plaintiffs, use this isolated reference to "precipitated" in an improper attempt to read additional requirements into the definition of "particular weight" that are inconsistent with the plain language of the regulations.

No case law supports interpreting the sentence in question in this fashion. Rather, the example given in the regulations merely describes one situation where an employee's recommendation receives "particular weight." There is no basis in law for the Plaintiffs' suggested instructions in 28A, part 2, and they should be rejected.

II. **A DETERMINATION OF THE COMPENSABILITY OF ON-CALL TIME CANNOT BE MADE ON A CLASS-WIDE BASIS AND PLAINTIFFS' PROPOSED INSTRUCTION IS INCONSISTENT WITH WELL-ESTABLISHED LAW.**

   A. **The Jury Cannot Decide That On-Call Time Is Compensable On A Class-Wide Basis Because The Only Facts That Apply To The Entire Class Establish That The Plaintiffs' On-Call Time Is Not Compensable As A Matter Of Law.**

It is undisputed that Plaintiffs sometimes are "on call" outside their regular work hours. The only requirements that affect all on-call Plaintiffs are that each employee carry a cell phone, remain unimpaired (by alcohol or otherwise), and be available to report to a site within an undefined reasonable amount of time, if needed. As a matter of law, these modest requirements do not render the on-call time compensable. *See, e.g.*, *Gilligan v. City of Emporia*, 986 F.2d 410 (10th Cir. 1993) (on-call time not compensable where employees were free to use their off-duty time for personal pursuits and were only required to wear pagers and to refrain from consuming alcoholic beverages); *Bright v. Houston Nw. Med. Cntr. Survivor, Inc.*, 934 F. 2d 671 (5th Cir. 1991) (*en banc*) (on-call time not compensable as a matter of law where employee was required to carry a beeper, to respond to employer's premises in 20 minutes and to avoid impairment by alcohol); *Boehm v. Kansas City Power & Light Co.*, 868 F.2d 1182, 1185 (10th Cir. 1989) (on-call time was not compensable for power company linemen who were free to leave employer's premises during their on-call time and did so, and were free to use their off-duty time as they wished, provided only that they could be contacted and report for work one-third of the time that they were called); *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 370 (5th Cir. 1987) (on-call time not compensable where employee is free to eat, sleep, entertain guests, watch television, or engage in any other personal recreational activity, alone or with his family, as long as he is within hailing distance of the alarm and the station in case of emergency).

### B.     Plaintiffs' Proposed Instruction Is Contrary To Law.

If the Court nevertheless submits this issue to the jury, Plaintiffs' proposed new instruction, which insists that on-call time is compensable if any restriction is placed on an employee's time, misleads the jury about the nature and compensability of on-call time and is contrary to the law based on the authorities cited above.  The only question that can be submitted to the jury on a class-wide basis is whether the restrictions that applied to all class members for all periods of time render on-call time compensable.  Consideration of other factors that vary from class member to class member and from work week to work week cannot be considered on a class-wide basis.  *See Bayles v. American Med. Response*, 950 F. Supp. 1053, 1067 (D. Colo. 1996) (decertifying a portion of a class because of the distinct factors affecting each plaintiff's on-call time including call volume and activities at different stations); *see also Prise v. Alderwoods Group, Inc.*, No. 06-1641, 2011 WL 4101145, at *23 (W.D. Pa. Sept. 9, 2011) (holding that "disparate factual and employment settings" in regard to on-call work supported a decertification of a nationwide class); *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592-FDW-DSC, 2011 WL 4351631, at *7 (W.D.N.C. Sept. 16, 2011) (denying conditional certification where there was no evidence of a "common policy" requiring plaintiffs to be on-call during meal breaks); *West v. Verizon Communications, Inc.*, No. 8:08-CV-1325-T-33MAP, 2009 WL 2999181, at *4 (M.D. Fla. July 29, 2009) (where evidence showed that putative collective action members engaged in a variety of activities inside and outside the home during their on call time, they could not be classified as "similarly situated" for conditional certification purposes).

Accordingly, the only instruction that could be given that would be applicable to all class members for all work weeks would read as follows:

> You have heard testimony that while they were on call during duty periods, class members were required to respond to calls on their cell phones,

abstain from alcohol impairment, and be available occasionally to report to customers, restoration sites, and other locations within a reasonable period of time.  While Plaintiffs were on call and on duty, they performed a number of tasks for SNET including taking phone calls, working in the garage, working in the field, traveling to and from job sites in company vehicles, or working on the computer for SNET.  Such time qualifies as work and is compensable.  You are not being asked to decide about actual working hours when we are talking about on call or on duty time.

What you the jurors are being asked to decide is whether the time plaintiffs spent on call while <u>not</u> responding to phone calls or performing other tasks is compensable as overtime for the entire period (up to 128 hours per week) that plaintiffs were on call.  You may find that such time was compensable only if plaintiffs were severely restricted in their ability to engage in personal activities while on call.  In making this determination you should consider:

- Were Plaintiffs required to remain on SNET's premises while they were on call?

- Were Plaintiffs prevented from going to the gym, to the grocery store, to children's activities, or to visit friends while on call?

- Did Plaintiffs have to respond to all calls by appearing in person at SNET's premises or at other sites within a certain number of minutes (e.g., did they have to appear on a customer's premises within 15 minutes of receiving a call, so that they were prevented from engaging in any activity that might hamper their ability to respond within that time period)?

- Was it difficult for Plaintiffs to trade on-call shifts with other First Level Managers when they wanted or needed to (e.g., if a Plaintiff had a wedding to attend on a weekend they were scheduled to be on duty, could he trade duty shifts with another Manager)?

If your answer to any of these is "no," that factor weighs in favor of a finding that Plaintiffs were permitted to engage in personal activities while on-call and are not entitled to compensation for all on-call hours.

***Proposed verdict question for Phase One Jury on Duty/On-Call Time:***

Were Plaintiffs severely restricted from engaging in personal activities while on call?

**References**:  29 C.F.R. § 785.17 (where an employee is free to leave the employer's premises but is merely required to leave word with company officials where he may be contacted, the on-call time is not compensable); *Owens v. Local No. 169,* 971 F.2d 347, 351 (9th Cir. 1992) (setting forth relevant factors); *Dade Cnty. v. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997) ("[I]t is clear that an employee's free time must be severely restricted for off-time to be construed as work time for purposes of the FLSA." (citing *Birdwell*, 970 F.2d at 810)); *Dinges v. Sacred Heart St. Mary's Hosps., Inc.*, 164 F.3d 1056, 1057 (7th Cir. 1999) ("Can [on-call] time be devoted to the ordinary activities of private life? If so, it is not 'work.'"); *Berry v. County of Sonoma*, 30 F.3d 1174, 1180 (9th Cir. 1994) (finding on call time non-compensable where coroners were only required to respond to calls by telephone or two-way within a certain number of minutes, were permitted to leave the employer's premises while on call, only received on average one call per 4-hour on-call shift, and could easily trade on-call shifts).

Dated: New York, New York
      October 14, 2011

Respectfully submitted,

By: /s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

Leslie A. Dent (PHV 03877)
John F. Wymer, III (PHV 03876)
Erika L. Leonard (PHV 03875)
Paul Hastings LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, Georgia 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
lesliedent@paulhastings.com
johnwymer@paulhastings.com
erikaleonard@paulhastings.com

Counsel for Defendant
SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHARON L. PERKINS, et al.,**<br><br>**Individually and on Behalf of Others Similarly Situated,**<br><br>**PLAINTIFFS,**<br><br>v.<br><br>**SOUTHERN NEW ENGLAND TELEPHONE COMPANY,**<br><br>**DEFENDANT.** | CIVIL ACTION NO. 3:07CV967 (JCH)<br><br><br>October 14, 2011 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2011, a copy of foregoing Defendant's Response in Opposition to Plaintiffs' Suggested Language for Changes and Additions to the Court's October 7, 2011 Draft Jury Instructions and to Plaintiffs' Proposed Verdict Form was filed electronically and served by U.S. mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Patrick W. Shea
Patrick W. Shea (CT07071)
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
patrickshea@paulhastings.com

*Attorney for Defendant SNET*